JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
    Felice B. Ekelman (FE 5692)
    Samantha Abeysekera (SA 8198)
ATTORNEYS FOR DEFENDANT
GETRONICS WANG LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

            Plaintiffs,

    -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

           Defendants.

-------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**<u>ANSWER AND AFFIRMATIVE
DEFENSES ON BEHALF OF ALL
DEFENDANTS</u>**

       Defendants GetronicsWang Co. LLC, Getronics USA Inc. and Getronics Flexible Solutions LLC, sued herein as Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions LLC ("Defendants"), by and through their attorneys Jackson Lewis LLP, for their Answer to the First Amended Class Action Complaint (the "Complaint") respectfully alleges as follows:

<u>AS TO AND FOR "PRELIMINARY STATEMENT"</u>

    1.    Defendants deny each and every allegation contained in Paragraph "1" of the Complaint, except avers that its business includes providing technical support services to

other businesses under contracts with such businesses.

2. Defendants deny each and every allegation contained in Paragraph "2" of the Complaint.

3. Defendants deny each and every allegation contained in Paragraph "3" of the Complaint.

4. Defendants deny each and every allegation contained in Paragraph "4" of the Complaint.

5. Defendants deny each and every allegation contained in Paragraph "5" of the Complaint.

6. Defendants deny each and every allegation contained in Paragraph "6" of the Complaint.

## AS TO AND FOR "NATURE OF THE ACTION"

7. Defendants deny each and every allegation contained in Paragraph "7" of the Complaint, except admit that Plaintiffs purport to seek unpaid wages, injunctive and declaratory relief, attorneys' fees, and costs, which claims Defendants deny, as set forth herein.

8. Defendants deny each and every allegation contained in Paragraph "8" of the Complaint, except admit that Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

9. Defendants deny each and every allegation contained in Paragraph "9" of the Complaint, except admit that Plaintiff Hughes purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the New York Labor Law, Article 19, §§ 650 et seq., and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## AS TO AND FOR "JURISDICTION AND VENUE"

10. The allegations contained in Paragraph "10" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth in this Paragraph.

11. The allegations contained in Paragraph "11" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth in this Paragraph.

12. The allegations contained in Paragraph "12" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth in this Paragraph.

<b><u>AS TO AND FOR "THE PARTIES"</u></b>

**<u>The Plaintiffs</u>**

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants admit the allegations contained in Paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants admit the allegations contained in Paragraph "16" of the Complaint.

**The Defendant**

17. Defendants deny the allegations contained in Paragraph "17" of the Complaint, except admit that Defendant GetronicsWang Co. LLC at one time conducted business within New York City and County.

18. Defendants admit the allegations contained in Paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in Paragraph "19" of the Complaint except admit that Defendant Getronics Flexible Solutions LLC conducts business within New York City and County.

20. Defendants deny each and every allegation contained in Paragraph "20" of the Complaint.

21. Defendants deny each and every allegation contained in Paragraph "21" of the Complaint.

22. Defendants deny each and every allegation contained in Paragraph "22" of the Complaint.

23. Defendants admit the allegations contained in Paragraph "23" of the Complaint.

**AS TO AND FOR "CLASS AND COLLECTIVE ALLEGATIONS"**

24. Defendants deny each and every allegation contained in Paragraph "24" of the Complaint, except admit that Plaintiffs purport to bring claims on behalf of themselves and similarly-situated persons within the past three years as set forth in this Paragraph.

4

25. Defendants deny each and every allegation contained in Paragraph "25" of the Complaint.

26. Defendants deny each and every allegation contained in Paragraph "26" of the Complaint, except admit that Plaintiff Hughes purports to bring claims on behalf of himself and other similarly situated "computer user support" employees from November 13, 2001 onwards as set forth in this Paragraph.

27. Defendants deny each and every allegation contained in Paragraph "27" of the Complaint.

28. Defendants deny each and every allegation contained in Paragraph "28" of the Complaint.

29. Defendants deny each and every allegation contained in Paragraph "29" of the Complaint.

    (a) Defendants deny each and every allegation contained in Paragraph "29(a)" of the Complaint.

    (b) Defendants deny each and every allegation contained in Paragraph "29(b)" of the Complaint.

    (c) Defendants deny each and every allegation contained in Paragraph "29(c)" of the Complaint.

    (d) Defendants deny each and every allegation contained in Paragraph "29(d)" of the Complaint.

    (e) Defendants deny each and every allegation contained in Paragraph "29(e)" of the Complaint.

    (f) Defendants deny each and every allegation contained in Paragraph

"29(f)" of the Complaint.

30. Defendants deny each and every allegation contained in Paragraph "30" of the Complaint.

31. Defendants deny each and every allegation contained in Paragraph "31" of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "32" of the Complaint.

33. Defendants deny each and every allegation contained in Paragraph "33" of the Complaint.

## AS TO AND FOR "CLASSWIDE FACTUAL ALLEGATIONS"

34. Defendants deny each and every allegation contained in Paragraph "34" of the Complaint.

35. Defendants deny each and every allegation contained in Paragraph "35" of the Complaint.

36. Defendants deny each and every allegation contained in Paragraph "36" of the Complaint.

37. Defendants deny each and every allegation contained in Paragraph "37" of the Complaint.

   (a) Defendants deny each and every allegation contained in Paragraph "37(a)" of the Complaint.

   (b) Defendants deny each and every allegation contained in Paragraph "37(b)" of the Complaint.

   (c) Defendants deny each and every allegation contained in Paragraph

"37(c)" of the Complaint.

    (d) Defendants deny each and every allegation contained in Paragraph "37(d)" of the Complaint.

  38. Defendants deny each and every allegation contained in Paragraph "38" of the Complaint.

  39. Defendants deny each and every allegation contained in Paragraph "39" of the Complaint.

## AS TO AND FOR "PLAINTIFFS' FACTUAL ALLEGATIONS"

### Background, Duties, and Compensation

**Plaintiff Hughes:**

  40. Defendants deny each and every allegation contained in Paragraph "40" of the Complaint, except aver that Plaintiff Hughes was individually classified as exempt under the FLSA, and admit that Plaintiff Hughes was hired by Defendant GetronicsWang Co. LLC in approximately January 2006.

  41. Defendants admit the allegations contained in Paragraph "41" of the Complaint.

  42. Defendants deny each and every allegation contained in Paragraph "42" of the Complaint, except aver that Plaintiff Hughes worked on location at a business with which one or more named Defendants maintained a contract.

  43. Defendants deny each and every allegation contained in Paragraph "43" of the Complaint.

  44. Defendants deny each and every allegation contained in Paragraph "44" of the Complaint.

45. Defendants deny each and every allegation contained in Paragraph "45" of the Complaint.

46. Defendants deny each and every allegation contained in Paragraph "46" of the Complaint.

47. Defendants deny each and every allegation contained in Paragraph "47" of the Complaint.

**Plaintiff Kilger:**

48. Defendants deny each and every allegation contained in Paragraph "48" of the Complaint, except aver that Defendant GetronicsWang Co. LLC hired Plaintiff Kilger in January 2002.

49. Defendants deny each and every allegation contained in Paragraph "49" of the Complaint, except aver that Plaintiff Kilger worked for Defendants GetronicsWang Co. LLC and Getronics USA Inc. from approximately January 2002 through approximately June 2007.

50. Defendants deny each and every allegation contained in Paragraph "50" of the Complaint, except aver that Plaintiff Kilger worked at Defendants' offices.

51. Defendants deny each and every allegation contained in Paragraph "51" of the Complaint.

52. Defendants deny each and every allegation contained in Paragraph "52" of the Complaint.

53. Defendants deny each and every allegation contained in Paragraph "53" of the Complaint.

54. Defendants deny each and every allegation contained in Paragraph "54" of the Complaint.

55. Defendants deny each and every allegation contained in Paragraph "55" of the Complaint.

**Getronics Failed to Keep Accurate Records**

56. Defendants deny each and every allegation contained in Paragraph "56" of the Complaint.

**Plaintiffs Were Not Paid Proper Overtime Wages**

57. Defendants deny each and every allegation contained in Paragraph "57" of the Complaint.

**Getronics's Violation of the Overtime Laws Was Willful**

58. Defendants deny each and every allegation contained in Paragraph "58" of the Complaint, except aver that Defendants were and are aware of and have and do comply with state and federal wage and hour laws, and respectfully refer the Court to the public docket with respect to any lawsuits filed against Defendants.

59. Defendants deny each and every allegation contained in Paragraph "45" of the Complaint and each and every subparagraph thereof.

60. Defendants deny each and every allegation contained in Paragraph "60" of the Complaint.

61. Defendants deny each and every allegation contained in Paragraph "61" of the Complaint.

62. Defendants deny each and every allegation contained in Paragraph "62" of the Complaint.

**AS AND FOR "FIRST CAUSE OF ACTION"**
(Fair Labor Standards Act)
(Brought on behalf of Plaintiffs and all FLSA Class Members)

63.  Defendants repeat and incorporate by reference all denials and other responses to the allegations contained in Paragraphs "1" thought "62" of the Complaint as if fully set forth at length herein.

64.  Defendants deny each and every allegation contained in Paragraph "64" of the Complaint.

65.  The allegations contained in Paragraph "65" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph "65" of the Complaint.

66.  The allegations contained in Paragraph "66" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph "66" of the Complaint.

67.  The allegations contained in Paragraph "67" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph "67" of the Complaint.

68.  The allegations contained in Paragraph "68" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph "68" of the Complaint.

69.  Defendants deny each and every allegation contained in Paragraph "69" of

the Complaint.

70. Defendants deny each and every allegation contained in Paragraph "70" of the Complaint.

71. Defendants deny each and every allegation contained in Paragraph "71" of the Complaint.

72. Defendants deny each and every allegation contained in Paragraph "72" of the Complaint.

73. Defendants deny each and every allegation contained in Paragraph "73" of the Complaint.

### AS AND FOR "SECOND CAUSE OF ACTION"
(New York Labor Law: Unpaid Overtime Wages)
(Brought on behalf of Plaintiff Hughes and all Rule 23 Class Members)

74. Defendants repeat and incorporate by reference all denials and other responses to the allegations contained in Paragraphs "1" thought "73" of the Complaint as if fully set forth at length herein.

75. The allegations contained in Paragraph "75" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph "75" of the Complaint.

76. The allegations contained in Paragraph "76" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph "76" of the Complaint.

77. Defendants deny each and every allegation contained in Paragraph "77" of

11

the Complaint.

78.  Defendants deny each and every allegation contained in Paragraph "78" of the Complaint.

79.  Defendants deny each and every allegation contained in Paragraph "79" of the Complaint.

### AS TO AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have:

### AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons whom he purports to represent.

### AS TO AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

### AS TO AND FOR A THIRD AFFIRMATIVE DEFENSE

This case may not be maintained as a collective action because the named Plaintiffs are not similarly situated to or otherwise adequate representatives for the persons whom they purport to represent.

### AS TO AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

### AS TO AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

### AS TO AND FOR A SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith, with reasonable grounds for believing that Plaintiffs were exempt from the overtime requirements of the FLSA, and did not violate any rights which may be secured to Plaintiffs or to employees who are similarly situated under the Fair Labor Standards Act ("FLSA") or under law, rule or regulation and, inter alia, are not liable for liquidated damages.

### AS TO AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, because they and any unnamed putative class members are exempt from the overtime obligations of the FLSA and New York law under one or more exemptions, or combination of exemptions, including but not limited to the administrative exemption, executive exemption, professional exemption, and computer professional exemption.

### AS TO AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands based upon Plaintiffs' violations of Defendants' timekeeping and recordkeeping policies, including falsification of time records.

### AS TO AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

### AS TO AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and the FLSA.

### AS TO AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory or other prerequisites to proceed collectively under the FLSA.

### AS TO AND FOR A TWELFTH AFFIRMATIVE DEFENSE

This case is not appropriate for collective action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

### AS TO AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

### AS TO AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish and maintain a collective action because a problem of manageability would be created by reason of the complexity or proliferation of issues in the case, as well, *inter alia*, as the diversity of geographic dispersion of the putative collective action participants and their individual acts or omissions.

### AS TO AND FOR A FIFEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to mitigate their damages or otherwise avoid harm.

### AS TO AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

### AS TO AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

14

Plaintiffs' claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

### AS TO AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

### AS TO AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Any alleged failure to pay overtime wages, which Defendants deny were due inasmuch as Plaintiffs and the putative collective and class action members were exempt, does not constitute a willful violation of the FLSA or other law.

### AS TO AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

### AS TO AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiffs are entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by Plaintiffs must be excluded from compensable hours of work.

### AS TO AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

### AS TO AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendants retain the right to amend their

Answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants pray that the Court enter a judgment:

1. dismissing the Complaint with prejudice;

2. granting Defendants their costs, including attorneys' fees, incurred in this action; and

3. granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

59 Maiden Lane
New York, New York  10038-4502
(212) 545-4000

Dated: New York, New York
March 18, 2008

By: _____
Felice B. Ekelman (FE 5692)
Samantha Abeysekera (SA 8198)

ATTORNEYS FOR DEFENDANT
GETRONICS WANG LLC

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, a true and correct copy of Defendant's Answer and Affirmative Defenses was served on Plaintiffs Kevin Hughes and Crystie Kilger by placing said document in a properly addressed postage-prepaid envelope and causing it to be mailed to Plaintiffs' counsel of record, Justin M. Swartz, Esq., at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, and Richard J. (Rex) Burch, Esq., at Bruckner Burch PLLC, 1415 Louisiana, Suite 2125, Houston, Texas 77002.

_____
Samantha Abeysekera, Esq.