UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

                Defendants.

-------------------------------------------------------x

**NOTICE OF MOTION FOR
DETERMINATION THAT
THIS ACTION IS NOT
APPROPRIATE FOR
CERTIFICATION AS A
CLASS OR COLLECTIVE
ACTION**

Civil Action No.:07 CV 10356

Kaplan, J.

Katz, M.J.

TO:    JUSTIN M. SWARTZ, ESQ.
        OUTTEN & GOLDEN
        *ATTORNEYS FOR PLAINTIFFS*
        3 Park Avenue, 29th Floor
        New York, New York 10016

        RICHARD J. (REX) BURCH, ESQ.,
        BRUCKNER BURCH PLLC
        *ATTORNEYS FOR PLAINTIFFS*
        1415 Louisiana, Suite 2125
        Houston, Texas 77002

        PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in

Support of Defendant's Motion to Dismiss, and the accompanying Affirmation of Felice B.

Ekelman and Exhibits thereto, Defendants will move this Court at such date as the Court deems

proper, before the Honorable Lewis A. Kaplan, Southern District Court, United States

Courthouse, 500 Pearl Street, New York, New York 10007 for an order determing that this case

is not suitable for class or collective action certification, dismissing the class and collective

action allegations contained in the Complaint, and for such other and further relief as this Court

may deem just and proper.

Dated: New York, New York
        April 28, 2008

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
59 Maiden Lane
New York, New York 10038
(212) 545-4000

By: _____

FELICE B. EKELMAN (FE-5692)
DAVID S. GREENHAUS (DG-0466)

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, Defendant's **NOTICE OF MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

JUSTIN M. SWARTZ, ESQ.
OUTTEN & GOLDEN
*ATTORNEYS FOR PLAINTIFFS*
3 Park Avenue, 29th Floor
New York, New York 10016

RICHARD J. (REX) BURCH, ESQ.,
BRUCKNER BURCH PLLC
*ATTORNEYS FOR PLAINTIFFS*
1415 Louisiana, Suite 2125
Houston, Texas 77002

_____
DAVID S. GREENHAUS (DG-0466)

I:\Clients\S\31792_ACB\Prophete\Pleadings\Defendant's Notice of Motion to Dismiss-7-01-05.doc

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
      Felice B. Ekelman (FE 5692)
      David S. Greenhaus (DG 0466)
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

           Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

           Defendants.

-------------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**AFFIRMATION OF FELICE B.
EKELMAN**

FELICE B. EKELMAN, an attorney duly admitted to practice before this Court, declares pursuant to 28 U.S.C. § 1746 that:

      1.      I am a member of the law firm Jackson Lewis LLP, counsel for Defendants Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC (together the "Defendant").

      2.      The following statements are true based upon my own knowledge, review of pertinent documents, and information and belief.

3.    Attached as <u>Exhibit A</u> is Plaintiffs' Amended Complaint, filed on  or about February 28, 2008.

4.    Attached as <u>Exhibit B</u> is the Affidavit of Stephanie Fields submitted in conjunction with Defendant's Motion for Determination that this case is not appropriate for class or collective action certification.

5.    Attached as <u>Exhibit C</u> is the Affidavit of Rick Kremer submitted in conjunction with Defendant's Motion for Determination that this case is not appropriate for class or collective action certification.

6.    Attached as <u>Exhibit D</u> is the opt-in form filed in this lawsuit by former Getronics employee Terrence McDonald on or about March 26, 2008.

FELICE EKELMAN

Dated: April 28, 2008
       New York, New York

2

# EXHIBIT A

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burch (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

KEVIN HUGHES and CRYSTIE KILGER on behalf
of themselves  and all others similarly situated,

       Plaintiffs,

   -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC,

       Defendants.

**CASE NO. 07-CV-10356 (LAK)**

**FIRST AMENDED
CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

  Plaintiffs Kevin Hughes (Hughes) and Crystie Kilger (Kilger) (collectively, "Plaintiffs"),

individually and on behalf of all others similarly situated as class representatives, by their

attorneys Bruckner Burch PLLC and Outten & Golden LLP, allege, upon personal knowledge

and upon information and belief as to other matters, as follows:

1

## PRELIMINARY STATEMENT

1.    Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC (collectively, "Getronics" or "Defendant") is an Information and Communication Technology (ICT) company which designs, integrates and manages ICT systems for companies across New York and around the world. Upon information and belief, Defendant employs thousands of workers in New York alone.

2.    Upon information and belief, it has been Getronics's policy to deprive its employees in "computer user support positions," such as Plaintiffs, of wages to which they are entitled under the law. Getronics's unlawful conduct includes, but is not limited to, requiring its workers, including Plaintiffs, to work extensive overtime without paying them at overtime wages.

3.    Upon information and belief, in an attempt to avoid paying some of its workers their earned wages, Getronics has given some of its computer user support positions job titles to create the impression that these employees are exempt from overtime pay requirements under state and federal law. Hughes and Kilger were victims of this unlawful conduct.

4.    Getronics scheduled Hughes and Kilger to work more than forty hours per week.

5.    Throughout their employment at Getronics, Hughes and Kilger worked overtime but were not paid proper overtime wages of time and a half for the hours they worked in excess of 40 hours per week.

6.    By the conduct described in this Complaint, Getronics willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

## NATURE OF THE ACTION

7.     This action is brought to recover unpaid wages owed to Hughes, Kilger, and all other similarly situated current and former employees of Defendant as well as for injunctive and declaratory relief against Defendant's unlawful actions, and attorneys' fees and costs.

8.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically the FLSA's collective action provision (29 U.S.C. § 216(b)), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant, that have deprived Plaintiffs and others similarly situated of their lawful overtime wages.

9.     Hughes also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, pursuant to the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as well as original jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 and Hughes and/or Kilger is a citizen of a state different from the states in which Defendants are incorporated and/or have their principal places of business.  In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3

11.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

### The Plaintiffs

13.    Hughes is an adult individual who is a resident of Rockaway Beach, New York.

14.    Hughes was an employee of the Defendant in New York State from approximately January 2006 through approximately June 2007.

15.    Kilger is an adult individual who is a resident of Houston, Texas.

16.    Kilger was an employee of Getronics in Texas from approximately January 2002 through approximately June 2007.

### The Defendants

17.    Upon information and belief, Getronics Wang LLC is an inactive limited liability company, incorporated in Delaware, which did business within the City and County of New York.

18.    Getronics USA, Inc. is a Delaware corporation which does business within the City and County of New York.

19.    Getronics Flexible Solutions, LLC is a foreign limited liability company, incorporated in Delaware, which does business within the City and County of New York.

20.    Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC at all relevant times, upon information and belief, jointly employed Plaintiffs.

4

21.     Upon information and belief, Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC were part of a single integrated enterprise that employed Plaintiffs.

22.     Getronics maintains corporate headquarters within the City and County of New York at 440 Ninth Avenue, New York, NY 10001.

23.     Upon information and belief, Getronics maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

### CLASS AND COLLECTIVE ALLEGATIONS

24.     Hughes and Kilger bring FLSA claims for themselves and on behalf of all similarly situated persons who work or have worked for Getronics in computer user support positions within the past three years who elect to opt in to this action (the "FLSA Collective").

25.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

26.     Plaintiff Hughes also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Getronics in computer user support positions between November 13, 2001 and the date of judgment in this action (the "Rule 23 Class").

27.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant.

28.     Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

29.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether Defendant has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(b)     what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

(c)     whether Defendant has failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(d)     the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(e)     whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the New York Labor Law; and

6

(f)    whether Defendant's policy of misclassifying workers was done willfully or with reckless disregard of the statute.

30.    Hughes' claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendant and have not been paid overtime wages for the hours they have worked in excess of 40 hours per week. Defendant has acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

31.    Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

32.    Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

33.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## CLASSWIDE FACTUAL ALLEGATIONS

34.     All of the work that Plaintiffs and the members of the FLSA Collective and the Rule 23 Class (collectively "Class Members") have performed has been assigned by the Defendant and/or the Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

35.     Upon information and belief, it has been Defendant's policy and pattern or practice to classify computer user support positions as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law, without reference to the types of duties these workers performed.

36.     Upon information and belief, Defendant has not trained Plaintiff and the Class Members, or their supervisors, on the differences between exempt and non-exempt work.

37.     As part of its regular business practice, the Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law.  This policy and pattern or practice includes but is not limited to:

(a)     willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of the Defendant;

(b)     willfully failing to keep payroll records as required by the FLSA and New York Labor Law;

(c)     willfully misclassifying Hughes, Kilger and the Class Members as exempt from the requirements of the FLSA; and

(d)     willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

8

38.    Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the New York Labor Law.

39.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Background, Duties, and Compensation

**Plaintiff Hughes:**

40.    Hughes was hired by Getronics in approximately January 2006. When he was hired, Hughes was told by Getronics that he would be considered exempt.

41.    Hughes worked for Getronics from approximately January 2006 through approximately June 2007.

42.    At all times relevant to this action, Hughes worked in one of Getronics's office. Hughes was scheduled and/or expected to work more than 40 hours a week.

43.    Hughes's primary duties included, but were not limited to, responding to customers questions regarding their computer equipment.

44.    Hughes did not hire, fire, schedule, or discipline the other employees who worked along side him.

45.    His hourly rate of pay was not substantially greater than the coworkers with whom he worked.

46.    Hughes did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

47.    Hughes's primary duties were primarily mechanical in nature.

**Plaintiff Kilger:**

48.    Kilger was hired by Getronics in approximately January 2002.

49.    Kilger worked for Getronics from approximately January 2002 through approximately June 2007.

50.    At all times relevant to this action, Kilger worked in one of Getronics's office. Kilger was scheduled and/or expected to work more than 40 hours a week.

51.    Kilger's primary duties included, but were not limited to, responding to customers questions regarding their computer equipment.

52.    Kilger did not hire, fire, schedule, or discipline the other employees who worked along side her.

53.    Kilger's hourly rate of pay was not substantially greater than the coworkers with whom she worked.

54.    Kilger did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties.

55.    Kilger's primary duties were mechanical in nature.

**Getronics Failed to Keep Accurate Records**

56.    Upon information and belief, consistent with its policy and pattern or practice, Getronics did not keep accurate records as required by the FLSA and New York Labor Law.

**Plaintiffs Were Not Paid Proper Overtime Wages**

57.    Consistent with Getronics's policy and pattern or practice, Plaintiffs regularly worked in excess of 40 hours per week without being paid overtime wages.

### Getronics's Violations of the Overtime Laws Were Willful

58.    Upon information and belief, Getronics was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.  Getronics has been investigated by the United States Department of Labor and/or sued for violations of the FLSA, and was therefore aware of the existence of the FLSA and its overtime requirements.

59.    Upon information and belief, Getronics was aware, or should have been, that Plaintiffs, *inter alia*: (a) primarily or solely performed non-exempt duties; (b) performed little or no supervisory functions; (c) did not have the right to hire or fire employees; (d) performed production, as opposed to administrative, work; and (e) wielded little or no discretion or judgment.

60.    Upon information and belief, Getronics was or should have been aware that Plaintiffs and the putative Class were not "executives" exempt from overtime protections.

61.    Upon information and belief, Getronics was aware, or should have been, that Plaintiffs and the putative Class were not "administrators" exempt from overtime protections.

62.    Getronics's failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week was willful.

### FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiffs and all FLSA Class Members)

63.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64.    Getronics has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

11

65.   At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.   The overtime wage provision set forth in § 207 of the FLSA applies to Getronics

67.   Getronics is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.   At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69.   Getronics failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

70.   Getronics's violations of the FLSA, as described in this Complaint have been willful and intentional.  Getronics has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

71.   Because Getronics's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72.   As a result of Getronics's willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages.

73.   As a result of the unlawful acts of Getronics, Plaintiffs and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff Hughes and all Rule 23 Class Members)

74.     Plaintiff Hughes re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75.     At times relevant to this action, Plaintiff Hughes was an employee and Getronics has been an employer within the meaning of the New York Labor Law.

76.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Getronics.

77.     Getronics failed to pay Plaintiff Hughes and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

78.     By Getronics's failure to pay Plaintiff Hughes and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

79.     Due to Getronics's violations of the New York Labor Law, Plaintiff Hughes and the Rule 23 Class Members are entitled to recover from Getronics their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. (Plaintiff Hughes does not seek liquidated damages under the New York Labor Law for himself or on behalf of the Rule 23 Class Members)

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Hughes and Kilger, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Getronics in a computer user support position. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.    Designation of Plaintiff Hughes as representative of the Rule 23 Class, and counsel of record as Class Counsel;

F.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

G.    Unpaid overtime pay pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations (Plaintiff Hughes does not seek liquidated damages under the New York Labor Law for himself or on behalf of the Rule 23 class);

H.    Pre-judgment interest;

14

I.    An injunction requiring Defendant to pay all statutorily-required wages pursuant to the New York Labor Law;

J.    Attorneys' fees and costs of the action; and

K.    Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: February 26, 2008.

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: _____
    Justin M. Swartz (JS 7989)

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burke (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

**Attorneys for Plaintiff and the Putative Classes**

15

# EXHIBIT B

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
     Felice B. Ekelman (FE 5692)
     David S. Greenhaus (DG 0466)
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

          Plaintiffs,

      -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

          Defendants.

-----------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**AFFIDAVIT OF STEPHANIE FIELDS IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION**

STEPHANIE FIELDS, hereby affirms under penalty of perjury that the following statements are true:

      1.    I am employed by Defendant Getronics USA, Inc. (collectively with Defendants Getronics WANG LLC and Getronics Flexible Solutions LLC "Getronics").

      2.    I make this Affidavit of my own personal knowledge or upon review of records or other documents, and if called upon as a witness, I would competently testify thereto.

      3.    My current title is Human Resources Consultant. I have held this position for over fifteen years. In that capacity I have knowledge of Getronics' job titles, job descriptions

and the general duties of Getronics employees.

      4.     Getronics is an information technology company. Our web site describes Getronics as a "leading international networked technology services and solutions company" providing "information and communication technology services for today's network-centric business environments."

      5.     Getronics helps its clients develop, maintain and improve their information technology and computer capabilities.

      6.     Numerous job titles and positions within the Getronics organization are in some way related to the use of information technology and computers.

      7.     It is impossible to identify with particularity which jobs constitute "computer user support" jobs within the Getronics organization.

**Kevin Hughes**

      8.     Kevin Hughes was employed by Getronics USA, Inc. within New York State from approximately January 2006 through June 2007.

      9.     As a Getronics employee during that time period, Mr. Hughes was assigned to work at a Deutsche Bank facility in New York City. Deutsche Bank retains Getronics to provide onsite information technology support.

      10.     Mr. Hughes was employed as a Technical Support Specialist ("TSS") II. In that capacity he served as a Team Lead in the "Build Lab", a segment of the Getronics/Deutsche Bank team responsible for building and maintaining computers and other hardware.

11.    Mr. Hughes' responsibilities were substantively different from those of other TSS II's both within the Build Lab and at Deutsche Bank, as well as at other Getronics sites.

12.    Getronics provides Build Lab services at some but not all of its customer locations. Some of those Build Labs are overseen by a Team Lead, others are not.

**Crystie Kilger**

13.    Crystie Kilger was employed by Getronics at a Getronics facility located in Houston, Texas from approximately January 2002 through June 2007.

14.    As a Getronics employee during that time period, Ms. Kilger was assigned to a Cisco team. Cisco retains Getronics to provide information technology support.

15.    Ms. Kilger was assigned to the hardware technical support team, one of many separate teams working on the Cisco account. Each Cisco team has a distinct technical function.

16.    Ms. Kilger's job title was Network Analyst ("NA") I. She, like Mr. Hughes, was a Team Lead. Her job duties, however, were substantively different from Mr. Hughes.

17.    As a Team Lead, she oversaw a group of other NA I's who were responsible for interacting with Cisco's customers about their hardware problems.

**Terrence McDonald**

18.    Terrence McDonald was employed by Getronics in California as a Field Service Representative until December 2006. He was classified by Getronics as non-exempt for purposes of the Fair Labor Standards Act and received overtime compensation accordingly.

3

### Getronics Recordkeeping Practices

19. Contrary to the allegations contained in the Complaint in this matter, Getronics records the hours worked by its employees and wages paid to its employees, and retains records regarding time worked and payroll.

_____
STEPHANIE FIELDS

Dated: April 25, 2008
New York, New York

\\Nyis01\nylib\Abeysekera5\Getronics Wang\Pleadings\HR Affidavit2.doc

GRADY SMALL
Notary-Public-Bronx-County
STATE OF NEW YORK
01SM6006-9866
ission-Expires-2-11-20 10

4

# EXHIBIT C

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
     Felice B. Ekelman (FE 5692)
     David S. Greenhaus (DG 0466)
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

               Plaintiffs,

          -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

             Defendants.

------------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**AFFIDAVIT OF RICK KREMER
IN SUPPORT OF DEFENDANTS'
MOTION FOR DETERMINATION
THAT THIS ACTION IS NOT
APPROPRIATE FOR
CERTIFICATION AS A CLASS
OR COLLECTIVE ACTION**

RICHARD H. KREMER, JR., hereby affirms under penalty of perjury that the following statements are true:

        1.     I am employed by Defendant Getronics USA, Inc. (collectively with Defendants Getronics WANG LLC and Getronics Flexible Solutions LLC "Getronics").

        2.     I make this Affidavit of my own personal knowledge or upon review of records or other documents, and if called upon as a witness, I would competently testify thereto.

3.     I have been employed by Getronics since 1997.   My current title is Operations Manager II.   In that capacity, I oversee the work of fifteen Getronics employees assigned to Deutsche Bank in New York City.

4.     I have been assigned to the Getronics team at the Deutsche Bank New York City facility since its inception in 2005, and I am familiar with all aspects of Getronics' work for Deutsche Bank at the facility.

**Kevin Hughes Duties At Getronics' Deutsche Bank Facility**

5.     I was one of the Managers who made the decision to assign Kevin Hughes to the "Build Lab" operated by Getronics as part of its Deutsche Bank onsite operation.

6.     As far as I know, not every Getronics customer location has a Build Lab, and not every one of the Build Labs that do exist is located onsite at the customer.   Build Labs vary greatly in size and technical nature based on the specific needs and requests of the Getronics customer.

7.     Mr. Hughes' responsibilities were very different from those of other TSS II's both within the Build Lab and at Deutsche Bank, as well as at other Getronics sites.

8.     Mr. Hughes was responsible for overseeing the Build Lab at Deutsche Bank.

9.     Among other duties, Mr. Hughes performed what is known as User Acceptance Testing (UAT).  He would receive software updates from Deutsche Bank engineers in the United Kingdom and test their functionality within the United States.  This task required knowledge of operating systems and hardware.

2

10.    Mr. Hughes also identified other problems with the then-current Deutsche Bank software build and discussed troubleshooting solutions to those problems with the UK team.  For example, he identified connectivity issues with new wireless hardware.

11.    Mr. Hughes would discuss Getronics' UAT findings, as well as his other technical findings, with Deutsche Bank engineers in the United Kingdom, and discuss troubleshooting solutions with them.  Mr. Hughes was the only Getronics employee at Deutsche Bank who performed this function.

12.    No other TSS II at the Deutsche Bank location had these responsibilities.

13.    From time to time Mr. Hughes would answer technical computer questions referred to him by other Getronics employees, such as TSS I's, and on occasion directly interacted with client users from Deutsche Bank.  This practice is known as "escalation."

14.    All Getronics employees employed at Deutsche Bank perform computer user support functions for the customer, meaning Deutsche Bank.

15.    I myself perform work that could be considered computer user support, as does every Getronics employee at Deutsche Bank.

RICHARD H. KREMER, JR.

Dated: April 28, 2008
       New York, New York

JOHN F DONOHUE
Notary Public, State of New York
No. 01DO5059383
Qualified in Nassau County
Commission Expires April 22, 2010

3

# EXHIBIT D

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burch (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KEVIN HUGHES and CRYSTIE KILGER on behalf of
themselves and all others similarly situated,

                                        Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC,

                                        Defendant.

NO. 07-CV-10356 (LAK)

## NOTICE OF FILING OF CONSENTS TO BECOME
## PARTY PLAINTIFF FORMS ON BEHALF OF PLAINTIFFS

        The following plaintiffs are hereby joined to the instant action by their signed Consent to

be a Party Plaintiff form, true and correct copies of which are attached hereto as Exhibit A:

        1.   Terrence Roe McDonald

Dated: March 26, 2008
        New York, New York

Respectfully Submitted,


**OUTTEN & GOLDEN, LLP**


     /s/ Ossai Miazad
Ossai Miazad
3 Park Avenue, Floor 29
New York, NY 10016
PH: 212-245-1000
FAX: 212- 977-4005

**ATTORNEYS FOR PLAINTIFFS**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KEVIN HUGHES and CRYSTIE KILGER on behalf
of themselves and all others similarly situated,

                                    Plaintiffs,

-against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC,

                                    Defendant.

**CONSENT TO BE A PARTY PLAINTIFF**

**NO. 07-CV-10356 (LAK)**

I consent to be a party plaintiff in the above captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP and Bruckner Burch PLLC to represent me in the above-captioned law suit.

_Terrence R McDonald_
Signature

_Terrence Roe McDonald_
Full Legal Name (print)

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, the **AFFIRMATION OF FELICE B. EKELMAN IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION** and accompanying Exhibits were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

JUSTIN M. SWARTZ, ESQ.
OUTTEN & GOLDEN
*ATTORNEYS FOR PLAINTIFFS*
3 Park Avenue, 29th Floor
New York, New York 10016

RICHARD J. (REX) BURCH, ESQ.,
BRUCKNER BURCH PLLC
*ATTORNEYS FOR PLAINTIFFS*
1415 Louisiana, Suite 2125
Houston, Texas 77002

_____
DAVID S. GREENHAUS (DG-0466)

H:\AbeysekeraS\Getronics Wang\Pleadings\FE Declaration in Supp of MtD.doc

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

               Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

               Defendants.

------------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

<br>

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(C) AND 23(D) AND 29 U.S.C. § 216(B)</u>**

<br>

JACKSON LEWIS LLP
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Attorneys of Record:
    Felice B. Ekelman (FE 5692)
    David S. Greenhaus (DG 0466)

## Table of Contents

                                                                                    **Page**

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT .................................................................................... 1

FACTUAL AND PROCEDURAL HISTORY ............................................................... 3

ARGUMENT ................................................................................................................ 5

POINT I      PLAINTIFFS' COLLECTIVE AND CLASS ACTION
             ALLEGATIONS FAIL TO RISE ABOVE THE SPECULATIVE
             AND SHOULD BE DISMISSED .............................................................. 5

POINT II     THE COURT SHOULD STRIKE PLAINTIFFS' RULE 23
             CLASS ACTION CLAIMS ....................................................................... 8

      A.     Plaintiffs Cannot Maintain A Class Action Seeking Injunctive
             Relief Under Rule 23(b)(2) Because They Are Not Current
             Employees And Because They Seek Monetary Relief............................ 9

             1.    Injunctive Relief Is Not Available To Plaintiffs Because
                   They Are No Longer Employed with Defendant ..................... 9

             2.    Even if the Court Finds Plaintiffs May Seek Injunctive
                   Relief Under Rule 23(b)(2), It Is Incidental To The
                   Monetary Damages Sought In The Amended Complaint ......... 10

      B.     Plaintiffs' Allegations Do Not Support A Rule 23(b)(3) Class
             Because Any Analysis Of Class-Wide Liability Will Require a
             Burdensome, Individualized Inquiry .................................................... 12

             1.    Questions of Law And Fact Common To The Class
                   Generally Do Not Predominate Over Questions Affecting
                   Plaintiffs Specifically ........................................................... 13

             2.    A Class Action Is Not Superior Because It Requires Absent
                   Class Members To Waive Their Statutory Rights .................... 15

POINT III    THE COURT SHOULD STRIKE PLAINTIFFS' STATE LAW
             RULE 23 ALLEGATIONS BECAUSE THEY CONFLICT WITH
             THE      CONGRESSIONALLY      MANDATED      OPT-IN
             PROCEDURE SET FORTH IN 216(B), AS WELL AS THE NEW
             YORK CIVIL PRACTICE LAW AND RULES ......................................... 16

**Page**

A.    The Rules Enabling Act Prohibits This Lawsuit From Being
Brought As Both A Class And Collective Action ................................................. 16

B.    Section 901(b) of The CPLR Prohibits This Action From Being
Brought As A Class And Collective Action ........................................................ 19

CONCLUSION ............................................................................................................................ 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

<u>Ansoumana v. Gristede's Operating Corp.</u>, 201 F.R.D. 81 (S.D.N.Y. 2001).................... 11

<u>Bakalar v. Vavra</u>, 237 F.R.D. 59 (S.D.N.Y. 2006) ........................................................... 14

<u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __ 127 S. Ct. 1955 (2007) ........................ 2, 6, 7

<u>Bolanos v. Norwegian Cruise Lines Limited</u>, 212 F.R.D. 144 (S.D.N.Y. 2002)............... 9

<u>Cannon v. Douglas Elliman, LLC</u>, No. 06 Civ. 7092(NRB), 2007 WL. 4358456
    (S.D.N.Y. Dec. 10, 2007) ............................................................................................ 6, 7

<u>Caruso v. Allstate Insurance Co.</u>, No. 06-2613, 2007 WL. 2265100 (E.D. La.
    Aug. 3, 2007)............................................................................................................. 8, 13

<u>Chao v. A-One Med. Servs., Inc.</u>, 346 F.3d 908 (9th Cir. 2003) ...................................... 18

<u>Copley v. Fla. Physicians Ins. Co.</u>, No. 8:07-cv-2100-T-30TGW, 2008 WL.
    544875 (M.D. Fl. Feb. 26, 2008) .................................................................................... 7

<u>Eisen v. Carlisle & Jacquelin</u>, 391 F.2d 555 (2d Cir. 1968), <i>vacated and
    remanded on other grounds</i>, 417 U.S. 156 (1974).................................................. 9, 11

<u>Foster v. Food Emporium</u>, No. 99 CIV 3860 CM, 2000 WL. 1737858 (S.D.N.Y.
    Apr. 26, 2000) ............................................................................................................... 18

<u>Gjurovich v. Emmanuel's Marketplace, Inc.</u>, 282 F. Supp. 2d 91 (S.D.N.Y. 2003)......... 17

<u>Glewwe v. Eastman Kodak Co.</u>, No. 05-CV-6462T, 2006 WL. 1455476
    (W.D.N.Y. May 25, 2006) .............................................................................................. 8

<u>Gonzalez v. City of New York</u>, 396 F. Supp. 2d 411 (S.D.N.Y. 2005)............................. 18

<u>Guess v. US Bancorp.</u>, 2008 WL. 544475 (N.D. Cal. 2008) ............................................. 6

<u>Harris v. Initial Security Inc.</u>, No. 05 Civ 3873(GBD), 2007 WL. 703868
    (S.D.N.Y. Mar. 7, 2007).................................................................................................. 9

<u>Himmelman v. Continental Casualty Co.</u>, Civ. No. 06-166(GEB), 2006 WL.
    2347873 (D.N.J. Aug. 11, 2006) .................................................................................. 19

<u>Irish Lesbian & Gay Org. v. Giuliani</u>, 143 F.3d 638 (2d Cir. 1998)................................. 6

Jackson v. City of San Antonio, 220 F.R.D. 55 (W.D. Tex. 2003)....................................19

Kline v. Sec. Guards, Inc., 196 F.R.D. 261 (E.D. Pa. 2000).................................14

Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975) .....................................17

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006)...........................................9

Legrand v. Education Management Corp, No. 03 Civ. 9798(HB)(HBP), 2004 WL 1962076, (S.D.N.Y. September 2, 2004) .....................................................18

Lewis v. National Financial Systems, Inc., No. 06-1308 (DRH)(ARL), 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007) ..............................................................12

Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002) ..............14

Moeck v. Gray Supply Corp., Civ. No. 03-1950 (WGB), 2006 WL. 42368 (D.N.J. Jan. 5, 2006) ...........................................................................16, 18, 19

In re MRBE Products Liability Litigation, 209 F.R.D. 323 (S.D.N.Y. 2002) ..................12

McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004)................................16

Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216 (D. Conn. 2003)............................14

Moore v. PaineWebber, Inc., 306 F.3d 1247 (2d Cir. 2002)...........................................13

Morel v. Giuliani, 927 F. Supp. 622 (S.D.N.Y. 1995)........................................................9

Myers v. The Hertz Corporation, No. 02 Civ. 4325(BMC)(MLO), 2007 WL 2126264......................................................................................................14, 15

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001)...............5

Robinson v. Metro-North Commuter Railroad, 267 F.3d 147 (2d Cir. 2001) .................10

Sheppard v. Beerman, 18 F.3d 147 (2d Cir. 1994) ...........................................................6

Spann v. AOL Time Warner, Inc., 219 F.R.D. 307 (S.D.N.Y. 2003)...............................13

Thompson v. Merck & Co, Inc., No. C.A. 01-1004, 2004 WL. 62710 (E.D. Pa. Jan. 6, 2004) .........................................................................................8, 18

Toure v. Central Parking Systems of New York, No. 05 Civ. 5237(WHP), 2007 WL. 2872455 (S.D.N.Y. Sept. 28, 2007) ..............................................................14

United States ex rel. Greenville Equip. Co. v. United States Cas. Co., 218 F. Supp. 653 (D. Del. 1962) ...................................................................... 16

Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222 (S.D.N.Y. 2003) ............. 11

Wal-Mart Stores, Inc. v. Visa USA, Inc., 280 F.3d 124 (2d Cir. 2001) ........................... 13

Wiegele v. Fedex Ground Package System, Inc., No. 06-CV-1330, 2008 WL. 410691 (S. D. Ca. Feb. 12,  2008) ........................................................................ 9

## STATE CASES

Asher v. Abbott Labs., 290 A.D.2d 208, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002) .......................................................................................................... 20

Cox v. Microsoft Corp., 290 A.D.2d 206, 737 N.Y.S.2d 1 (App. Div. 1st Dep't 2002) .......................................................................................................... 20

Rubin v. Nine West Group, Inc., No. 0763/99, 1999 WL. 1425364 (N.Y. Sup. Ct. Nov. 3, 1999) .................................................................................................. 20

Woods v. Champion Courier, N.Y.L.J., Oct. 9, 1998, at 1-2 (N.Y. Sup. Ct. Sept. 23, 1998) .......................................................................................................... 19

## FEDERAL STATUTES

28 U.S.C. § 1367 ................................................................................................................ 18

28 U.S.C. § 2072(b) ........................................................................................................... 16

29 U.S.C. § 216(b) ..................................................................................................... 1, 4, 6, 21

Fed. R. Civ. P. 8(a) ............................................................................................................. 6

Fed. R. Civ. P. 12(c) ...................................................................................................... 5, 21

Fed. R. Civ. P. 23 ................................................................................................ 4, 12, 16, 17

Fed. R. Civ. P. 23(a) ........................................................................................................... 9

Fed. R. Civ. P. 23(b)(2) ...................................................................................................... 9

Fed R. Civ. P. 23(b)(3) .................................................................................................. 12, 15

Fed. R. Civ. P. 23(d)(4) ................................................................................................... 8, 21

## PRELIMINARY STATEMENT

This lawsuit arises out of the former employment of Kevin Hughes ("Hughes") and Crystie Kilger ("Kilger") at Getronics USA, Inc. (together with Getronics Wang LLC and Getronics Flexible Solutions, LLC referred to as "Getronics" or "Defendant"). Getronics is an international information and communications technology service provider, assisting companies in workspace management, consulting and transformation services. At its core, Getronics helps its clients develop, maintain and improve their information technology and computer capabilities.

Hughes is a former Technical Support Specialist II ("TSS II") who worked for Getronics on-site at a Deutsche Bank facility located in New York City. Kilger is a former Network Analyst I ("NA I") who worked for Getronics at a Getronics facility in Houston, Texas, and whose job responsibilities were entirely different from Hughes. Plaintiffs argue that they are similarly situated (which they are not), and that Getronics misclassified them and other allegedly similarly situated employees as exempt (which it did not). As such, Plaintiffs assert that Getronics has violated the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "Labor Law").

Notably, Plaintiffs have filed this action as a purported class and collective action. They seek to litigate this matter on behalf of themselves and other purportedly similarly situated current and former employees of Getronics who: (1) elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b); and (2) are part of a class of similarly situated current and former New York-based employees, pursuant to Federal Rule of Civil Procedure 23, who are allegedly entitled to unpaid overtime wages under the Labor Law. This case, however, is not properly a class or a collective action and, accordingly, Getronics now moves for a determination to that

effect with respect to Plaintiffs' class and collective allegations. Plaintiffs, two former employees with vastly different jobs, seek to represent an amorphous class of employees in "computer user support" positions, a meaningless and speculative definition, insofar as Getronics' entire organization is devoted to many different levels of computer support.

Plaintiffs cannot maintain a collective or class action on behalf of allegedly similarly situated individuals because the Amended Complaint contains only vague, conclusory and speculative assertions regarding the purported collective nature of this action and the existence of a definable group of similarly situated employees. These transparent allegations do not meet the heightened pleadings standard necessary to survive a motion to dismiss, as set forth in the recent Supreme Court decision of <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __ 127 S.Ct. 1955 (2007), and should be stricken by the Court.

Additionally, Plaintiffs cannot maintain a class or collective action based on the Amended Complaint under Rule 23, because no definable class of employees could be certified thereupon. They cannot seek certification under Rule 23(b)(2) class because the Amended Complaint seeks primarily monetary relief, and thus the Court cannot adjudicate Plaintiffs' claims as a class action from which putative class members cannot opt out. Any assertion that Plaintiffs are seeking primarily injunctive relief, making a 23(b)(2) class appropriate, is belied by their status as <u>former</u> employees. As <u>former</u> employees, Plaintiffs cannot benefit from injunctive relief and therefore lack standing to seek injunctive relief.

Nor can Plaintiffs maintain a Rule 23(b)(3) class. It is by now well settled that common questions will not predominate over class issues for Rule 23(b)(3) purposes where, as here, liability cannot be established on a class-wide basis (due to the disparate nature of the job titles sought to be included in the putative class). The "mini-trials" that would result if this case

were to proceed as currently proposed render a 23(b)(3) class inappropriate for lack of predominance of common claims.

Accordingly, based on the foregoing, Getronics now moves this Court to dismiss or strike Plaintiffs' collective and class action allegations, and allow this case to move forward properly as the two plaintiff action that it is.

## FACTUAL AND PROCEDURAL HISTORY

Getronics employed Mr. Hughes in New York State from approximately January 2006 through June 2007 (Compl. ¶ 14).[1] During this time, Getronics employed Mr. Hughes as a TSS II at the Deutsche Bank facility located in New York City. (Affidavit of Stephanie Fields ("Fields Aff."), ¶¶ 8,9).[2] Getronics employed Ms. Kilger in Houston, Texas from approximately January 2002 through June 2007 (Compl. ¶ 15,16). At the time of her termination, Getronics employed Ms. Kilger as a Network Analyst I at the Getronics facility located in Houston. (Fields Aff., ¶¶ 13-16). Neither Plaintiff presently is employed with Getronics.

The two Plaintiffs performed vastly different duties for two distinct Getronics clients. (Fields Aff., ¶¶ 10-11, 16-17). Neither Plaintiff's job consisted of what Getronics considers or understands to be "computer user support" work, although the work of both, as with most Getronics employees, ultimately related to the Information Technology support Getronics provides for its clients. (Compl. ¶¶ 1, 43, 51; Fields Aff. ¶¶ 6-7, 10-11, 16-17). The other Getronics employees within the Deutsche Bank and Houston locations with the same job title as either Plaintiff performed vastly different types of work. (Fields Aff. ¶¶ 10-12, 15-17; Affidavit

---

[1] Citations are to the Amended Complaint in this matter, a copy of which is attached to the accompanying Affirmation of Felice B. Ekelman ("Ekelman Affirmation") as Exhibit A.
[2] The Fields Aff. is attached to the Ekelman Affirmation as Exhibit B.

of Rick Kremer ("Kremer Aff.") ¶¶ 7-11).[3]  Getronics employees of all levels at the two locations performed work related to computer user support in the broader sense.  (Fields Aff. ¶¶ 6-7; Kremer Aff. ¶¶ 14-15).

On or about November 15, 2007, Mr. Hughes filed an original Complaint, individually on behalf of himself and all others similarly situated, in this Court.[4]  On or about February 28, 2008, Mr. Hughes and Ms. Kilger filed and served the Amended Complaint, adding Ms. Kilger as a named party.

In their Amended Complaint, Plaintiffs ask this Court to certify this action as a class action pursuant to Fed. R. Civ. P. 23, and supervise the distribution of notice of the lawsuit to similarly situated current and former employees of Getronics pursuant to 29 U.S.C. § 216(b).  (Compl. ¶ 25).  The class of individuals sought to be represented by Plaintiffs is those current and former employees of Getronics in "computer user support positions".  (Compl. ¶ 26).  Getronics describes itself on its website as a "leading international networked technology services and solutions company: providing "information and communication technology services for today's network-centric business environments."  (Fields Aff. ¶ 4).  Getronics helps its clients develop, maintain and improve their information technology and computer capabilities.  (Fields Aff. ¶ 5).  As made clear in Getronics' "Company Overview" and as set forth in the attached Affidavits, the class Plaintiffs seek to represent is broad enough to encompass virtually all of Defendant's employees not only at the two locations where the Plaintiffs worked, but throughout the United States.[5]

---

[3] The Kremer Aff. is attached to the Ekelman Affirmation as <u>Exhibit C</u>.
[4] The original Complaint was not served until February 27, 2008, some 104 days later.
[5] For example on March 26, 2008, Terrence McDonald, a former Getronics employee in California, opted in to this action.  <u>See</u> Ekelman Affirmation at <u>Exhibit D</u>.  During his employment with Defendant Mr. McDonald was classified by Getronics as non-exempt and he received overtime compensation accordingly. (Fields Aff. ¶ 18).  Mr. McDonald is not even a proper member of the overbroad class proposed by Plaintiffs.  (Complaint ¶¶ 3, 35).

The class Plaintiffs purport to represent is improper for several reasons. First, it is vague and broad enough to encompass virtually all of Getronics' employees throughout the United States. For example, Mr. McDonald opted in to this litigation despite being classified as a non-exempt Field Service Representative. Fields Aff. ¶ 18. Second, the job duties performed by Plaintiffs are distinct and vary greatly as against each other. Plaintiff Hughes was a TSS II who performed hardware troubleshooting within a Build Lab for Getronics client Deutsche Bank; Plaintiff Kilger was a NA I employed at a Getronics facility who oversaw other NA I's in responding to service issues raised by customers of Getronics' client Cisco. (Fields Aff. ¶¶ 16-17; Kremer Aff. ¶¶ 9-12). Third, the job duties performed by Plaintiffs vary as extensively from those of fellow Getronics' employees. (Fields Aff. ¶¶ 11, 16; Kremer Aff. ¶¶ 7-12). Finally, the workplace settings and conditions of employment of the named Plaintiffs and other Getronics employees are unique based, *inter alia*, upon their location, the responsibilities of their team (and Business Unit) and the client contract to which they are assigned. For example, Plaintiff Kilger worked at a Getronics facility in Houston, Texas, while Plaintiff Hughes was employed by Getronics on site at the Deutsche Bank facility in New York City.

Therefore, based entirely on Plaintiffs' insufficient and speculative allegations, Defendant files this motion to strike Plaintiffs' class and collective allegations.

## ARGUMENT

## POINT I

### PLAINTIFFS' COLLECTIVE AND CLASS ACTION ALLEGATIONS FAIL TO RISE ABOVE THE SPECULATIVE AND SHOULD BE DISMISSED

Fed. R. Civ. P. 12(c) provides that: "after the pleadings are closed, but early enough not to delay trial, a party may move for a judgment on the pleadings." The standard for

evaluating a motion brought under Rule 12(c) is the same for evaluating a motion brought under Rule 12(b)(6).  See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001); Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638 (2d Cir. 1998); Sheppard v. Beerman, 18 F.3d 147 (2d Cir. 1994).  Fed. R. Civ. P. 8(a) requires that a Plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (emphasis added).  In Twombly, the Supreme Court recently held that in order for a Complaint filed under Rule 8 to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  127 S. Ct. at 1969.  Plaintiffs' Amended Complaint fails to meet this standard in that no plausible class meeting Plaintiffs' proposed definition, namely "computer user support" employees of IT provider Getronics who are similarly situated to Plaintiffs and each other, exists or could exist.[6]

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  The factual allegations of a complaint "must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (emphasis added).  In Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092(NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007), a recent FLSA case decided in this District, Judge Buchwald invoked the Twombly standard in dismissing the Plaintiffs' allegations of a joint employment relationship among

---

[6] Where Plaintiffs in FLSA cases seek to represent overbroad and inadequately defined classes of allegedly similarly situated employees, certification under 29 USC § 216(b) is not appropriate.  See e.g. Guess v. US Bancorp., 2008 WL 544475.  In Guess, the named plaintiff sought to represent a class of all allegedly misclassified employees who were engaged in the "business of originating and selling Financial Products" for the banking conglomerate Defendant.  Id. at *2.  His class definition included the term "Financial Services Representative", despite the fact that no such job title existed within Defendant's organization.  Id. at *2-3.  The court denied Plaintiff's motion based on the lack of evidence that other sales employees were similarly situated to Plaintiff.  Id. at *3-4.

multiple Defendants. Id. at *3-5 ("Despite having amended their complaint twice, plaintiffs have not pled sufficient facts to meet the economic realities test").  The Court pointed out that the Cannon complaint contained "only two facts that can possibly be used to infer that [Defendants] were joint employers" and apart from those facts alleged nothing "beyond reciting the elements of a joint employer arrangement".  Id. at *4-5; see also Copley v. Fla. Physicians Ins. Co., No. 8:07-cv-2100-T-30TGW, 2008 WL 544875 at *1-2 (M.D. Fl. Feb. 26, 2008)(citing Twombly and dismissing Plaintiff's claim of misclassification under the FLSA for failure to "plead sufficient facts demonstrating how or why she should not be classified as an administrative employee exempt from the FLSA").

Here, Plaintiffs' collective and class action allegations, contained principally in Paragraphs 34-39 of the Amended Complaint and incorporating Plaintiffs' untenable "computer user support" class definition, are exactly this type of vague recitation and the very epitome of "speculative".  As in Cannon, Plaintiffs here have "recited the elements" of a legal claim only, without any factual support.  Paragraph 34 simply identifies that Defendant assigned Plaintiffs work.  Paragraph 35 generically states that "upon information and belief" Defendant misclassified "computer user support positions" as exempt.  Paragraph 36 states "upon information and belief" that Defendant did not train Plaintiffs and others on the difference between exempt and non-exempt work.  Paragraph 37 states in conclusory fashion, with no factual support whatsoever, that Defendant failed to record the time its employees worked, failed to keep payroll records, misclassified Plaintiffs and others and failed to pay overtime. Paragraphs 38 and 39 make vague factual and legal generalizations that Defendant maintained a corporate policy of "minimizing labor costs", and that its conduct has been "consistent".  These

same allegations likely are no different than those contained within any other complaint seeking relief pursuant to the FLSA.[7] As such, they should be dismissed.

**POINT II**

## THE COURT SHOULD STRIKE PLAINTIFFS' RULE 23 CLASS ACTION CLAIMS

The Federal Rules of Civil Procedure authorize the Court to strike and/or dismiss Rule 23 class allegations from the Amended Complaint. Fed. R. Civ. P. 23(d)(4) provides:

> In the conduct of actions to which this rule applies, the court may make appropriate orders...requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the actions shall proceed accordingly....

Subsection (c) of Rule 23 provides that the court should make a determination as to whether a class action is maintainable "as soon as practicable after the commencement of an action." After the filing of a complaint, but before the plaintiffs have filed a motion for class certification, is <u>not</u> too soon for the Court to make this determination. <u>See</u> <u>Thompson v. Merck & Co, Inc.</u>, No. C.A. 01-1004, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004); <u>see also</u> <u>Caruso v. Allstate Insurance Co.</u>, No. 06-2613, 2007 WL 2265100 (E.D. La. Aug. 3, 2007). "Courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class." <u>Glewwe v. Eastman Kodak Co.</u>, No. 05-CV-6462T, 2006 WL 1455476, at *2 (W.D.N.Y. May 25, 2006).

**A.**      <u>**Plaintiffs Cannot Maintain A Class Action Seeking Injunctive Relief Under Rule 23(b)(2) Because They Are Not Current Employees And Because They Seek Monetary Relief**</u>

         **1.**      <u>**Injunctive Relief Is Not Available To Plaintiffs Because They Are No Longer Employed with Defendant**</u>

---

[7]      Not only are these allegations "stock" allegations which "recite the elements" of the claim only, in this case they are false. Defendant recorded the time worked by its employees, including Plaintiffs, and as a matter of practice maintains payroll records as required by the FLSA and the Labor Law. <u>See</u> Fields Aff. ¶ 19.

8

Rule 23(b)(2) provides that an action "may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition . . . the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief with respect to the class." Fed. R. Civ. P. 23(b)(2).[8]  Because Rule 23(b)(2) is silent as to whether plaintiffs may also seek monetary remedies under this subsection, courts have been left to decide the availability of monetary relief under this Rule.  As one Court has noted:

> Class actions under Rule 23(b)(2) are proper if injunctive or declaratory relief would be appropriate for an entire class.  The Rule may be utilized if a party's action or inaction affects an entire class seeking relief.  As a general rule, class certification under Rule 23(b)(2) is improper if the primary relief sought by the action is monetary damages.  However, if monetary damages are merely incidental to plaintiffs' request for injunctive or declaratory relief, class actions may be certified under Rule 23(b)(2).

Bolanos v. Norwegian Cruise Lines Limited, 212 F.R.D. 144 (S.D.N.Y. 2002)(internal quotation marks and citations omitted).

Here, neither Plaintiff is still employed with Defendant.  The alleged payment practices described in the Amended Complaint are no longer affecting either Plaintiff.  Thus, they have no standing to request injunctive relief and, therefore, their claims are necessarily limited to money damages, and certification under Rule 23(b)(2) would be inappropriate.  See Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006); Harris v. Initial Security Inc., No. 05 Civ. 3873(GBD), 2007 WL 703868 (S.D.N.Y. Mar. 7, 2007); see also Wiegele v. Fedex Ground Package System, Inc., No. 06-CV-1330, 2008 WL 410691, at *7 (S. D. Ca. Feb. 12,

---

[8] Rule 23(a) sets forth the prerequisites to a class action.  It states that a class action may be maintained only where there is numerosity, commonality, typicality and the representative parties will fairly and adequately protect the interest of the class.  Fed. R. Civ. P. 23(a).  The burden of proof rests on the Plaintiffs to show that all these requirements are met.  See Morel v. Giuliani, 927 F. Supp. 622, 632 (S.D.N.Y. 1995); see also Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968), *vacated and remanded on other grounds*, 417 U.S. 156 (1974).

2008)("Mr. Wiegele and each of the Plaintiffs' declarants are former employees that cannot benefit from prospective injunctive relief. Therefore, the Court finds certification under Rule 23(b)(2) inappropriate"). Even at this early stage of litigation, it is clear that the Court <u>cannot</u> certify the class sought by Plaintiffs pursuant to Rule 23 (b)(2).

2.    <strong><u>Even if the Court Finds Plaintiffs May Seek Injunctive Relief Under Rule 23(b)(2), It Is Incidental To The Monetary Damages Sought In The Amended Complaint</u></strong>

As noted above, Rule 23(b)(2) certification is inappropriate if the <u>primary</u> relief sought is monetary damages. The Second Circuit has provided the following guidance in determining if money damages are primary or incidental:

> [A]lthough the assessment of whether injunctive or declaratory relief predominates will require an ad hoc balancing that will vary from case to case, before allowing (b)(2) certification a district court should, at a minimum, satisfy itself of the following: (1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits. Insignificant or sham requests for injunctive relief should not provide cover for (b)(2) certification of claims that are brought essentially for monetary recovery.

<u>Robinson v. Metro-North Commuter Railroad</u>, 267 F.3d 147 (2d Cir. 2001). Applying the *ad hoc* approach set forth in <u>Robinson</u>, this Court should strike Plaintiffs' class allegations as stated in the Amended Complaint. Plaintiffs' primary claims are for monetary relief. Although they request injunctive relief and declaratory relief, the monetary relief sought is central and predominant throughout the Amended Complaint:

- **"<u>Plaintiffs Were Not Paid Proper Overtime Wages</u>** – Consistent with Getronics's policy and pattern or practice, Plaintiffs regularly worked in excess of 40 hours per week without being paid overtime wages." (<u>See</u> Compl. ¶ 57).

- "Getronics failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA." (<u>See</u> Compl. ¶ 69).

10

- "As a result of the unlawful acts of Getronics, Plaintiffs and the FLSA class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b)." (See Compl. ¶ 73).

- "Due to Getronics's violation of the New York Labor Law, Plaintiff Hughes and the Rule 23 Class Members are entitled to recover from Getronics their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest." (See Compl. ¶ 79).

In fact, Plaintiffs only identify injunctive relief in two paragraphs of the Amended Complaint (Compl. ¶¶ 7, 28), and request declaratory and injunctive relief only in the "Prayer for Relief". Courts have found such secondary emphasis on injunctive relief to preclude certification of a class under 23(b)(2). See Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222, 228 (S.D.N.Y. 2003)("Although plaintiffs request certification of their ERISA and state statutory wage claims under Rule 23(b)(2), these claims seek money damages for the most part. Accordingly, certification [under 23(b)(2)] would be inappropriate"); see also Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001)(citing Eisen, 391 F.2d at 564) ("Subsection (b)(2) was never intended to cover cases...where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominantly injunctive or declaratory"). Here, the monetary damages (for wages allegedly owed) are not incidental to the requested equitable relief (from which the two Plaintiffs would derive no benefit). In fact, Plaintiffs' claims for declaratory and injunctive relief are nothing more than "insignificant or sham requests" which cannot and should not provide cover for (b)(2) certification of claims that are brought essentially for monetary recovery. See Robinson, supra.

Moreover, the type of damages Plaintiffs request in the Amended Complaint will require a burdensome, individualized inquiry into the damages allegedly suffered by each

Plaintiff, essentially tens if not hundreds of "mini trials", raising a presumption that monetary relief will pre-dominate Plaintiffs' claims. "A Rule 23(b)(2) action cannot resolve individualized issues of fact, nor provide different types of relief required to redress individual injuries. A class action may not be certified under 23(b)(2) if relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant." In re MRBE Products Liability Litigation, 209 F.R.D. 323 (S.D.N.Y. 2002).

**B.    Plaintiffs' Allegations Do Not Support A Rule 23(b)(3) Class Because Any Analysis Of Class-Wide Liability Will Require a Burdensome, Individualized Inquiry**

Rule 23(b)(3) permits certification of a class action, which otherwise meets the requirements of 23(a) when

> ...the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum and (d) the difficulties likely to be encountered in the management of a class action.

Fed R. Civ. P. 23(b)(3).[9]  For a class to be certified under 23(b)(3), Plaintiffs must demonstrate: (1) that the questions of law or fact common to members of the class predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for the full and fair adjudication of the controversy.  See Lewis v. National

---

[9] While Defendants focus here is on subsection 23(b), as noted *supra* in fn. 6, it is Plaintiffs' burden to demonstrate that all elements of Fed R. Civ. P. 23 are met.  Defendant in no way concedes that the other elements of the Rule are or can be satisfied with respect to the present proposed class.

<u>Financial Systems, Inc.</u>, No. 06-1308 (DRH)(ARL), 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007).

       Here, Plaintiffs' claims for compensatory damages for failure to pay overtime wages will require individualized inquiry into each putative member's claims, FLSA classification and particular factual setting, which at Defendant's company spans a wide variety of geographic locations, numerous client settings, various skill-sets and technical certification requirements, to name but a few. Adjudicated in a class setting, such a case would require tens, if not hundreds, of mini-trials to resolve each particular employee's claims, a scenario which is not appropriate for a class action. See <u>Moore v. PaineWebber, Inc.</u>, 306 F.3d 1247 (2d Cir. 2002). Certifying a class here would be inappropriate as the exemption issue is unique to each individual putative plaintiff. There is hardly commonality or typicality in this regard. <u>See</u> <u>Spann v. AOL Time Warner, Inc.</u>, 219 F.R.D. 307 (S.D.N.Y. 2003)(denying class certification where individualized inquiry for plaintiff precluded finding of typicality).

    1.    <u>**Questions of Law And Fact Common To The Class Generally Do Not Predominate Over Questions Affecting Plaintiffs Specifically**</u>

       In order to meet the predominance requirement of Rule 23(b)(3), "a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole...predominate over those issues that are subject only to individualized proof." <u>Wal-Mart Stores, Inc. v. Visa USA, Inc.</u>, 280 F.3d 124 (2d Cir. 2001). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Moore v. PaineWebber, Inc.</u>, <u>supra</u>. The 23(b)(3) predominance requirement is far more demanding that the commonality requirement of Rule 23(a). See <u>Vengurlekar</u>, <u>supra</u>. Numerous courts have denied certification where common issues of law are not present or where resolving the claims for relief would require individualized

inquiries. See Myers v. The Hertz Corporation, No. 02 Civ. 4325(BMC)(MLO), 2007 WL 2126264, at *1 (E.D.N.Y. July 24, 2007)(denying class certification where the court would have to conduct a "fact intensive inquiry into each potential plaintiff's employment status" under the FLSA); see also Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002).

Here, individual issues clearly predominate over common ones. In fact, because the exemption analysis required to resolve Plaintiffs' Labor Law claims is dependent upon an individualized inquiry into each employee's actual job duties, as discussed supra, 23(b)(3) certification is inappropriate. There are myriad individual inquiries necessary to understand each employee's job duties. (Fields Aff. ¶¶ 6-7, 11, 16-17; Kremer Aff. ¶¶ 7, 12, 14-15.)[10]

"Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable. A proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member." Toure v. Central Parking Systems of New York, No. 05 Civ. 5237(WHP), 2007 WL 2872455, at *5 (S.D.N.Y. Sept. 28, 2007)(quoting Bakalar v. Vavra, 237 F.R.D. 59 (S.D.N.Y. 2006)). One of the reasons for this requirement is that, without it, defining membership in the proposed class would involve a "mini-hearing on the merits of each class member's case". Mike v. Safeco Ins. Co. of Am., 274 F.Supp. 2d 216, 220-221 (D. Conn. 2003)(declining to allow the plaintiff to pursue an FLSA collective action because "the proof in this case is specific to the individual" in that the main issue was whether each individual employee was exempt); see also Kline v. Sec. Guards, Inc., 196 F.R.D. 261, 268 (E.D. Pa. 2000) rev'd and remanded on other grounds by Kline v. Sec. Guards, Inc., 386 F.3d 246 (3d Cir. 2004)("Because it would be impossible to

---

[10] Even if Plaintiffs were correct that they and others similarly situated were improperly classified, this Court would have to address each member's individual right to overtime compensation. This would require individualized inquiries into how many hours in excess of 40 each putative class member worked during the limitations period to establish a damage award.

definitively identify class members prior to individualized fact-finding and litigation, the proposed class fails one of the basic requirements for a class action under Rule 23 under the Federal Rules of Civil Procedure"). Here, based on the attached affidavits, it is clear even at this early stage that Plaintiffs cannot demonstrate that the sought after class is "precise" or even "presently ascertainable."

**2.    A Class Action Is Not Superior Because It Requires Absent Class Members To Waive Their Statutory Rights**

Plaintiffs must also demonstrate that the proposed class action is superior to other means of adjudication available to them. Fed. R. Civ. P. 23(b)(3). In analyzing the superiority of a class action to adjudicate wage claims under the Labor Law, Judge Cogan of the Eastern District recently noted:

> Plaintiffs suing under the NYSLL [the Labor Law] who wish to pursue a class action must make at least one significant sacrifice over people who sue individually – waive their entitlement to recover liquidated damages. Section 901(b) of the New York Civil Practice Law and Rules precludes a class action based upon a statute "creating or imposing a penalty, or a minimum measure of recovery," unless that statute also provides for recovery in a class action. The NYSLL does not provide for suit by class action. Therefore, liquidated damages are unavailable to class plaintiffs alleging a violation of the NYSLL...Therefore, even if plaintiffs could satisfy the other requirements of Rule 23, it is unclear if a class action would be superior.

Myers, 2007 WL 2126264, at *7. Because the Amended Complaint fails to assert how a class action would be a superior method of proceeding with the Labor Law claims in light of the requirement of waiver of liquidated damages (Compl. ¶ 79), this Court should strike Plaintiffs' class action allegations.

**POINT III**

**THE COURT SHOULD STRIKE PLAINTIFFS' STATE LAW RULE 23 ALLEGATIONS BECAUSE THEY CONFLICT WITH THE CONGRESSIONALLY MANDATED OPT-IN PROCEDURE SET FORTH IN 216(B), AS WELL AS THE NEW YORK CIVIL PRACTICE LAW AND RULES**

A.    **The Rules Enabling Act Prohibits This Lawsuit From Being Brought As Both A Class And Collective Action**

Even if the Court determines that Plaintiffs' class action allegations are proper pursuant to Rule 23, the Court should nevertheless dismiss them because use of the Rule 23 class action vehicle, if allowed to proceed in combination with a nationwide 216(b) collective action, will abridge the rights of Getronics and those of putative class members under the FLSA. The Rules Enabling Act (the "REA") provides that rules of practice and procedure "shall not abridge, enlarge or modify a substantive right." 28 U.S.C. § 2072(b). Fed. R. Civ. P. 23 is a rule of procedure; it creates no substantive rights. See United States ex rel. Greenville Equip. Co. v. United States Cas. Co., 218 F.Supp. 653, 656 (D. Del. 1962)(holding that the Federal Rules of Civil Procedure "as the name indicates, are of a procedural nature, leaving matters of substantive rights to be otherwise determined").

Under 216(b), individuals have the substantive right to choose the time and venue to litigate their wage and overtime claims. See Moeck v. Gray Supply Corp., Civ. No. 03-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 5, 2006)("Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions"); see also McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004)("The FLSA's opt-in provision directly contrasts with Rule 23's opt-out scheme and demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA take affirmative steps to become

16

members of a class seeking redress of those claims in federal court"). Under this opt-in scheme, an individual has the right to litigate his or her wage and hour claims as a party plaintiff and not be bound by a judgment as an absent member of a purportedly representative class. See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91, 95 (S.D.N.Y. 2003)(holding that "in an FLSA collective action, only potential plaintiffs who 'opt in' can be 'bound by the judgment' or 'benefit from it'".).

Allowing Plaintiffs to proceed with their class claims under the Labor Law would directly conflict with the procedures established by Congress for representative wage and hour actions. Not only are individuals provided certain substantive rights by 216(b), Getronics (and all employers) have the right to litigate claims for unpaid overtime only against individuals who affirmatively opt into an action as "party plaintiffs" and to not be bound by a judgment with respect to overtime claims belonging to absent members of a purportedly representative class. Thus, under the REA, neither Plaintiffs nor this Court can utilize Rule 23 in this case where doing so would impermissibly deprive individuals of their substantive FLSA rights.[11]

The adjudication of a Rule 23 New York Labor Law class action for overtime wages will resolve the wage claims of all class members who do not opt out of the class (as ultimately defined by the Court). If the Rule 23 class claims are litigated with the 216(b) collective action, there will be individuals among the Rule 23 class members who did not affirmatively opt-in to the collective action. Additionally, because the statute of limitations pursuant to the Labor Law is six years and the statute of limitations pursuant to the FLSA is, at

---

[11] See Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975), in which the Court noted "It is crystal clear that 16(b) precludes pure Rule 23 class actions in FLSA suits." Additionally, the Rule 23 Advisory Committee Notes identified the conflict between Rule 23 and 216(b) and recognized that 216(b) takes precedence ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23 as amended."). See Fed. R. Civ. P. 23 Adv. Comm. Notes.

most, three years, there will be Rule 23 class members who <u>cannot</u> opt into the collective action (if they were employed by Getronics four, five and six years ago).[12]

The overtime claims of those individuals who do not or cannot opt into the collective action will nevertheless be adjudicated under state law with those Rule 23 class members who opt in. The claims of the employees and former employees who did not or could not opt in will terminate because they will have recovered overtime in this lawsuit, or been deemed by the Court ineligible for overtime pay under state law, and the principle of *collateral estoppel* and *res judicata* will apply. <u>See</u> <u>Chao v. A-One Med. Servs., Inc.</u>, 346 F.3d 908 (9th Cir. 2003)(affirming the dismissal of the FLSA claim of one of the eight employees because the employee had previously litigated a state law claim for overtime pay against her employer). <u>See</u> <u>also</u> <u>Gonzalez v. City of New York</u>, 396 F.Supp.2d 411 (S.D.N.Y. 2005)(employment discrimination claims of police officers were barred by *res judicata* where officers were absent class members in prior class action involving the same facts). The effect of Plaintiffs' proposed dual certification of class and collective actions eliminates employees' substantive rights to bring their own overtime claims under the FLSA, thereby undermining the Congressional intent behind 216(b), as well as the REA.

<u>Moeck v. Gray Supply Corp.</u>, 2006 WL 42368, is instructive. There, the district court rejected the plaintiffs' attempt to maintain a New Jersey state law overtime claim on a class wide basis, finding that doing so in conjunction with proceeding as a collective action would have been contrary to the FLSA. Because the plaintiffs' state wage and hour claims were

---

[12] In addition to contravening the REA and the opt-in mechanism contained in 216(b), certification of a class of pendent Labor Law plaintiffs who lack their own federal claim (on account of the shorter statute of limitations) may exceed this Court's supplemental jurisdiction under 28 U.S.C. § 1367. <u>See</u> <u>Foster v. Food Emporium</u>, No. 99 CIV 3860 CM, 2000 WL 1737858 at *3 (S.D.N.Y. Apr. 26, 2000)("It would be improper to bring persons who have no Federal claim into this Court under the guise of a collective action so they can pursue State law claims that they can only bring on their own and not collectively"); <u>Legrand v. Education Management Corp</u>, No. 03 Civ. 9798(HB)(HBP), 2004 WL 1962076, (S.D.N.Y. September 2, 2004).

premised on the same facts as their FLSA claims (as are Plaintiffs' claims here), the Court held that permitting them to "circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." Id. at *5. See also Himmelman v. Continental Casualty Co., Civ. No. 06-166(GEB), 2006 WL 2347873 (D.N.J. Aug. 11, 2006)(striking state law class allegations because the Rule 23 opt-out scheme is "inherently incompatible" with the FLSA opt-in mechanism); Jackson v. City of San Antonio, 220 F.R.D. 55, 60 (W.D. Tex. 2003)(permitting a Rule 23 state law class action to be joined with an FLSA action would "flaunt the Congressional intention that FLSA claims proceed as an opt-in scheme").

**B.**     **Section 901(b) of The CPLR Prohibits This Action From Being Brought As A Class And Collective Action**

For similar reasons, it would violate the REA to allow Plaintiffs to maintain a class action in light of their proposed waiver of liquidated damages (under the Labor Law). Pursuant to §901(b) of the CPLR:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery, specifically authorizes the recovery thereof in a class action, an action to recover a penalty or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

Because liquidated damages under the Labor Law constitute a penalty within the meaning of CPLR §901(b), Plaintiffs may not maintain their claims as a class action. See Woods v. Champion Courier, N.Y.L.J., Oct. 9, 1998, at 1-2 (N.Y. Sup. Ct. Sept. 23, 1998)(holding that liquidated damages under the Labor Law were "punitive damages" and thus a "penalty" under §901(b)).

19

Plaintiffs' purported waiver of liquidated damages cannot save their claims. New York law makes clear that mandatory statutory penalties are <u>not</u> waivable and claim brought under that statute cannot be maintained as a class action. In <u>Asher v. Abbott Labs.</u>, 290 A.D.2d 208, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002), the First Department held that an action under the Donnelly Act could not be maintained as a class action because the statute provided for a penalty, "the recovery of which in a class action is not specifically authorized and <u>the</u> <u>imposition</u> <u>of</u> <u>which</u> <u>cannot</u> <u>be</u> <u>waived.</u>" <u>Id</u>. at 4 (emphasis added); <u>Cox v. Microsoft Corp.</u>, 290 A.D.2d 206, 737 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2002)(finding that treble damages are penal in nature and mandatory, and thus refusing to allow a class action under CPLR §901(b)); <u>Rubin v.</u> <u>Nine West Group, Inc.</u>, No. 0763/99, 1999 WL 1425364, at *2-3 (N.Y. Sup. Ct. Nov. 3, 1999)(same).

Because the New York appellate courts to address the issue of a mandatory penalty have ruled that there cannot be a waiver of mandatory penalties under §901(b), this Court should follow those decisions and find that Plaintiffs have improperly sought to bring this action as a class action, and therefore strike Plaintiffs' class allegations.

## CONCLUSION

Therefore, pursuant to Fed. R. Civ. P. Rule 23(d)(4) and Fed. R. Civ. P. 12(c), and

29 U.S.C. § 216(b) Getronics asks that this Court strike Plaintiffs' class and collective action

allegations and allow this action to proceed solely as a two-plaintiff action.

Dated: New York, New York
       April 28, 2008

                                Respectfully submitted,

                                JACKSON LEWIS LLP
                                *ATTORNEYS FOR DEFENDANTS*
                                59 Maiden Lane
                                New York, New York 10038
                                (212) 545-4000

                        By:     _____
                                FELICE B. EKELMAN (FE-5692)
                                DAVID S. GREENHAUS (DG-0466)

21

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, the **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

JUSTIN M. SWARTZ, ESQ.
OUTTEN & GOLDEN
*ATTORNEYS FOR PLAINTIFFS*
3 Park Avenue, 29th Floor
New York, New York 10016

RICHARD J. (REX) BURCH, ESQ.,
BRUCKNER BURCH PLLC
*ATTORNEYS FOR PLAINTIFFS*
1415 Louisiana, Suite 2125
Houston, Texas 77002

DAVID S. GREENHAUS (DG-0466)

\\Nyfs01\nylib\AbeysekeraS\Getronics Wang\Pleadings\MOL MtD.doc