JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
     Felice B. Ekelman (FE 5692)
     David S. Greenhaus (DG 0466)
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

               Plaintiffs,

         -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

               Defendants.

------------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**AFFIRMATION OF FELICE B. EKELMAN**

FELICE B. EKELMAN, an attorney duly admitted to practice before this Court, declares pursuant to 28 U.S.C. § 1746 that:

       1.    I am a member of the law firm Jackson Lewis LLP, counsel for Defendants Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC (together the "Defendant").

       2.    The following statements are true based upon my own knowledge, review of pertinent documents, and information and belief.

3.     Attached as <u>Exhibit A</u> is Plaintiffs' Amended Complaint, filed on  or about February 28, 2008.

4.     Attached as <u>Exhibit B</u> is the Affidavit of Stephanie Fields submitted in conjunction with Defendant's Motion for Determination that this case is not appropriate for class or collective action certification.

5.     Attached as <u>Exhibit C</u> is the Affidavit of Rick Kremer submitted in conjunction with Defendant's Motion for Determination that this case is not appropriate for class or collective action certification.

6.     Attached as <u>Exhibit D</u> is the opt-in form filed in this lawsuit by former Getronics employee Terrence McDonald on or about March 26, 2008.

FELICE EKELMAN

Dated: April 28, 2008
       New York, New York

2

# EXHIBIT A

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burch (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000



FEB 2 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

KEVIN HUGHES and CRYSTIE KILGER on behalf
of themselves  and all others similarly situated,

                            Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC,

                            Defendants.

---

**CASE NO. 07-CV-10356 (LAK)**

**FIRST AMENDED
CLASS ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

        Plaintiffs Kevin Hughes (Hughes) and Crystie Kilger (Kilger) (collectively, "Plaintiffs"),

individually and on behalf of all others similarly situated as class representatives, by their

attorneys Bruckner Burch PLLC and Outten & Golden LLP, allege, upon personal knowledge

and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.     Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC (collectively, "Getronics" or "Defendant") is an Information and Communication Technology (ICT) company which designs, integrates and manages ICT systems for companies across New York and around the world.  Upon information and belief, Defendant employs thousands of workers in New York alone.

2.     Upon information and belief, it has been Getronics's policy to deprive its employees in "computer user support positions," such as Plaintiffs, of wages to which they are entitled under the law.  Getronics's unlawful conduct includes, but is not limited to, requiring its workers, including Plaintiffs, to work extensive overtime without paying them at overtime wages.

3.     Upon information and belief, in an attempt to avoid paying some of its workers their earned wages, Getronics has given some of its computer user support positions job titles to create the impression that these employees are exempt from overtime pay requirements under state and federal law.  Hughes and Kilger were victims of this unlawful conduct.

4.     Getronics scheduled Hughes and Kilger to work more than forty hours per week.

5.     Throughout their employment at Getronics, Hughes and Kilger worked overtime but were not paid proper overtime wages of time and a half for the hours they worked in excess of 40 hours per week.

6.     By the conduct described in this Complaint, Getronics willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

## NATURE OF THE ACTION

7.    This action is brought to recover unpaid wages owed to Hughes, Kilger, and all other similarly situated current and former employees of Defendant as well as for injunctive and declaratory relief against Defendant's unlawful actions, and attorneys' fees and costs.

8.    Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically the FLSA's collective action provision (29 U.S.C. § 216(b)), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant, that have deprived Plaintiffs and others similarly situated of their lawful overtime wages.

9.    Hughes also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, pursuant to the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as well as original jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 and Hughes and/or Kilger is a citizen of a state different from the states in which Defendants are incorporated and/or have their principal places of business.  In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

### The Plaintiffs

13.     Hughes is an adult individual who is a resident of Rockaway Beach, New York.

14.     Hughes was an employee of the Defendant in New York State from approximately January 2006 through approximately June 2007.

15.     Kilger is an adult individual who is a resident of Houston, Texas.

16.     Kilger was an employee of Getronics in Texas from approximately January 2002 through approximately June 2007.

### The Defendants

17.     Upon information and belief, Getronics Wang LLC is an inactive limited liability company, incorporated in Delaware, which did business within the City and County of New York.

18.     Getronics USA, Inc. is a Delaware corporation which does business within the City and County of New York.

19.     Getronics Flexible Solutions, LLC is a foreign limited liability company, incorporated in Delaware, which does business within the City and County of New York.

20.     Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC at all relevant times, upon information and belief, jointly employed Plaintiffs.

4

21.     Upon information and belief, Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC were part of a single integrated enterprise that employed Plaintiffs.

22.     Getronics maintains corporate headquarters within the City and County of New York at 440 Ninth Avenue, New York, NY 10001.

23.     Upon information and belief, Getronics maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

## CLASS AND COLLECTIVE ALLEGATIONS

24.     Hughes and Kilger bring FLSA claims for themselves and on behalf of all similarly situated persons who work or have worked for Getronics in computer user support positions within the past three years who elect to opt in to this action (the "FLSA Collective").

25.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

26.     Plaintiff Hughes also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Getronics in computer user support positions between November 13, 2001 and the date of judgment in this action (the "Rule 23 Class").

27.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant.

28.     Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

29.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether Defendant has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(b)     what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

(c)     whether Defendant has failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(d)     the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(e)     whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the New York Labor Law; and

(f)     whether Defendant's policy of misclassifying workers was done willfully or with reckless disregard of the statute.

30.     Hughes' claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendant and have not been paid overtime wages for the hours they have worked in excess of 40 hours per week. Defendant has acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

31.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

32.     Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## CLASSWIDE FACTUAL ALLEGATIONS

34.   All of the work that Plaintiffs and the members of the FLSA Collective and the Rule 23 Class (collectively "Class Members") have performed has been assigned by the Defendant and/or the Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

35.   Upon information and belief, it has been Defendant's policy and pattern or practice to classify computer user support positions as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law, without reference to the types of duties these workers performed.

36.   Upon information and belief, Defendant has not trained Plaintiff and the Class Members, or their supervisors, on the differences between exempt and non-exempt work.

37.   As part of its regular business practice, the Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law.  This policy and pattern or practice includes but is not limited to:

(a)   willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of the Defendant;

(b)   willfully failing to keep payroll records as required by the FLSA and New York Labor Law;

(c)   willfully misclassifying Hughes, Kilger and the Class Members as exempt from the requirements of the FLSA; and

(d)   willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

8

38.   Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the New York Labor Law.

39.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Background, Duties, and Compensation

**Plaintiff Hughes:**

40.   Hughes was hired by Getronics in approximately January 2006.  When he was hired, Hughes was told by Getronics that he would be considered exempt.

41.   Hughes worked for Getronics from approximately January 2006 through approximately June 2007.

42.   At all times relevant to this action, Hughes worked in one of Getronics's office. Hughes was scheduled and/or expected to work more than 40 hours a week.

43.   Hughes's primary duties included, but were not limited to, responding to customers questions regarding their computer equipment.

44.   Hughes did not hire, fire, schedule, or discipline the other employees who worked along side him.

45.   His hourly rate of pay was not substantially greater than the coworkers with whom he worked.

46.   Hughes did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

47.   Hughes's primary duties were primarily mechanical in nature.

**Plaintiff Kilger:**

48.    Kilger was hired by Getronics in approximately January 2002.

49.    Kilger worked for Getronics from approximately January 2002 through approximately June 2007.

50.    At all times relevant to this action, Kilger worked in one of Getronics's office. Kilger was scheduled and/or expected to work more than 40 hours a week.

51.    Kilger's primary duties included, but were not limited to, responding to customers questions regarding their computer equipment.

52.    Kilger did not hire, fire, schedule, or discipline the other employees who worked along side her.

53.    Kilger's hourly rate of pay was not substantially greater than the coworkers with whom she worked.

54.    Kilger did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties.

55.    Kilger's primary duties were mechanical in nature.

## Getronics Failed to Keep Accurate Records

56.    Upon information and belief, consistent with its policy and pattern or practice, Getronics did not keep accurate records as required by the FLSA and New York Labor Law.

## Plaintiffs Were Not Paid Proper Overtime Wages

57.    Consistent with Getronics's policy and pattern or practice, Plaintiffs regularly worked in excess of 40 hours per week without being paid overtime wages.

10

**Getronics's Violations of the Overtime Laws Were Willful**

58.    Upon information and belief, Getronics was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.  Getronics has been investigated by the United States Department of Labor and/or sued for violations of the FLSA, and was therefore aware of the existence of the FLSA and its overtime requirements.

59.    Upon information and belief, Getronics was aware, or should have been, that Plaintiffs, *inter alia*: (a) primarily or solely performed non-exempt duties; (b) performed little or no supervisory functions; (c) did not have the right to hire or fire employees; (d) performed production, as opposed to administrative, work; and (e) wielded little or no discretion or judgment.

60.    Upon information and belief, Getronics was or should have been aware that Plaintiffs and the putative Class were not "executives" exempt from overtime protections.

61.    Upon information and belief, Getronics was aware, or should have been, that Plaintiffs and the putative Class were not "administrators" exempt from overtime protections.

62.    Getronics's failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week was willful.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiffs and all FLSA Class Members)

63.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64.    Getronics has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

65.    At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.    The overtime wage provision set forth in § 207 of the FLSA applies to Getronics

67.    Getronics is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.    At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69.    Getronics failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

70.    Getronics's violations of the FLSA, as described in this Complaint have been willful and intentional.  Getronics has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

71.    Because Getronics's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72.    As a result of Getronics's willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages.

73.    As a result of the unlawful acts of Getronics, Plaintiffs and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff Hughes and all Rule 23 Class Members)

74.     Plaintiff Hughes re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75.     At times relevant to this action, Plaintiff Hughes was an employee and Getronics has been an employer within the meaning of the New York Labor Law.

76.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Getronics.

77.     Getronics failed to pay Plaintiff Hughes and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

78.     By Getronics's failure to pay Plaintiff Hughes and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

79.     Due to Getronics's violations of the New York Labor Law, Plaintiff Hughes and the Rule 23 Class Members are entitled to recover from Getronics their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. (Plaintiff Hughes does not seek liquidated damages under the New York Labor Law for himself or on behalf of the Rule 23 Class Members)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Hughes and Kilger, individually and on behalf of all other similarly situated persons, pray for the following relief:

13

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Getronics in a computer user support position. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B.     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.     Designation of Plaintiff Hughes as representative of the Rule 23 Class, and counsel of record as Class Counsel;

F.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

G.     Unpaid overtime pay pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations (Plaintiff Hughes does not seek liquidated damages under the New York Labor Law for himself or on behalf of the Rule 23 class);

H.     Pre-judgment interest;

I.    An injunction requiring Defendant to pay all statutorily-required wages pursuant to the New York Labor Law;

J.    Attorneys' fees and costs of the action; and

K.    Such other relief as this Court shall deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: February 26, 2008.

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: _____
        Justin M. Swartz (JS 7989)

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burke (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: 713-877-8788

**Attorneys for Plaintiff and the Putative Classes**

# EXHIBIT B

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
     Felice B. Ekelman (FE 5692)
     David S. Greenhaus (DG 0466)
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

              Plaintiffs,

         -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

              Defendants.

------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**AFFIDAVIT OF STEPHANIE
FIELDS IN SUPPORT OF
DEFENDANTS' MOTION FOR
DETERMINATION THAT THIS
ACTION IS NOT APPROPRIATE
FOR CERTIFICATION AS A
CLASS OR COLLECTIVE
ACTION**

STEPHANIE FIELDS, hereby affirms under penalty of perjury that the following statements are

true:

          1.    I am employed by Defendant Getronics USA, Inc. (collectively with

Defendants Getronics WANG LLC and Getronics Flexible Solutions LLC "Getronics").

          2.    I make this Affidavit of my own personal knowledge or upon review of

records or other documents, and if called upon as a witness, I would competently testify thereto.

          3.    My current title is Human Resources Consultant.  I have held this position

for over fifteen years.  In that capacity I have knowledge of Getronics' job titles, job descriptions

and the general duties of Getronics employees.

4.     Getronics is an information technology company. Our web site describes Getronics as a "leading international networked technology services and solutions company" providing "information and communication technology services for today's network-centric business environments."

5.     Getronics helps its clients develop, maintain and improve their information technology and computer capabilities.

6.     Numerous job titles and positions within the Getronics organization are in some way related to the use of information technology and computers.

7.     It is impossible to identify with particularity which jobs constitute "computer user support" jobs within the Getronics organization.

**Kevin Hughes**

8.     Kevin Hughes was employed by Getronics USA, Inc. within New York State from approximately January 2006 through June 2007.

9.     As a Getronics employee during that time period, Mr. Hughes was assigned to work at a Deutsche Bank facility in New York City. Deutsche Bank retains Getronics to provide onsite information technology support.

10.     Mr. Hughes was employed as a Technical Support Specialist ("TSS") II. In that capacity he served as a Team Lead in the "Build Lab", a segment of the Getronics/Deutsche Bank team responsible for building and maintaining computers and other hardware.

2

11.    Mr. Hughes' responsibilities were substantively different from those of other TSS II's both within the Build Lab and at Deutsche Bank, as well as at other Getronics sites.

12.    Getronics provides Build Lab services at some but not all of its customer locations. Some of those Build Labs are overseen by a Team Lead, others are not.

**Crystie Kilger**

13.    Crystie Kilger was employed by Getronics at a Getronics facility located in Houston, Texas from approximately January 2002 through June 2007.

14.    As a Getronics employee during that time period, Ms. Kilger was assigned to a Cisco team. Cisco retains Getronics to provide information technology support.

15.    Ms. Kilger was assigned to the hardware technical support team, one of many separate teams working on the Cisco account. Each Cisco team has a distinct technical function.

16.    Ms. Kilger's job title was Network Analyst ("NA") I. She, like Mr. Hughes, was a Team Lead. Her job duties, however, were substantively different from Mr. Hughes.

17.    As a Team Lead, she oversaw a group of other NA I's who were responsible for interacting with Cisco's customers about their hardware problems.

**Terrence McDonald**

18.    Terrence McDonald was employed by Getronics in California as a Field Service Representative until December 2006. He was classified by Getronics as non-exempt for purposes of the Fair Labor Standards Act and received overtime compensation accordingly.

3

**Getronics Recordkeeping Practices**

19.   Contrary to the allegations contained in the Complaint in this matter, Getronics records the hours worked by its employees and wages paid to its employees, and retains records regarding time worked and payroll.

                                          STEPHANIE FIELDS

Dated: April 25, 2008
       New York, New York

\\Nyls01\nylb\Abeysekera5\Getronics Wang\Pleadings\HR Affidavit2.doc

GRADY SMALL
Notary Public Bronx County
STATE OF NEW YORK
01SM606-9866
Commission Expires 2-11-20 10

4

# EXHIBIT C

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
        Felice B. Ekelman (FE 5692)
        David S. Greenhaus (DG 0466)
ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

              -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

                    Defendants.

------------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

**AFFIDAVIT OF RICK KREMER
IN SUPPORT OF DEFENDANTS'
MOTION FOR DETERMINATION
THAT THIS ACTION IS NOT
APPROPRIATE FOR
CERTIFICATION AS A CLASS
OR COLLECTIVE ACTION**

RICHARD H. KREMER, JR., hereby affirms under penalty of perjury that the following

statements are true:

        1.      I am employed by Defendant Getronics USA, Inc. (collectively with

Defendants Getronics WANG LLC and Getronics Flexible Solutions LLC "Getronics").

        2.      I make this Affidavit of my own personal knowledge or upon review of

records or other documents, and if called upon as a witness, I would competently testify thereto.

3.    I have been employed by Getronics since 1997.  My current title is Operations Manager II.  In that capacity, I oversee the work of fifteen Getronics employees assigned to Deutsche Bank in New York City.

4.    I have been assigned to the Getronics team at the Deutsche Bank New York City facility since its inception in 2005, and I am familiar with all aspects of Getronics' work for Deutsche Bank at the facility.

**Kevin Hughes Duties At Getronics' Deutsche Bank Facility**

5..    I was one of the Managers who made the decision to assign Kevin Hughes to the "Build Lab" operated by Getronics as part of its Deutsche Bank onsite operation.

6.    As far as I know, not every Getronics customer location has a Build Lab, and not every one of the Build Labs that do exist is located onsite at the customer.  Build Labs vary greatly in size and technical nature based on the specific needs and requests of the Getronics customer.

7.    Mr. Hughes' responsibilities were very different from those of other TSS II's both within the Build Lab and at Deutsche Bank, as well as at other Getronics sites.

8.    Mr. Hughes was responsible for overseeing the Build Lab at Deutsche Bank.

9.    Among other duties, Mr. Hughes performed what is known as User Acceptance Testing (UAT).  He would receive software updates from Deutsche Bank engineers in the United Kingdom and test their functionality within the United States.  This task required knowledge of operating systems and hardware.

10.    Mr. Hughes also identified other problems with the then-current Deutsche Bank software build and discussed troubleshooting solutions to those problems with the UK team. For example, he identified connectivity issues with new wireless hardware.

11.    Mr. Hughes would discuss Getronics' UAT findings, as well as his other technical findings, with Deutsche Bank engineers in the United Kingdom, and discuss troubleshooting solutions with them. Mr. Hughes was the only Getronics employee at Deutsche Bank who performed this function.

12.    No other TSS II at the Deutsche Bank location had these responsibilities.

13.    From time to time Mr. Hughes would answer technical computer questions referred to him by other Getronics employees, such as TSS I's, and on occasion directly interacted with client users from Deutsche Bank. This practice is known as "escalation."

14.    All Getronics employees employed at Deutsche Bank perform computer user support functions for the customer, meaning Deutsche Bank.

15.    I myself perform work that could be considered computer user support, as does every Getronics employee at Deutsche Bank.

RICHARD H. KREMER, JR.

Dated: April 28, 2008
       New York, New York

John F. Donohue  4-28-08

JOHN F DONOHUE
Notary Public, State of New York
No. 01DO5059383
Qualified in Nassau County
Commission Expires April 22, _2010_

3

# EXHIBIT D

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burch (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

KEVIN HUGHES and CRYSTIE KILGER on behalf of
themselves and all others similarly situated,

                                    Plaintiffs,

             -against-                                                      NO. 07-CV-10356 (LAK)

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC,

                                    Defendant.

**NOTICE OF FILING OF CONSENTS TO BECOME
PARTY PLAINTIFF FORMS ON BEHALF OF PLAINTIFFS**

The following plaintiffs are hereby joined to the instant action by their signed Consent to

be a Party Plaintiff form, true and correct copies of which are attached hereto as Exhibit A:

    1.   Terrence Roe McDonald

Dated: March 26, 2008
        New York, New York

Respectfully Submitted,


**OUTTEN & GOLDEN, LLP**


_    /s/ Ossai Miazad_____

Ossai Miazad
3 Park Avenue, Floor 29
New York, NY 10016
PH: 212-245-1000
FAX: 212- 977-4005

**ATTORNEYS FOR PLAINTIFFS**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KEVIN HUGHES and CRYSTIE KILGER on behalf
of themselves and all others similarly situated,

                                    Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS, LLC,

                                    Defendant.

**CONSENT TO BE A PARTY PLAINTIFF**

**NO. 07-CV-10356 (LAK)**

        I consent to be a party plaintiff in the above captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP and Bruckner Burch PLLC to represent me in the above-captioned law suit.

_____
Signature

_____
Full Legal Name (print)

## CERTIFICATE OF SERVICE

     I hereby certify that on April 28, the **AFFIRMATION OF FELICE B. EKELMAN IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION** and accompanying Exhibits were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

JUSTIN M. SWARTZ, ESQ.
OUTTEN & GOLDEN
*ATTORNEYS FOR PLAINTIFFS*
3 Park Avenue, 29th Floor
New York, New York 10016

RICHARD J. (REX) BURCH, ESQ.,
BRUCKNER BURCH PLLC
*ATTORNEYS FOR PLAINTIFFS*
1415 Louisiana, Suite 2125
Houston, Texas 77002

DAVID S. GREENHAUS (DG-0466)

H:\AbeysekeraS\Getronics Wang\Pleadings\FE Declaration in Supp of MtD.doc

3