UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

              Plaintiffs,

        -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

              Defendants.

Civil Action No.:07 CV 10356 (LAK)

------------------------------------------------------------X


**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(C) AND 23(D) AND 29 U.S.C. § 216(B)</u>**


                      JACKSON LEWIS LLP
                      ATTORNEYS FOR DEFENDANTS
                      GETRONICS WANG LLC
                      GETRONICS USA, INC.; and
                      GETRONICS FLEXIBLE SOLUTIONS,
                      LLC
                      59 Maiden Lane
                      New York, New York 10038
                      (212) 545-4000


Attorneys of Record:
      Felice B. Ekelman (FE 5692)
      David S. Greenhaus (DG 0466)

## Table of Contents

Page

TABLE OF AUTHORITIES ............................................................................ iii

PRELIMINARY STATEMENT ...................................................................... 1

FACTUAL AND PROCEDURAL HISTORY ................................................ 3

ARGUMENT ................................................................................................... 5

POINT I    PLAINTIFFS'   COLLECTIVE   AND   CLASS   ACTION
ALLEGATIONS FAIL TO RISE ABOVE THE SPECULATIVE
AND SHOULD BE DISMISSED ........................................................ 5

POINT II    THE  COURT  SHOULD  STRIKE  PLAINTIFFS'  RULE  23
CLASS ACTION CLAIMS ................................................................. 8

    A.    Plaintiffs Cannot Maintain A Class Action Seeking Injunctive
Relief Under Rule 23(b)(2) Because They Are Not Current
Employees And Because They Seek Monetary Relief ......................... 9

        1.    Injunctive Relief Is Not Available To Plaintiffs Because
They Are No Longer Employed with Defendant ...................... 9

        2.    Even if the Court Finds Plaintiffs May Seek Injunctive
Relief Under Rule 23(b)(2), It Is Incidental To The
Monetary Damages Sought In The Amended Complaint ......... 10

    B.    Plaintiffs' Allegations Do Not Support A Rule 23(b)(3) Class
Because Any Analysis Of Class-Wide Liability Will Require a
Burdensome, Individualized Inquiry ................................................ 12

        1.    Questions of Law And Fact Common To The Class
Generally Do Not Predominate Over Questions Affecting
Plaintiffs Specifically ............................................................ 13

        2.    A Class Action Is Not Superior Because It Requires Absent
Class Members To Waive Their Statutory Rights ................... 15

POINT III    THE COURT SHOULD STRIKE PLAINTIFFS' STATE LAW
RULE 23 ALLEGATIONS BECAUSE THEY CONFLICT WITH
THE   CONGRESSIONALLY   MANDATED   OPT-IN
PROCEDURE SET FORTH IN 216(B), AS WELL AS THE NEW
YORK CIVIL PRACTICE LAW AND RULES ................................ 16

i

**Page**

A.    The Rules Enabling Act Prohibits This Lawsuit From Being Brought As Both A Class And Collective Action................................................. 16

B.    Section 901(b) of The CPLR Prohibits This Action From Being Brought As A Class And Collective Action........................................................ 19

CONCLUSION ............................................................................................................ 21

## TABLE OF AUTHORITIES

## FEDERAL CASES

Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001).................... 11

Bakalar v. Vavra, 237 F.R.D. 59 (S.D.N.Y. 2006) ........................................................ 14

Bell Atlantic Corp. v. Twombly, __ U.S. __ 127 S. Ct. 1955 (2007) ...................... 2, 6, 7

Bolanos v. Norwegian Cruise Lines Limited, 212 F.R.D. 144 (S.D.N.Y. 2002)................ 9

Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092(NRB), 2007 WL. 4358456
    (S.D.N.Y. Dec. 10, 2007) ......................................................................................... 6, 7

Caruso v. Allstate Insurance Co., No. 06-2613, 2007 WL. 2265100 (E.D. La.
    Aug. 3, 2007)........................................................................................................... 8, 13

Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003) ...................................... 18

Copley v. Fla. Physicians Ins. Co., No. 8:07-cv-2100-T-30TGW, 2008 WL.
    544875 (M.D. Fl. Feb. 26, 2008) ................................................................................ 7

Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968), vacated and
    remanded on other grounds, 417 U.S. 156 (1974).................................................. 9, 11

Foster v. Food Emporium, No. 99 CIV 3860 CM, 2000 WL. 1737858 (S.D.N.Y.
    Apr. 26, 2000) ........................................................................................................... 18

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91 (S.D.N.Y. 2003)......... 17

Glewwe v. Eastman Kodak Co., No. 05-CV-6462T, 2006 WL. 1455476
    (W.D.N.Y. May 25, 2006) ........................................................................................ 8

Gonzalez v. City of New York, 396 F. Supp. 2d 411 (S.D.N.Y. 2005)........................... 18

Guess v. US Bancorp., 2008 WL. 544475 (N.D. Cal. 2008) .......................................... 6

Harris v. Initial Security Inc., No. 05 Civ 3873(GBD), 2007 WL. 703868
    (S.D.N.Y. Mar. 7, 2007)........................................................................................... 9

Himmelman v. Continental Casualty Co., Civ. No. 06-166(GEB), 2006 WL.
    2347873 (D.N.J. Aug. 11, 2006) ............................................................................. 19

Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638 (2d Cir. 1998).................................. 6

Jackson v. City of San Antonio, 220 F.R.D. 55 (W.D. Tex. 2003)...................................19

Kline v. Sec. Guards, Inc., 196 F.R.D. 261 (E.D. Pa. 2000)................................14

Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975) .....................................17

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006)............................................9

Legrand v. Education Management Corp, No. 03 Civ. 9798(HB)(HBP), 2004 WL
    1962076, (S.D.N.Y. September 2, 2004) ....................................................................18

Lewis v. National Financial Systems, Inc., No. 06-1308 (DRH)(ARL), 2007 WL
    2455130 (E.D.N.Y. Aug. 23, 2007) .............................................................................12

Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002) .............14

Moeck v. Gray Supply Corp., Civ. No. 03-1950 (WGB), 2006 WL. 42368 (D.N.J.
    Jan. 5, 2006) .........................................................................................16, 18, 19

In re MRBE Products Liability Litigation, 209 F.R.D. 323 (S.D.N.Y. 2002) .................12

McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004)................................16

Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216 (D. Conn. 2003)...........................14

Moore v. PaineWebber, Inc., 306 F.3d 1247 (2d Cir. 2002)............................................13

Morel v. Giuliani, 927 F. Supp. 622 (S.D.N.Y. 1995) ........................................................9

Myers v. The Hertz Corporation, No. 02 Civ. 4325(BMC)(MLO), 2007 WL
    2126264 ....................................................................................................14, 15

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001)...............5

Robinson v. Metro-North Commuter Railroad, 267 F.3d 147 (2d Cir. 2001) .................10

Sheppard v. Beerman, 18 F.3d 147 (2d Cir. 1994) .............................................................6

Spann v. AOL Time Warner, Inc., 219 F.R.D. 307 (S.D.N.Y. 2003)...............................13

Thompson v. Merck & Co, Inc., No. C.A. 01-1004, 2004 WL. 62710 (E.D. Pa.
    Jan. 6, 2004) ........................................................................................................8, 18

Toure v. Central Parking Systems of New York, No. 05 Civ. 5237(WHP), 2007
    WL. 2872455 (S.D.N.Y. Sept. 28, 2007) ....................................................................14

United States ex rel. Greenville Equip. Co. v. United States Cas. Co., 218 F. Supp. 653 (D. Del. 1962) ................................................................................................ 16

Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222 (S.D.N.Y. 2003) ............ 11

Wal-Mart Stores, Inc. v. Visa USA, Inc., 280 F.3d 124 (2d Cir. 2001) ............................ 13

Wiegele v. Fedex Ground Package System, Inc., No. 06-CV-1330, 2008 WL. 410691 (S. D. Ca. Feb. 12, 2008) .......................................................................................... 9

## STATE CASES

Asher v. Abbott Labs., 290 A.D.2d 208, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002) .................................................................................................................................... 20

Cox v. Microsoft Corp., 290 A.D.2d 206, 737 N.Y.S.2d 1 (App. Div. 1st Dep't 2002) .................................................................................................................................... 20

Rubin v. Nine West Group, Inc., No. 0763/99, 1999 WL. 1425364 (N.Y. Sup. Ct. Nov. 3, 1999) ...................................................................................................................... 20

Woods v. Champion Courier, N.Y.L.J., Oct. 9, 1998, at 1-2 (N.Y. Sup. Ct. Sept. 23, 1998) .......................................................................................................................... 19

## FEDERAL STATUTES

28 U.S.C. § 1367 ...................................................................................................................... 18

28 U.S.C. § 2072(b) ................................................................................................................ 16

29 U.S.C. § 216(b) .......................................................................................................... 1, 4, 6, 21

Fed. R. Civ. P. 8(a) .................................................................................................................. 6

Fed. R. Civ. P. 12(c) .......................................................................................................... 5, 21

Fed. R. Civ. P. 23 .................................................................................................. 4, 12, 16, 17

Fed. R. Civ. P. 23(a) ................................................................................................................ 9

Fed. R. Civ. P. 23(b)(2) .......................................................................................................... 9

Fed R. Civ. P. 23(b)(3) .................................................................................................... 12, 15

Fed. R. Civ. P. 23(d)(4) ..................................................................................................... 8, 21

## PRELIMINARY STATEMENT

This lawsuit arises out of the former employment of Kevin Hughes ("Hughes") and Crystie Kilger ("Kilger") at Getronics USA, Inc. (together with Getronics Wang LLC and Getronics Flexible Solutions, LLC referred to as "Getronics" or "Defendant"). Getronics is an international information and communications technology service provider, assisting companies in workspace management, consulting and transformation services. At its core, Getronics helps its clients develop, maintain and improve their information technology and computer capabilities.

Hughes is a former Technical Support Specialist II ("TSS II") who worked for Getronics on-site at a Deutsche Bank facility located in New York City. Kilger is a former Network Analyst I ("NA I") who worked for Getronics at a Getronics facility in Houston, Texas, and whose job responsibilities were entirely different from Hughes. Plaintiffs argue that they are similarly situated (which they are not), and that Getronics misclassified them and other allegedly similarly situated employees as exempt (which it did not). As such, Plaintiffs assert that Getronics has violated the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "Labor Law").

Notably, Plaintiffs have filed this action as a purported class and collective action. They seek to litigate this matter on behalf of themselves and other purportedly similarly situated current and former employees of Getronics who: (1) elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b); and (2) are part of a class of similarly situated current and former New York-based employees, pursuant to Federal Rule of Civil Procedure 23, who are allegedly entitled to unpaid overtime wages under the Labor Law. This case, however, is not properly a class or a collective action and, accordingly, Getronics now moves for a determination to that

effect with respect to Plaintiffs' class and collective allegations. Plaintiffs, two former employees with vastly different jobs, seek to represent an amorphous class of employees in "computer user support" positions, a meaningless and speculative definition, insofar as Getronics' entire organization is devoted to many different levels of computer support.

Plaintiffs cannot maintain a collective or class action on behalf of allegedly similarly situated individuals because the Amended Complaint contains only vague, conclusory and speculative assertions regarding the purported collective nature of this action and the existence of a definable group of similarly situated employees. These transparent allegations do not meet the heightened pleadings standard necessary to survive a motion to dismiss, as set forth in the recent Supreme Court decision of <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __ 127 S.Ct. 1955 (2007), and should be stricken by the Court.

Additionally, Plaintiffs cannot maintain a class or collective action based on the Amended Complaint under Rule 23, because no definable class of employees could be certified thereupon. They cannot seek certification under Rule 23(b)(2) class because the Amended Complaint seeks primarily monetary relief, and thus the Court cannot adjudicate Plaintiffs' claims as a class action from which putative class members cannot opt out. Any assertion that Plaintiffs are seeking primarily injunctive relief, making a 23(b)(2) class appropriate, is belied by their status as <u>former</u> employees. As <u>former</u> employees, Plaintiffs cannot benefit from injunctive relief and therefore lack standing to seek injunctive relief.

Nor can Plaintiffs maintain a Rule 23(b)(3) class. It is by now well settled that common questions will not predominate over class issues for Rule 23(b)(3) purposes where, as here, liability cannot be established on a class-wide basis (due to the disparate nature of the job titles sought to be included in the putative class). The "mini-trials" that would result if this case

were to proceed as currently proposed render a 23(b)(3) class inappropriate for lack of predominance of common claims.

Accordingly, based on the foregoing, Getronics now moves this Court to dismiss or strike Plaintiffs' collective and class action allegations, and allow this case to move forward properly as the two plaintiff action that it is.

## FACTUAL AND PROCEDURAL HISTORY

Getronics employed Mr. Hughes in New York State from approximately January 2006 through June 2007 (Compl. ¶ 14).[1] During this time, Getronics employed Mr. Hughes as a TSS II at the Deutsche Bank facility located in New York City. (Affidavit of Stephanie Fields ("Fields Aff."), ¶¶ 8,9).[2] Getronics employed Ms. Kilger in Houston, Texas from approximately January 2002 through June 2007 (Compl. ¶ 15,16). At the time of her termination, Getronics employed Ms. Kilger as a Network Analyst I at the Getronics facility located in Houston. (Fields Aff., ¶¶ 13-16). Neither Plaintiff presently is employed with Getronics.

The two Plaintiffs performed vastly different duties for two distinct Getronics clients. (Fields Aff., ¶¶ 10-11, 16-17). Neither Plaintiff's job consisted of what Getronics considers or understands to be "computer user support" work, although the work of both, as with most Getronics employees, ultimately related to the Information Technology support Getronics provides for its clients. (Compl. ¶¶ 1, 43, 51; Fields Aff. ¶¶ 6-7, 10-11, 16-17). The other Getronics employees within the Deutsche Bank and Houston locations with the same job title as either Plaintiff performed vastly different types of work. (Fields Aff. ¶¶ 10-12, 15-17; Affidavit

---

[1] Citations are to the Amended Complaint in this matter, a copy of which is attached to the accompanying Affirmation of Felice B. Ekelman ("Ekelman Affirmation") as Exhibit A.
[2] The Fields Aff. is attached to the Ekelman Affirmation as Exhibit B.

of Rick Kremer ("Kremer Aff.") ¶¶ 7-11).[3]  Getronics employees of all levels at the two locations performed work related to computer user support in the broader sense. (Fields Aff. ¶¶ 6-7; Kremer Aff. ¶¶ 14-15).

On or about November 15, 2007, Mr. Hughes filed an original Complaint, individually on behalf of himself and all others similarly situated, in this Court.[4]  On or about February 28, 2008, Mr. Hughes and Ms. Kilger filed and served the Amended Complaint, adding Ms. Kilger as a named party.

In their Amended Complaint, Plaintiffs ask this Court to certify this action as a class action pursuant to Fed. R. Civ. P. 23, and supervise the distribution of notice of the lawsuit to similarly situated current and former employees of Getronics pursuant to 29 U.S.C. § 216(b). (Compl. ¶ 25).  The class of individuals sought to be represented by Plaintiffs is those current and former employees of Getronics in "computer user support positions".  (Compl. ¶ 26). Getronics describes itself on its website as a "leading international networked technology services and solutions company: providing "information and communication technology services for today's network-centric business environments." (Fields Aff. ¶ 4).  Getronics helps its clients develop, maintain and improve their information technology and computer capabilities.  (Fields Aff. ¶ 5).  As made clear in Getronics' "Company Overview" and as set forth in the attached Affidavits, the class Plaintiffs seek to represent is broad enough to encompass virtually all of Defendant's employees not only at the two locations where the Plaintiffs worked, but throughout the United States.[5]

---

[3] The Kremer Aff. is attached to the Ekelman Affirmation as <u>Exhibit C</u>.
[4] The original Complaint was not served until February 27, 2008, some 104 days later.
[5] For example on March 26, 2008, Terrence McDonald, a former Getronics employee in California, opted in to this action.  <u>See</u> Ekelman Affirmation at <u>Exhibit D</u>.  During his employment with Defendant Mr. McDonald was classified by Getronics as non-exempt and he received overtime compensation accordingly. (Fields Aff. ¶ 18).  Mr. McDonald is not even a proper member of the overbroad class proposed by Plaintiffs.  (Complaint ¶¶ 3, 35).

The class Plaintiffs purport to represent is improper for several reasons. First, it is vague and broad enough to encompass virtually all of Getronics' employees throughout the United States. For example, Mr. McDonald opted in to this litigation despite being classified as a non-exempt Field Service Representative. Fields Aff. ¶ 18. Second, the job duties performed by Plaintiffs are distinct and vary greatly as against each other. Plaintiff Hughes was a TSS II who performed hardware troubleshooting within a Build Lab for Getronics client Deutsche Bank; Plaintiff Kilger was a NA I employed at a Getronics facility who oversaw other NA I's in responding to service issues raised by customers of Getronics' client Cisco. (Fields Aff. ¶¶ 16-17; Kremer Aff. ¶¶ 9-12). Third, the job duties performed by Plaintiffs vary as extensively from those of fellow Getronics' employees. (Fields Aff. ¶¶ 11, 16; Kremer Aff. ¶¶ 7-12). Finally, the workplace settings and conditions of employment of the named Plaintiffs and other Getronics employees are unique based, *inter alia*, upon their location, the responsibilities of their team (and Business Unit) and the client contract to which they are assigned. For example, Plaintiff Kilger worked at a Getronics facility in Houston, Texas, while Plaintiff Hughes was employed by Getronics on site at the Deutsche Bank facility in New York City.

Therefore, based entirely on Plaintiffs' insufficient and speculative allegations, Defendant files this motion to strike Plaintiffs' class and collective allegations.

## ARGUMENT

## POINT I

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION ALLEGATIONS FAIL TO RISE ABOVE THE SPECULATIVE AND SHOULD BE DISMISSED

Fed. R. Civ. P. 12(c) provides that: "after the pleadings are closed, but early enough not to delay trial, a party may move for a judgment on the pleadings." The standard for

evaluating a motion brought under Rule 12(c) is the same for evaluating a motion brought under Rule 12(b)(6). See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001); Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638 (2d Cir. 1998); Sheppard v. Beerman, 18 F.3d 147 (2d Cir. 1994). Fed. R. Civ. P. 8(a) requires that a Plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (emphasis added). In Twombly, the Supreme Court recently held that in order for a Complaint filed under Rule 8 to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1969. Plaintiffs' Amended Complaint fails to meet this standard in that no plausible class meeting Plaintiffs' proposed definition, namely "computer user support" employees of IT provider Getronics who are similarly situated to Plaintiffs and each other, exists or could exist.[6]

    While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. The factual allegations of a complaint "must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (emphasis added). In Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092(NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007), a recent FLSA case decided in this District, Judge Buchwald invoked the Twombly standard in dismissing the Plaintiffs' allegations of a joint employment relationship among

---

[6] Where Plaintiffs in FLSA cases seek to represent overbroad and inadequately defined classes of allegedly similarly situated employees, certification under 29 USC § 216(b) is not appropriate. See e.g. Guess v. US Bancorp., 2008 WL 544475. In Guess, the named plaintiff sought to represent a class of all allegedly misclassified employees who were engaged in the "business of originating and selling Financial Products" for the banking conglomerate Defendant. Id. at *2. His class definition included the term "Financial Services Representative", despite the fact that no such job title existed within Defendant's organization. Id. at *2-3. The court denied Plaintiff's motion based on the lack of evidence that other sales employees were similarly situated to Plaintiff. Id. at *3-4.

multiple Defendants. Id. at *3-5 ("Despite having amended their complaint twice, plaintiffs have not pled sufficient facts to meet the economic realities test"). The Court pointed out that the Cannon complaint contained "only two facts that can possibly be used to infer that [Defendants] were joint employers" and apart from those facts alleged nothing "beyond reciting the elements of a joint employer arrangement". Id. at *4-5; see also Copley v. Fla. Physicians Ins. Co., No. 8:07-cv-2100-T-30TGW, 2008 WL 544875 at *1-2 (M.D. Fl. Feb. 26, 2008)(citing Twombly and dismissing Plaintiff's claim of misclassification under the FLSA for failure to "plead sufficient facts demonstrating how or why she should not be classified as an administrative employee exempt from the FLSA").

Here, Plaintiffs' collective and class action allegations, contained principally in Paragraphs 34-39 of the Amended Complaint and incorporating Plaintiffs' untenable "computer user support" class definition, are exactly this type of vague recitation and the very epitome of "speculative". As in Cannon, Plaintiffs here have "recited the elements" of a legal claim only, without any factual support. Paragraph 34 simply identifies that Defendant assigned Plaintiffs work. Paragraph 35 generically states that "upon information and belief" Defendant misclassified "computer user support positions" as exempt. Paragraph 36 states "upon information and belief" that Defendant did not train Plaintiffs and others on the difference between exempt and non-exempt work. Paragraph 37 states in conclusory fashion, with no factual support whatsoever, that Defendant failed to record the time its employees worked, failed to keep payroll records, misclassified Plaintiffs and others and failed to pay overtime. Paragraphs 38 and 39 make vague factual and legal generalizations that Defendant maintained a corporate policy of "minimizing labor costs", and that its conduct has been "consistent". These

same allegations likely are no different than those contained within any other complaint seeking relief pursuant to the FLSA.[7]  As such, they should be dismissed.

**POINT II**

**THE COURT SHOULD STRIKE PLAINTIFFS' RULE 23 CLASS ACTION CLAIMS**

The Federal Rules of Civil Procedure authorize the Court to strike and/or dismiss Rule 23 class allegations from the Amended Complaint.  Fed. R. Civ. P. 23(d)(4) provides:

> In the conduct of actions to which this rule applies, the court may make appropriate orders…requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the actions shall proceed accordingly….

Subsection (c) of Rule 23 provides that the court should make a determination as to whether a class action is maintainable "as soon as practicable after the commencement of an action."  After the filing of a complaint, but before the plaintiffs have filed a motion for class certification, is <u>not</u> too soon for the Court to make this determination.  <u>See</u> <u>Thompson v. Merck & Co, Inc.</u>, No. C.A. 01-1004, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004); <u>see also</u> <u>Caruso v. Allstate Insurance Co.</u>, No. 06-2613, 2007 WL 2265100 (E.D. La. Aug. 3, 2007).  "Courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class."  <u>Glewwe v. Eastman Kodak Co.</u>, No. 05-CV-6462T, 2006 WL 1455476, at *2 (W.D.N.Y. May 25, 2006).

**A.**    **Plaintiffs Cannot Maintain A Class Action Seeking Injunctive Relief Under Rule 23(b)(2) Because They Are Not Current Employees And Because They Seek Monetary Relief**

**1.**    **Injunctive Relief Is Not Available To Plaintiffs Because They Are No Longer Employed with Defendant**

---

[7]    Not only are these allegations "stock" allegations which "recite the elements" of the claim only, in this case they are false.  Defendant recorded the time worked by its employees, including Plaintiffs, and as a matter of practice maintains payroll records as required by the FLSA and the Labor Law.  <u>See</u> Fields Aff. ¶ 19.

8

Rule 23(b)(2) provides that an action "may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition . . . the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief with respect to the class." Fed. R. Civ. P. 23(b)(2).[8]  Because Rule 23(b)(2) is silent as to whether plaintiffs may also seek monetary remedies under this subsection, courts have been left to decide the availability of monetary relief under this Rule.  As one Court has noted:

> Class actions under Rule 23(b)(2) are proper if injunctive or declaratory relief would be appropriate for an entire class.  The Rule may be utilized if a party's action or inaction affects an entire class seeking relief.  As a general rule, class certification under Rule 23(b)(2) is improper if the primary relief sought by the action is monetary damages.  However, if monetary damages are merely incidental to plaintiffs' request for injunctive or declaratory relief, class actions may be certified under Rule 23(b)(2).

Bolanos v. Norwegian Cruise Lines Limited, 212 F.R.D. 144 (S.D.N.Y. 2002)(internal quotation marks and citations omitted).

Here, neither Plaintiff is still employed with Defendant.  The alleged payment practices described in the Amended Complaint are no longer affecting either Plaintiff.  Thus, they have no standing to request injunctive relief and, therefore, their claims are necessarily limited to money damages, and certification under Rule 23(b)(2) would be inappropriate.  See Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006); Harris v. Initial Security Inc., No. 05 Civ. 3873(GBD), 2007 WL 703868 (S.D.N.Y. Mar. 7, 2007); see also Wiegele v. Fedex Ground Package System, Inc., No. 06-CV-1330, 2008 WL 410691, at *7 (S. D. Ca. Feb. 12,

---

[8] Rule 23(a) sets forth the prerequisites to a class action.  It states that a class action may be maintained only where there is numerosity, commonality, typicality and the representative parties will fairly and adequately protect the interest of the class.  Fed. R. Civ. P. 23(a).  The burden of proof rests on the Plaintiffs to show that all these requirements are met.  See Morel v. Giuliani, 927 F. Supp. 622, 632 (S.D.N.Y. 1995); see also Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968), vacated and remanded on other grounds, 417 U.S. 156 (1974).

2008)("Mr. Wiegele and each of the Plaintiffs' declarants are former employees that cannot benefit from prospective injunctive relief. Therefore, the Court finds certification under Rule 23(b)(2) inappropriate"). Even at this early stage of litigation, it is clear that the Court <u>cannot</u> certify the class sought by Plaintiffs pursuant to Rule 23 (b)(2).

### 2. <u>Even if the Court Finds Plaintiffs May Seek Injunctive Relief Under Rule 23(b)(2), It Is Incidental To The Monetary Damages Sought In The Amended Complaint</u>

As noted above, Rule 23(b)(2) certification is inappropriate if the <u>primary</u> relief sought is monetary damages. The Second Circuit has provided the following guidance in determining if money damages are primary or incidental:

> [A]lthough the assessment of whether injunctive or declaratory relief predominates will require an ad hoc balancing that will vary from case to case, before allowing (b)(2) certification a district court should, at a minimum, satisfy itself of the following: (1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits. Insignificant or sham requests for injunctive relief should not provide cover for (b)(2) certification of claims that are brought essentially for monetary recovery.

<u>Robinson v. Metro-North Commuter Railroad</u>, 267 F.3d 147 (2d Cir. 2001). Applying the *ad hoc* approach set forth in <u>Robinson</u>, this Court should strike Plaintiffs' class allegations as stated in the Amended Complaint. Plaintiffs' primary claims are for monetary relief. Although they request injunctive relief and declaratory relief, the monetary relief sought is central and predominant throughout the Amended Complaint:

- **"<u>Plaintiffs Were Not Paid Proper Overtime Wages</u>** – Consistent with Getronics's policy and pattern or practice, Plaintiffs regularly worked in excess of 40 hours per week without being paid overtime wages." (<u>See</u> Compl. ¶ 57).

- "Getronics failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA." (<u>See</u> Compl. ¶ 69).

10

- "As a result of the unlawful acts of Getronics, Plaintiffs and the FLSA class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b)." (See Compl. ¶ 73).

- "Due to Getronics's violation of the New York Labor Law, Plaintiff Hughes and the Rule 23 Class Members are entitled to recover from Getronics their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest." (See Compl. ¶ 79).

In fact, Plaintiffs only identify injunctive relief in two paragraphs of the Amended Complaint (Compl. ¶¶ 7, 28), and request declaratory and injunctive relief only in the "Prayer for Relief". Courts have found such secondary emphasis on injunctive relief to preclude certification of a class under 23(b)(2). See Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222, 228 (S.D.N.Y. 2003)("Although plaintiffs request certification of their ERISA and state statutory wage claims under Rule 23(b)(2), these claims seek money damages for the most part. Accordingly, certification [under 23(b)(2)] would be inappropriate"); see also Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001)(citing Eisen, 391 F.2d at 564) ("Subsection (b)(2) was never intended to cover cases…where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominantly injunctive or declaratory"). Here, the monetary damages (for wages allegedly owed) are not incidental to the requested equitable relief (from which the two Plaintiffs would derive no benefit). In fact, Plaintiffs' claims for declaratory and injunctive relief are nothing more than "insignificant or sham requests" which cannot and should not provide cover for (b)(2) certification of claims that are brought essentially for monetary recovery. See Robinson, supra.

Moreover, the type of damages Plaintiffs request in the Amended Complaint will require a burdensome, individualized inquiry into the damages allegedly suffered by each

11

Plaintiff, essentially tens if not hundreds of "mini trials", raising a presumption that monetary relief will pre-dominate Plaintiffs' claims. "A Rule 23(b)(2) action cannot resolve individualized issues of fact, nor provide different types of relief required to redress individual injuries. A class action may not be certified under 23(b)(2) if relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant." In re MRBE Products Liability Litigation, 209 F.R.D. 323 (S.D.N.Y. 2002).

**B.**   **Plaintiffs' Allegations Do Not Support A Rule 23(b)(3) Class Because Any Analysis Of Class-Wide Liability Will Require a Burdensome, Individualized Inquiry**

Rule 23(b)(3) permits certification of a class action, which otherwise meets the requirements of 23(a) when

> ...the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum and (d) the difficulties likely to be encountered in the management of a class action.

Fed R. Civ. P. 23(b)(3).[9] For a class to be certified under 23(b)(3), Plaintiffs must demonstrate: (1) that the questions of law or fact common to members of the class predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for the full and fair adjudication of the controversy. See Lewis v. National

---

[9] While Defendants focus here is on subsection 23(b), as noted *supra* in fn. 6, it is Plaintiffs' burden to demonstrate that all elements of Fed R. Civ. P. 23 are met. Defendant in no way concedes that the other elements of the Rule are or can be satisfied with respect to the present proposed class.

Financial Systems, Inc., No. 06-1308 (DRH)(ARL), 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007).

Here, Plaintiffs' claims for compensatory damages for failure to pay overtime wages will require individualized inquiry into each putative member's claims, FLSA classification and particular factual setting, which at Defendant's company spans a wide variety of geographic locations, numerous client settings, various skill-sets and technical certification requirements, to name but a few. Adjudicated in a class setting, such a case would require tens, if not hundreds, of mini-trials to resolve each particular employee's claims, a scenario which is not appropriate for a class action. See Moore v. PaineWebber, Inc., 306 F.3d 1247 (2d Cir. 2002). Certifying a class here would be inappropriate as the exemption issue is unique to each individual putative plaintiff. There is hardly commonality or typicality in this regard. See Spann v. AOL Time Warner, Inc., 219 F.R.D. 307 (S.D.N.Y. 2003)(denying class certification where individualized inquiry for plaintiff precluded finding of typicality).

### 1. Questions of Law And Fact Common To The Class Generally Do Not Predominate Over Questions Affecting Plaintiffs Specifically

In order to meet the predominance requirement of Rule 23(b)(3), "a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole...predominate over those issues that are subject only to individualized proof." Wal-Mart Stores, Inc. v. Visa USA, Inc., 280 F.3d 124 (2d Cir. 2001). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Moore v. PaineWebber, Inc., supra. The 23(b)(3) predominance requirement is far more demanding that the commonality requirement of Rule 23(a). See Vengurlekar, supra. Numerous courts have denied certification where common issues of law are not present or where resolving the claims for relief would require individualized

inquiries. See Myers v. The Hertz Corporation, No. 02 Civ. 4325(BMC)(MLO), 2007 WL 2126264, at *1 (E.D.N.Y. July 24, 2007)(denying class certification where the court would have to conduct a "fact intensive inquiry into each potential plaintiff's employment status" under the FLSA); see also Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002).

Here, individual issues clearly predominate over common ones. In fact, because the exemption analysis required to resolve Plaintiffs' Labor Law claims is dependent upon an individualized inquiry into each employee's actual job duties, as discussed supra, 23(b)(3) certification is inappropriate. There are myriad individual inquiries necessary to understand each employee's job duties. (Fields Aff. ¶¶ 6-7, 11, 16-17; Kremer Aff. ¶¶ 7, 12, 14-15.)[10]

"Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable. A proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member." Toure v. Central Parking Systems of New York, No. 05 Civ. 5237(WHP), 2007 WL 2872455, at *5 (S.D.N.Y. Sept. 28, 2007)(quoting Bakalar v. Vavra, 237 F.R.D. 59 (S.D.N.Y. 2006)). One of the reasons for this requirement is that, without it, defining membership in the proposed class would involve a "mini-hearing on the merits of each class member's case". Mike v. Safeco Ins. Co. of Am., 274 F.Supp. 2d 216, 220-221 (D. Conn. 2003)(declining to allow the plaintiff to pursue an FLSA collective action because "the proof in this case is specific to the individual" in that the main issue was whether each individual employee was exempt); see also Kline v. Sec. Guards, Inc., 196 F.R.D. 261, 268 (E.D. Pa. 2000) rev'd and remanded on other grounds by Kline v. Sec. Guards, Inc., 386 F.3d 246 (3d Cir. 2004)("Because it would be impossible to

---

[10] Even if Plaintiffs were correct that they and others similarly situated were improperly classified, this Court would have to address each member's individual right to overtime compensation. This would require individualized inquiries into how many hours in excess of 40 each putative class member worked during the limitations period to establish a damage award.

definitively identify class members prior to individualized fact-finding and litigation, the proposed class fails one of the basic requirements for a class action under Rule 23 under the Federal Rules of Civil Procedure"). Here, based on the attached affidavits, it is clear even at this early stage that Plaintiffs cannot demonstrate that the sought after class is "precise" or even "presently ascertainable."

**2.    A Class Action Is Not Superior Because It Requires Absent Class Members To Waive Their Statutory Rights**

Plaintiffs must also demonstrate that the proposed class action is superior to other means of adjudication available to them. Fed. R. Civ. P. 23(b)(3). In analyzing the superiority of a class action to adjudicate wage claims under the Labor Law, Judge Cogan of the Eastern District recently noted:

> Plaintiffs suing under the NYSLL [the Labor Law] who wish to pursue a class action must make at least one significant sacrifice over people who sue individually – waive their entitlement to recover liquidated damages. Section 901(b) of the New York Civil Practice Law and Rules precludes a class action based upon a statute "creating or imposing a penalty, or a minimum measure of recovery," unless that statute also provides for recovery in a class action. The NYSLL does not provide for suit by class action. Therefore, liquidated damages are unavailable to class plaintiffs alleging a violation of the NYSLL...Therefore, even if plaintiffs could satisfy the other requirements of Rule 23, it is unclear if a class action would be superior.

Myers, 2007 WL 2126264, at *7. Because the Amended Complaint fails to assert how a class action would be a superior method of proceeding with the Labor Law claims in light of the requirement of waiver of liquidated damages (Compl. ¶ 79), this Court should strike Plaintiffs' class action allegations.

## POINT III

**THE COURT SHOULD STRIKE PLAINTIFFS' STATE LAW RULE 23 ALLEGATIONS BECAUSE THEY CONFLICT WITH THE CONGRESSIONALLY MANDATED OPT-IN PROCEDURE SET FORTH IN 216(B), AS WELL AS THE NEW YORK CIVIL PRACTICE LAW AND RULES**

**A.    The Rules Enabling Act Prohibits This Lawsuit From Being Brought As Both A Class And Collective Action**

Even if the Court determines that Plaintiffs' class action allegations are proper pursuant to Rule 23, the Court should nevertheless dismiss them because use of the Rule 23 class action vehicle, if allowed to proceed in combination with a nationwide 216(b) collective action, will abridge the rights of Getronics and those of putative class members under the FLSA. The Rules Enabling Act (the "REA") provides that rules of practice and procedure "shall not abridge, enlarge or modify a substantive right."  28 U.S.C. § 2072(b).  Fed. R. Civ. P. 23 is a rule of procedure; it creates no substantive rights.  See United States ex rel. Greenville Equip. Co. v. United States Cas. Co., 218 F.Supp. 653, 656 (D. Del. 1962)(holding that the Federal Rules of Civil Procedure "as the name indicates, are of a procedural nature, leaving matters of substantive rights to be otherwise determined").

Under 216(b), individuals have the substantive right to choose the time and venue to litigate their wage and overtime claims. See Moeck v. Gray Supply Corp., Civ. No. 03-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 5, 2006)("Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions"); see also McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004)("The FLSA's opt-in provision directly contrasts with Rule 23's opt-out scheme and demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA take affirmative steps to become

16

members of a class seeking redress of those claims in federal court"). Under this opt-in scheme, an individual has the right to litigate his or her wage and hour claims as a party plaintiff and not be bound by a judgment as an absent member of a purportedly representative class. See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91, 95 (S.D.N.Y. 2003)(holding that "in an FLSA collective action, only potential plaintiffs who 'opt in' can be 'bound by the judgment' or 'benefit from it'".).

Allowing Plaintiffs to proceed with their class claims under the Labor Law would directly conflict with the procedures established by Congress for representative wage and hour actions. Not only are individuals provided certain substantive rights by 216(b), Getronics (and all employers) have the right to litigate claims for unpaid overtime only against individuals who affirmatively opt into an action as "party plaintiffs" and to not be bound by a judgment with respect to overtime claims belonging to absent members of a purportedly representative class. Thus, under the REA, neither Plaintiffs nor this Court can utilize Rule 23 in this case where doing so would impermissibly deprive individuals of their substantive FLSA rights.[11]

The adjudication of a Rule 23 New York Labor Law class action for overtime wages will resolve the wage claims of all class members who do not opt out of the class (as ultimately defined by the Court). If the Rule 23 class claims are litigated with the 216(b) collective action, there will be individuals among the Rule 23 class members who did not affirmatively opt-in to the collective action. Additionally, because the statute of limitations pursuant to the Labor Law is six years and the statute of limitations pursuant to the FLSA is, at

---

[11] See Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975), in which the Court noted "It is crystal clear that 16(b) precludes pure Rule 23 class actions in FLSA suits." Additionally, the Rule 23 Advisory Committee Notes identified the conflict between Rule 23 and 216(b) and recognized that 216(b) takes precedence ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23 as amended."). See Fed. R. Civ. P. 23 Adv. Comm. Notes.

most, three years, there will be Rule 23 class members who <u>cannot</u> opt into the collective action (if they were employed by Getronics four, five and six years ago).[12]

The overtime claims of those individuals who do not or cannot opt into the collective action will nevertheless be adjudicated under state law with those Rule 23 class members who opt in. The claims of the employees and former employees who did not or could not opt in will terminate because they will have recovered overtime in this lawsuit, or been deemed by the Court ineligible for overtime pay under state law, and the principle of *collateral estoppel* and *res judicata* will apply. <u>See</u> <u>Chao v. A-One Med. Servs., Inc.</u>, 346 F.3d 908 (9th Cir. 2003)(affirming the dismissal of the FLSA claim of one of the eight employees because the employee had previously litigated a state law claim for overtime pay against her employer). <u>See also</u> <u>Gonzalez v. City of New York</u>, 396 F.Supp.2d 411 (S.D.N.Y. 2005)(employment discrimination claims of police officers were barred by *res judicata* where officers were absent class members in prior class action involving the same facts). The effect of Plaintiffs' proposed dual certification of class and collective actions eliminates employees' substantive rights to bring their own overtime claims under the FLSA, thereby undermining the Congressional intent behind 216(b), as well as the REA.

<u>Moeck v. Gray Supply Corp.</u>, 2006 WL 42368, is instructive. There, the district court rejected the plaintiffs' attempt to maintain a New Jersey state law overtime claim on a class wide basis, finding that doing so in conjunction with proceeding as a collective action would have been contrary to the FLSA. Because the plaintiffs' state wage and hour claims were

---

[12] In addition to contravening the REA and the opt-in mechanism contained in 216(b), certification of a class of pendent Labor Law plaintiffs who lack their own federal claim (on account of the shorter statute of limitations) may exceed this Court's supplemental jurisdiction under 28 U.S.C. § 1367. <u>See</u> <u>Foster v. Food Emporium</u>, No. 99 CIV 3860 CM, 2000 WL 1737858 at *3 (S.D.N.Y. Apr. 26, 2000)("It would be improper to bring persons who have no Federal claim into this Court under the guise of a collective action so they can pursue State law claims that they can only bring on their own and not collectively"); <u>Legrand v. Education Management Corp</u>, No. 03 Civ. 9798(HB)(HBP), 2004 WL 1962076, (S.D.N.Y. September 2, 2004).

premised on the same facts as their FLSA claims (as are Plaintiffs' claims here), the Court held that permitting them to "circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." Id. at *5. See also Himmelman v. Continental Casualty Co., Civ. No. 06-166(GEB), 2006 WL 2347873 (D.N.J. Aug. 11, 2006)(striking state law class allegations because the Rule 23 opt-out scheme is "inherently incompatible" with the FLSA opt-in mechanism); Jackson v. City of San Antonio, 220 F.R.D. 55, 60 (W.D. Tex. 2003)(permitting a Rule 23 state law class action to be joined with an FLSA action would "flaunt the Congressional intention that FLSA claims proceed as an opt-in scheme").

**B.     Section 901(b) of The CPLR Prohibits This Action From Being Brought As A Class And Collective Action**

For similar reasons, it would violate the REA to allow Plaintiffs to maintain a class action in light of their proposed waiver of liquidated damages (under the Labor Law). Pursuant to §901(b) of the CPLR:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery, specifically authorizes the recovery thereof in a class action, an action to recover a penalty or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

Because liquidated damages under the Labor Law constitute a penalty within the meaning of CPLR §901(b), Plaintiffs may not maintain their claims as a class action. See Woods v. Champion Courier, N.Y.L.J., Oct. 9, 1998, at 1-2 (N.Y. Sup. Ct. Sept. 23, 1998)(holding that liquidated damages under the Labor Law were "punitive damages" and thus a "penalty" under §901(b)).

Plaintiffs' purported waiver of liquidated damages cannot save their claims. New York law makes clear that mandatory statutory penalties are <u>not</u> waivable and claim brought under that statute cannot be maintained as a class action. In <u>Asher v. Abbott Labs.</u>, 290 A.D.2d 208, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002), the First Department held that an action under the Donnelly Act could not be maintained as a class action because the statute provided for a penalty, "the recovery of which in a class action is not specifically authorized and <u>the imposition of which cannot be waived.</u>" <u>Id</u>. at 4 (emphasis added); <u>Cox v. Microsoft Corp.</u>, 290 A.D.2d 206, 737 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2002)(finding that treble damages are penal in nature and mandatory, and thus refusing to allow a class action under CPLR §901(b)); <u>Rubin v. Nine West Group, Inc.</u>, No. 0763/99, 1999 WL 1425364, at *2-3 (N.Y. Sup. Ct. Nov. 3, 1999)(same).

Because the New York appellate courts to address the issue of a mandatory penalty have ruled that there cannot be a waiver of mandatory penalties under §901(b), this Court should follow those decisions and find that Plaintiffs have improperly sought to bring this action as a class action, and therefore strike Plaintiffs' class allegations.

## CONCLUSION

Therefore, pursuant to Fed. R. Civ. P. Rule 23(d)(4) and Fed. R. Civ. P. 12(c), and

29 U.S.C. § 216(b) Getronics asks that this Court strike Plaintiffs' class and collective action

allegations and allow this action to proceed solely as a two-plaintiff action.

Dated: New York, New York
       April 28, 2008

       Respectfully submitted,

       JACKSON LEWIS LLP
       *ATTORNEYS FOR DEFENDANTS*
       59 Maiden Lane
       New York, New York 10038
       (212) 545-4000

By:           
       FELICE B. EKELMAN (FE-5692)
       DAVID S. GREENHAUS (DG-0466)

21

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, the **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

JUSTIN M. SWARTZ, ESQ.
OUTTEN & GOLDEN
*ATTORNEYS FOR PLAINTIFFS*
3 Park Avenue, 29th Floor
New York, New York 10016

RICHARD J. (REX) BURCH, ESQ.,
BRUCKNER BURCH PLLC
*ATTORNEYS FOR PLAINTIFFS*
1415 Louisiana, Suite 2125
Houston, Texas 77002

DAVID S. GREENHAUS (DG-0466)

\\Nyfs01\nylib\AbeysekeraS\Getronics Wang\Pleadings\MOL MtD.doc