**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (TX 24001807) *(Pro Hac Vice Motion Pending)*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

**UNITED STATES DISTRICT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN HUGHES and CRYSTIE KILGER on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br>      -against-<br><br>GETRONICS WANG LLC;<br>GETRONICS USA, INC.; and<br>GETRONICS FLEXIBLE SOLUTIONS, LLC,<br><br>                        Defendants. | 07-CV-10356 (LAK) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION PURSUANT TO FEDERALS RULES OF CIVIL PROCEDURE 12(C) AND 23(D) AND 29 U.S.C. §216(B)**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... i

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND .........................................................................................3

PROCEDURAL HISTORY ............................................................................................3

ARGUMENT ..................................................................................................................4

I.    The Court Should Reject Defendants' Premature Attempt to Inject Class
      Certification Issues At The Pleading Stage ........................................................4

II.   The FAC Meets the Federal Rules' Liberal Pleading Standards ........................6

      A.    The FAC Satisfies Rule 23 .....................................................................8

            1.    The FAC Satisfies Rule 23(a) ......................................................8

            2.    The FAC Satisfies Rule 23(b) ......................................................9

                  a.    Plaintiffs Adequately Plead Superiority; their Waiver of
                        Liquidated Damages Has Not Impact on Superiority .....................9

                  b.    Plaintiffs Adequately Plead Predominance; the
                        Potential for "Individual Inquiries" Does Not Defeat
                        Predominance ................................................................................11

            3.    The Plaintiffs' Proposed Class Definitions are Sufficient .........14

      B.    The FAC Satisfies 29 U.S.C. § 216(b) ................................................14

III.  Plaintiffs' NYLL Class Allegations Should Not Be "Stricken" ......................15

      A.    Defendants Cite No Procedural Mechanism That Allows The Court To
            "Strike" Plaintiff's Class Claims ........................................................15

      B.    Defendants Do Not Establish Any of the Elements of a Rule 12(f)
            Motion ..................................................................................................16

      C.    Plaintiffs' NYLL Class Action Does Not Violate The Rules Enabling
            Act .......................................................................................................17

D.   A FLSA Collective Action is Not "Incompatible" with a NYLL Class Action ...................................................................................................19

E.   The Court Has Jurisdiction Over Plaintiffs' NYLL Claims ..................................20

   1.   The Court Has Original Jurisdiction Over Plaintiffs' NYLL Claims ..........................................................................................20

   2.   The Court Has Supplemental Jurisdiction Over Plaintiffs' Claims .........................................................................................21

F.   Plaintiffs' May Waive Liquidated Damages.........................................................23

CONCLUSION ...............................................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Ad-Hoc Committee of Baruch Black & Hispanic Alumni Associate v. Bernard M.*
*Baruch College,*
    835 F.2d 980 (2d  Cir. 1987)..............................................................................................7

*Aguayo v. Oldenkamp Trucking,*
    No. CV-F-04-6279, 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. Oct. 3, 2005) .....................1

*AmBase Corp. v. City Investing Co. Liquidating Trust,*
    326 F.3d 63 (2d Cir. 2003)...................................................................................................7

*Ansoumana v. Gristede's Operating Corp.,*
    201 F.R.D. 81 (S.D.N.Y. 2001) ................................................................1, 11, 21, 22, 24

*In re Arthur Treacher's Franchisee Litigation,*
    93 F.R.D. 590 (E.D. Pa. 1982).............................................................................................6

*Baas v. Dollar Tree Stores, Inc.,*
    No. 07-CV-3108, 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. Aug. 29, 2007) ...........1, 6, 21

*Bahramipour v. Citigroup Global Markets, Inc.,*
    No. 04-CV-4440, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006) .......................1

*Ballard v. Community Home Care Referral Serv.,*
    264 A.D.2d 747, 695 N.Y.S.2d 130 (App. Div. 1999) ......................................................23

*Bamonte v. City of Mesa,*
    No. 06-CV-1860, 2007 U.S. Dist. LEXIS 50101 (D. Ariz. July 10, 2007) ........................1

*Barnett v. Washington Mut. Bank, FA,*
    No. 03-CV-0753, 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004) .......................1

*Barnhart v. Safeway Stores, Inc.,*
    No. S-92-0803, 1992 U.S. Dist. LEXIS 22572 (E.D. Cal. Dec. 14, 1992).........................4

*Bartleson v. Winnebago Industrial Inc.,*
    No. C02-3008, 2003 U.S. Dist. LEXIS 19058 (N.D. Iowa Oct. 24, 2003) ........................1

*Beauperthuy v. 24 Hour Fitness USA, Inc.,*
    No. 06-CV-715, 2006 U.S. Dist. LEXIS 88988 (N.D. Cal. Nov. 28, 2006) ......................6

*Belbis v. County of Cook,*
    No. 01-CV-6119, 2002 U.S. Dist. LEXIS 22426 (N.D. Ill. Nov. 13, 2002) .......................1

*Bell Atlantic v. Twombly*,
    _ U.S. _ 127 S. Ct. 1955 (2007)................................................................8, 12

*Beltran-Benitez v. Sea Safari, Ltd.*,
    180 F. Supp. 2d 772 (E.D.N.C. 2001)..................................................1

*Bodner v. Banque Paribas*,
    202 F.R.D. 370 (E.D.N.Y. 2000) ..........................................................4

*Breeden v. Benchmark Lending Group, Inc.*,
    229 F.R.D. 623 (N.D. Cal. 2005)..........................................................1

*Brickey v. Dolencorp, Inc.*,
    244 F.R.D. 176 (W.D.N.Y. 2007).................................................1, 5, 7, 21

*Brzychnalski v. UNESCO, Inc.*,
    35 F. Supp. 2d 351 (S.D.N.Y. 1999).................................................1, 21, 24

*Burlington Northern R. Co. v. Woods*,
    480 U.S. 1, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987)............................17

*Burns v. U. S. R. Retirement Board*,
    226 U.S. App. D.C. 178 (D.C. Cir. 1983)..........................................14

*Business Guides, Inc. v. Chromatic Communs. Enterprises, Inc.*,
    498 U.S. 533, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991)................18

*Cannon v. Douglas Elliman, LLC*,
    No. 06-CV-7092, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) ......................8

*Chan v. Triple 8 Palace*,
    No. 03-CV-6048, 2004 U.S. Dist. LEXIS 9359 (S.D.N.Y. May 24, 2004) .................1, 21

*Chateau de Ville Products, Inc. v. Tams-Witmark Music Library, Inc.*,
    586 F.2d 962 (2d Cir. 1978)..................................................................4

*Chavez v. IBP, Inc.*,
    No. 01-CV-5093, 2002 U.S. Dist. LEXIS 24598 (E.D. Wash. Oct. 28, 2002) ...................1

*Copley v. Florida Physicians Ins. Co.*,
    No. 07-CV-2100, 2008 U.S. Dist. LEXIS 14296 (M.D. Fla. Feb. 26, 2008) ......................8

*In re Crude Oil Commodity Litigation*,
    No. 06-CV-6677, 2007 U.S. Dist. LEXIS 66208 (S.D.N.Y. Sept. 7, 2007)......................21

*Cryer v. Intersolutions, Inc.*,
   No. 06-CV-2032, 2007 U.S. Dist. LEXIS 29241 (D.D.C. Apr. 20, 2007) .........................1

*De Asencio v. Tyson Foods, Inc.*,
   342 F.3d 301 (3d Cir. 2003).............................................................................................22

*Diaz v. Scores Holding Co., Inc.*,
   No. 07-CV-8718, 2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008) ............1, 17, 19

*Doninger v. Pac. Northwest Bell, Inc.*,
   564 F.2d 1304 (9th Cir. 1977) ............................................................................................4

*Duchene v. Michael L. Cetta, Inc.*,
   244 F.R.D. 202 (S.D.N.Y. 2007) ..................................................................................1, 21

*EEOC v. Local 638*,
   No. 71-CV-2877, 2004 U.S. Dist. LEXIS 21682 (S.D.N.Y. Oct. 28, 2004) ....................13

*Ellis v. Edward D. Jones & Co.*,
   527 F. Supp. 2d 439 (W.D. Pa. 2007)...............................................................................19

*Ellison v. Autozone, Inc.*,
   No. 06-CV-7522, 2007 U.S. Dist. LEXIS 70187 (N.D.  Cal. Sep. 13,
   2007) .....................................................................................................................1, 19, 20, 21

*Farhy v. Janney Montgomery Scott, LLC*,
   Nos. 06-CV-3202, 06-CV-3969, 2007 U.S. Dist. LEXIS 39112 (E.D. Pa. Apr. 26,
   2007) ................................................................................................................................17

*In re Farmers Insurance Exch. Claims Representative Overtime Pay Litigation*,
   No. 1439, 2003 U.S. Dist. LEXIS 25717 (D. Or. May 19, 2003) ......................................1

*Fasanelli v. Heartland Brewery, Inc.*,
   516 F. Supp. 2d 317 (S.D.N.Y. 2007).............................................................................15

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005)..................................................................................1, 21

*Freeman v. Hoffman-Laroche, Inc.*,
   No. 07-CV-1503, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 18, 2007)..............1, 17, 19

*In re Frontier Insurance Group, Inc. Sec. Litigation*,
   172 F.R.D. 31 (E.D.N.Y. 1997) .......................................................................................12

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   903 F.2d 176 (2d Cir. 1990)..............................................................................................12

*Glewwe v. Eastman Kodak Co.*,
    No. 05-CV-6462, 2006 U.S. Dist. LEXIS 33449 (W.D.N.Y. May 25, 2006) ....................6

*Gomez v. Toledo*,
    446 U.S. 635 (1980) ...........................................................................................................8

*Gonzalez v. Nicholas Zito Racing Stable, Inc.*,
    No. 04-CV-22, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008) ...................1, 21

*Green v. Wolf Corp.*,
    406 F.2d 291 (2d Cir. 1968) .............................................................................................10

*Greene v. Robert Half International, Inc.*,
    No. C05-03248, 2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006) ................1, 19

*Guzman v. VLM, Inc.*,
    No. 07-CV-1126, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct. 11, 2007) ..............15, 24

*Guzman v. VLM, Inc.*,
    No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2,
    2008) .................................................................................1, 10, 11, 17, 19, 21

*Harris v. City of New York*,
    186 F.3d 243 (2d Cir. 1999) ...............................................................................................8

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,
    883 F.2d 1286 (7th Cir. 1989) ..........................................................................................16

*Hoffman v. Sbarro, Inc.*,
    982 F. Supp. 249 (S.D.N.Y. 1997) .....................................................................................7

*Horn v. Associated Wholesale Grocers Inc.*,
    555 F.2d 270 (10th Cir. 1977) .........................................................................................10

*Hudson v. Delta Air Lines*,
    90 F.3d 451 (11th Cir. 1996) ............................................................................................14

*Hunt v. Pritchard Industrial, Inc.*,
    No. 07-CV-0747, 2007 U.S. Dist. LEXIS 47749 (S.D.N.Y. July 3, 2007) ......................21

*Iglesias-Mendoza v. LaBelle Farm, Inc.*,
    239 F.R.D. 363 (S.D.N.Y. 2007) ......................................................1, 11, 13, 15, 21, 24

*Jacobs v. Macy's East, Inc.*,
    A.D.3d 318, 792 N.Y.S. 2d 574 (App. Div. 2d Dep't 2005) ............................................23

*Jankowski v. Castaldi*,
  No. 01-CV-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 13, 2006) ............1, 13, 21

*K.P. v. Corsey*,
  Fed. Appx 611 (3d Cir. 2003) ..........................................................................................1

*Kelley v. SBC, Inc.*,
  No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998) ....................1

*Kingsepp v. Wesleyan University*,
  142 F.R.D. 597 (S.D.N.Y. 1992) ......................................................................................5

*Klein v. Ryan Beck Holdings*,
  No. 06-CV-3460, 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. Jul. 13,
  2007) ..........................................................................................1, 17, 18, 19, 21, 25

*Korman v. Walking Co.*,
  503 F. Supp. 2d 755 (E.D. Pa. 2007) ...............................................................................6

*Ladegaard v. Hard Rock Concrete Cutters, Inc.*,
  No. 00-CV-5755, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. Dec. 1, 2000) ...................1, 10

*Lee v. ABC Carpet & Home*,
  236 F.R.D. 193 (S.D.N.Y. 2006) ................................................................................1, 21

*Lehman v. Legg Mason, Inc.*,
  532 F. Supp. 2d 726 (M.D. Pa. 2007) .............................................................................17

*Lenahan v. Sears, Roebuck & Co.*,
  No. 02-CV-0045, 2006 U.S. Dist. LEXIS 60307 (D.N.J. July 10, 2006)............................1

*Leyva v. Buley*,
  125 F.R.D. 512 (E.D. Wash. 1989).................................................................................1

*Lindsay v. Gov. Employees Insurance Co.*,
  448 F.3d 416 (D.C. 2006) ..................................................................................18, 19, 22

*Lipsky v. Commonwealth United Corp.*,
  551 F.2d 887 (2d Cir. 1976)...........................................................................................16

*Lynch v. United Services Automobile Association*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007).............................................................................15

*Marisol A. ex rel. Forbes v. Giuliani*,
  126 F.3d 372 (2d Cir. 1997).............................................................................................13

*Martens v. Smith Barney, Inc.*,
   No. 96-CV-3779, 2003 U.S. Dist. LEXIS 11587 (S.D.N.Y. July 9, 2003) .......................16

*Martens v. Thomann*,
   273 F.3d 159 (2d Cir. 2001)..............................................................................................15

*Mascol v. E & L Transport, Inc.*,
   No. 03-CV-3343, 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005)...............1, 9, 11, 21, 24

*McBean v. The City of New York*,
   228 F.R.D. 487 (S.D.N.Y. 2005) ......................................................................................12

*McLaughlin v. Liberty Mutual Insurance Co.*,
   224 F.R.D. 304 (D. Mass. 2004)....................................................................................1, 10

*Mendez v. Radec Corp.*,
   411 F. Supp. 2d 347 (W.D.N.Y. 2006) ..........................................................................1, 21

*Miles v. Merrill Lynch & Co.*,
   471 F.3d 24 (2d Cir. 2006).................................................................................................4

*Miller v. Wolpoff & Abramson L.L.P.*,
   321 F.3d 292 (2d Cir. 2003)..............................................................................................12

*Morton v. Valley Farm Transport, Inc.*,
   No. 06-CV-2933, 2007 U.S. Dist. LEXIS 31755 (N.D. Cal. Apr. 13, 2007) ......................1

*Myers v. Hertz Corp.*,
   No. 02-CV-3425, 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24, 2007)...............11, 15

*Narwick v. Wexler*,
   912 F. Supp. 342 (N.D. Ill. 1995) ......................................................................................5

*Neary v. Metropolitan Prop. & Casualty Insurance Co.*,
   472 F. Supp. 2d 247 (D. Conn. 2007)......................................................................1, 17, 21

*In re New York City Municipal Securities Litigation*,
   87 F.R.D. 572 (S.D.N.Y. 1980) ........................................................................................14

*Noble v. 93 University Place Corp.*,
   224 F.R.D. 330 (S.D.N.Y. 2004) ................................................................1, 11, 21, 24

*O'Brien v. Encotech Construction Services, Inc.*,
   203 F.R.D. 346 (N.D. Ill. 2001)..........................................................................................1

*O'Connell v. Hove,*
    22 F.3d 463 (2d Cir. 1994) ............................................................................18

*Osby v. Citigroup, Inc.,*
    No. 07-CV-6085, 2008 U.S. Dist. LEXIS 39041 (May 14, 2008) ........1, 17, 18, 19, 20, 21

*Ouedraogo v. Durso Associates,*
    No. 03-CV-1851, 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005) ...............1, 21

*Overnite Transport Co. v. Tianti,*
    926 F.2d 220 (2d Cir. 1991) ...........................................................................20

*Pac. Merchant Shipping Association v. Aubry,*
    918 F.2d 1409 (9th Cir. 1990) .........................................................................20

*Parker v. Time Warner Entertainment Co.,*
    331 F.3d 13 (2nd Cir. 2003) ..........................................................................4, 12

*Pesantez v. Boyle Environmental Services, Inc.,*
    251 A.D.2d 11, 673 N.Y.S.2d 659 (App. Div. 1st Dep't 1998) .........................23

*Pittman v. E. I. duPont de Nemours & Co.,*
    552 F.2d 149 (5th Cir. 1977) ..........................................................................14

*Poddar v. State Bank of India,*
    235 F.R.D. 592 (S.D.N.Y. 2006) ...................................................................14

*Promisel v. First American Artificial Flowers, Inc.,*
    943 F.2d 251 (2d Cir. 1991) ..........................................................................23

*Ramirez v. RDO-BOS Farms, LLC,*
    No. 06-CV-174, 2007 U.S. Dist. LEXIS 40633 (D. Or. Jan. 23, 2007) ...........................1

*Recinos-Recinos v. Express Forestry, Inc.,*
    233 F.R.D. 472 (E.D. La. 2006) .......................................................................1

*Ridge Meadows Homeowners' Association, Inc., v. Tara Development Co., Inc.,*
    242 A.D.2d 947, 665 N.Y.S.2d 361 (App. Div. 4th Dep't  1997) ......................24

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir.1993) ...........................................................................14

*Romero v. Producers Dairy Foods, Inc.,*
    235 F.R.D. 474 (E.D. Cal. 2006) ......................................................................1

*Rubery v. Buth-Na-Bodhaige, Inc.,*

494 F. Supp. 2d 178 (W.D.N.Y. 2007) ............................................................5

*Salazar v. AgriProcessors, Inc.*,
    527 F. Supp. 2d 873 (N.D. Iowa 2007)........................................................20

*Saur v. Snappy Apple Farms, Inc.*,
    203 F.R.D. 281 (W.D. Mich. 2001) .............................................................1

*Schering Corp. v. Home Insurance Co.*,
    712 F.2d 4 (2d Cir. 1983) .............................................................................12

*Scholtisek v. Eldre Corp.*,
    229 F.R.D. 381 (W.D.N.Y. 2005)............................................................1, 21

*Scott v. Aetna Services, Inc.*,
    210 F.R.D. 261 (D. Conn. 2002).......................................................1, 10, 21

*Sheppard v. Beerman*,
    94 F.3d 823 (2d Cir. 1996)...........................................................................12

*Sjoblom v. Charter Communications, LLC*,
    No. 07-CV-451, 2007 U.S. Dist. LEXIS 93879 (W.D. Wis.
    Dec. 19, 2007) ........................................................................1, 17, 18, 20, 21

*Smellie v. Mount Sinai Hospital*,
    No. 03-CV-0805, 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y.
    Nov. 29, 2004) ..........................................................1, 9, 11, 21, 24, 25

*Takacs v. A.G. Edwards & Sons, Inc.*,
    444 F. Supp. 2d 1100 (S.D. Cal. 2006)..........................................................1

*Tomlinson v. Indymac Bank, F.S.B.*,
    359 F. Supp. 2d 898 (C.D. Cal. 2005) ...........................................................1

*Torres v. Gristede's Operating Corp*,
    No. 04-CV-3316, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y.
    Sept. 29, 2006) .....................................................................1, 10, 11, 13, 23, 24

*Trinidad v. Breakaway Courier Sys., Inc.*,
    No. 05-CV-4116, 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007).................1, 21

*Trotter v. Perdue Farms, Inc.*,
    No. 99-CV-893, 2001 U.S. Dist. LEXIS 13212 (D. Del. Aug. 16, 2001) ...........................1

*United Mine Workers v. Gibbs*,
    383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).....................................22

*U.S. v. Northern Trust Co.*,
  372 F.3d 886 (7th Cir. 2004) ....................................................................8

*In re Visa Check/MasterMoney Antitrust Litigation*,
  280 F.3d 124 (2d Cir. 2001)....................................................................11

*In re Wal-Mart Stores, Inc.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ......................................................5

*West Virginia v. Chas. Pfizer & Co.*,
  440 F.2d 1079 (2d Cir. 1971)..................................................................10

*Westerfield v. Wash. Mutual Bank*,
  No. 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y.
  Jul. 26, 2007)...........................................1, 17, 18, 19, 20, 21, 25

*Wraga v. Marble Lite, Inc.*,
  No. 05-CV-5038, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006)...............1, 21

*Wright v. Aargo Sec. Services, Inc.*,
  No. 99 Civ. 9115, 2001 U.S. Dist. LEXIS 882 (S.D.N.Y. Feb. 1, 2001) ...........................8

*Wright v. Stern*,
  No. 01-CV-4437, 2003 U.S. Dist. LEXIS 11589 (S.D.N.Y. July 9, 2003) ......................13

## STATUTES

28 U.S.C. §1332................................................................................21

28 U.S.C. § 1367................................................................................21

28 U.S.C. § 2072................................................................................17

29 U.S.C. § 216................................................1, 7, 14, 15, 18, 19, 20

29 U.S.C. § 218................................................................................20

## RULES

Fed. R. Civ. P. 12................................................5, 6, 7, 12, 16, 21

Fed. R. Civ. P. 23................................................................... passim

Fed. R. Civ. P. 56.............................................................................................................12

## PRELIMINARY STATEMENT

Defendants' motion is an impermissible preemptive strike on Plaintiffs' proposed class and collective actions.  In this unnecessary make-work exercise, Defendants ask the Court to deny class and collective action certification before Defendants produce a single document, before Plaintiffs can take a single deposition, and without the benefit of any certification-related evidence.  Defendants' motion is procedurally premature and substantively meritless.

This is a standard "hybrid" wage and hour action seeking to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Plaintiffs bring their FLSA claims as an opt-in collective action under 29 U.S.C. § 216(b) and their NYLL claims as an opt-out class action under Fed. R. Civ. P. 23 ("Rule 23").  Courts in the Second Circuit "routinely" allow workers to bring FLSA collective actions alongside NYLL class actions, *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202, 204 (S.D.N.Y. 2007), and "unflinchingly" certify them, *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 375 (S.D.N.Y. 2007).  Defendants fail to acknowledge the substantial weight of authority rejecting their arguments – both in this circuit[1] and around the country.[2]

---

[1]    *See, e.g., Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598  (E.D.N.Y. March 31, 2008); *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008); *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 374 (S.D.N.Y. 2007); *Brickey v. Dolencorp, Inc.*, 244 F.R.D. 176 (W.D.N.Y. 2007); *Westerfield v. Wash. Mut. Bank*, No. 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007); *Klein v. Ryan Beck Holdings*, No. 06 Civ. 3460, 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13 2007); *Trinidad v. Breakaway Courier Sys., Inc.*, No. 05 Civ. 4116 , 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007); *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006); *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347 (W.D.N.Y. 2006); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006); *Jankowski v. Castaldi*, No. 01-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 13, 2006); *Wraga v. Marble Lite, Inc.*, No. 05-5038, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005); *Ouedraogo v. Durso Assocs.*, No. 03 CV

1

1851, 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005); *Mascol v. E & L Transp., Inc.*, No. CV-03-3343, 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005); *Smellie v. Mount Sinai Hosp.*, No. 03-0805, 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. Nov. 29, 2004); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004); *Chan v. Triple 8 Palace*, No. 03-6048, 2004 U.S. Dist. LEXIS 9359 (S.D.N.Y. May 24, 2004); *Scott v. Aetna Servs., Inc.,* 210 F.R.D. 261, 264–68 (D. Conn. 2002); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001); *Brzychnalski v. UNESCO, Inc.,* 35 F. Supp. 2d 351 (S.D.N.Y. 1999). *But see Neary v. Metro. Prop. & Cas. Ins. Co.*, 472 F. Supp. 2d 247 (D. Conn. 2007).

[2]    *See, e.g., Osby v. Citigroup, Inc.*, No. 07-cv-6085, 2008 U.S. Dist. LEXIS 39041 (May 14, 2008); *Sjoblom v. Charter Commc'ns., LLC*, No. 3:07-CV-0451, 2007 U.S. Dist. LEXIS 93879 (D. Wis. Dec. 19, 2007); *Freeman v. Hoffmann-Laroche, Inc.*, No. 07-1503, 2007 U.S. Dist. LEXIS 92589  (D.N.J. Dec. 18, 2007); *Baas v. Dollar Tree Stores, Inc.*, No. 07-03108, 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. Aug. 29, 2007); *Salazar v. AgriProcessors, Inc.,* 527 F. Supp. 2d 873 (N.D. Iowa 2007); *Bamonte v. City of Mesa*, No. CV 06-01860, 2007 U.S. Dist. LEXIS 50101 (D. Ariz. July 10, 2007); *Cryer v. Intersolutions, Inc.*, No. 06-2032, 2007 U.S. Dist. LEXIS 29241 (D.D.C. Apr. 20, 2007); *Morton v. Valley Farm Transp., Inc.*, No. C 06-2933, 2007 U.S. Dist. LEXIS 31755 (N.D. Cal. Apr. 13, 2007); *Ramirez v. RDO-BOS Farms, LLC*, No. 06-174, 2007 U.S. Dist. LEXIS 40633 (D. Or. Jan. 23, 2007); *Recinos-Recinos v. Express Forestry, Inc.,* 233 F.R.D. 472 (E.D. La. 2006); *Ellison v. Autozone, Inc.*, No. C06-07522, 2007 U.S. Dist. LEXIS 70187 (N.D. Cal. Sept. 13, 2007); *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100 (S.D. Cal. 2006); *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 U.S. Dist. LEXIS 60307 (D.N.J. July 10, 2006); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 494 (E.D. Cal. 2006); *Bahramipour v. Citigroup Global Mkts., Inc.*, No. C-04-4440, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006); *Greene v. Robert Half Int'l, Inc.*, No. C05-03248, 2006 U.S. Dist. LEXIS 97050, (N.D. Cal. Mar. 28, 2006); *Aguayo v. Oldenkamp Trucking*, No. CV-F-04-6279, 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. Oct. 3, 2005); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005); *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004); *Barnett v. Washington Mut. Bank, FA*, 03-00753, 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004); *In re Farmers Ins. Exch. Claims Representative Overtime Pay Litig.,* No. 1439, 2003 U.S. Dist. LEXIS 25717 (D. Or. May 19, 2003); *Bartleson v. Winnebago Indus. Inc.*, No. C02-3008, 2003 U.S. Dist. LEXIS 19058 (N.D. Iowa Oct. 24, 2003); *Belbis v. County of Cook,* No. 01 C 6119, 2002 U.S. Dist. LEXIS 22426 (N.D. Ill. Nov. 18, 2002); *Chavez v. IBP, Inc.*, No. 01-5093, 2002 U.S. Dist. LEXIS 24598 (E.D. Wash. Oct. 28, 2002); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772 (E.D.N.C. 2001); *Trotter v. Perdue Farms, Inc.*, No. CV-99-893, 2001 U.S. Dist. LEXIS 13212 (D. Del. Aug. 16, 2001); *Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281 (W.D. Mich. 2001) (FLSA and Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") class claims); *O'Brien v. Encotech Constr. Servs.,* Inc., 203 F.R.D. 346 (N.D. Ill. 2001); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. Dec. 1, 2000); *Kelley v. SBC, Inc.*, No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998); *Leyva v. Buley*, 125 F.R.D. 512 (E.D. Wash. 1989).

2

## FACTUAL BACKGROUND

Getronics Wang LLC, Getronics USA, Inc., and Getronics Flexible Solutions, LLC (collectively "Defendants") are a multi-billion dollar, multi-national information and communication technology company with over 20,000 employees. They are in the business of helping their clients "develop, maintain and improve their information technology and computer capabilities." Def. Br.[3] at 1.

Plaintiffs were among Defendants' line workers. They provided computer support services to Getronics' clients. Plaintiffs bring overtime claims on their own behalves and on behalf of hundreds of similarly situated workers, all of whom Getronics subjected to the same unlawful policy: requiring long overtime hours without proper overtime pay.

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on November 15, 2007 (*See* Declaration of Ossai Miazad in Opposition to Defendants' Motion For Determination That This Action Is Not Appropriate For Certification As A Class Or Collective Action ("Miazad Decl.") ¶ 2. Plaintiffs filed their First Amended Class Action Complaint ("FAC") on February 26, 2008 and served it on February 27, 2008. Miazad Decl ¶ 3, Exhibit ("Ex.") 1. On April 14, 2008, the Court entered an Order setting the discovery cut-off for August 15, 2008. Miazad Decl. ¶ 4, Ex. 2. Plaintiffs served their initial set of document requests on April 25, 2008. Miazad Decl. ¶ 5, Ex. 3. Defendants' responses are due on May 27, 2008. Miazad Decl. ¶ 6. Plaintiffs have also noticed four depositions: Stephanie Fields on June 12, 2008, Rick Kremer on June 13, 2008, and two 30(b)(6) depositions for June 23, 2008 and June 24, 2008. Miazad Decl. ¶¶ 7-10, Exs. 4-7. Defendants

---

[3]    Citations to "Def. Br." refer to Defendants' Memorandum Of Law In Support Of Defendants' Motion For Determination That This Action Is Not Appropriate For Certification As A Class Or Collective Action (Docket No. 16).

3

have noticed both named Plaintiffs' depositions and served a third-party subpoena on Deutsche

Bank, Defendants' customer for whom Plaintiff Hughes provided support while employed by

Defendant.  Miazad Decl. ¶ 11.

**ARGUMENT**

I.    **The Court Should Reject Defendants' Premature Attempt to Inject Class
      Certification Issues At The Pleading Stage.**

Defendants should not be allowed to oppose Plaintiffs' class and collective action

certification motions before Plaintiffs have an opportunity to file them, and before Plaintiffs can

take any discovery to support them.  Deciding class certification at the pleading stage is strongly

disfavored.  The Court should defer such a decision until after class-related discovery and

briefing, so as to permit the Court to make a decision based on an adequate record with the

fullest possible factual background.  *See Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 21-22

(2nd Cir. 2003) (reversing premature denial of class certification because the district court had

improperly "precluded any class discovery and even the filing of a motion for class

certification"); *Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962,

966 (2d Cir. 1978) (Courts "should defer decision on certification pending discovery if the

existing record is inadequate for resolving the relevant issues").[4]

Once the Court has the benefit of a fully-briefed motion and is presented with all relevant

evidence, it will be in a much better position to exercise its informed discretion regarding

propriety of class treatment.  *Parker*, 331 F.3d at 22.  In light of the Second Circuit's ruling in

---

[4]      *See also*, *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312-13 (9th Cir. 1977)
("under some circumstances the failure to grant discovery before denying class treatment is
reversible error"); *Bodner v. Banque Paribas*, 202 F.R.D. 370, 373 (E.D.N.Y. 2000) ("discovery
. . . is essential to determining whether class certification is appropriate"); *Barnhart v. Safeway
Stores, Inc.*, No. S-92-0803, 1992 U.S. Dist. LEXIS 22572, at *9 (E.D. Cal. Dec. 14, 1992) ("It
is this court's duty to permit the parties to give the district court all information that the district
court might find relevant in making a class action determination." (emphasis in original).)

*Miles v. Merrill Lynch & Co.* ("*In re: IPO Litigation*"), requiring district courts to "resolve[]
factual disputes relevant to each Rule 23 requirement and find [] that whatever underlying facts
are relevant to a particular Rule 23 requirement have been established," 471 F.3d 24, 41 (2d Cir.
2006), it would be particularly unfair for the Court to deny class certification based only on the
pleadings and Defendants' employees' affidavits.  Plaintiffs are entitled to take discovery and
move for class certification.

An early motion under Fed. R. Civ. P. 12(c) ("Rule 12(c)") is not an appropriate
mechanism to oppose class and collective action certification.  Courts routinely deny early
motions like this one in wage and hour litigation.  *See, e.g., Brickey v. Dolencorp, Inc.*, 244
F.R.D. 176, 178 (W.D.N.Y. 2007) ("there is simply no basis for the Court to require that
plaintiffs responding to a Rule 12(c) motion, without the benefit of discovery, concretely prove
all of the specifics relating to the policies and practices they have alleged"); *Rubery v. Buth-Na-
Bodhaige, Inc.*, 494 F. Supp. 2d 178, 181 (W.D.N.Y. 2007) (denying defendant's motion to
dismiss as premature.); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)
(declining to rule on the propriety of class allegations before discovery had commenced or
arguments related to class certification had been made).

Nor can Defendants use Fed. R. Civ. P. 23(d) ("Rule 23(d)") to deny Plaintiffs the
opportunity to develop a record and brief the class certification issues.  Def. Br. at 23.  Rule
23(d) simply provides the district court with the means to facilitate "the fair and efficient conduct
of the action."  Fed. R. Civ. P. 23(d) advisory committee's note.  Courts typically use it as a
"clean-up" device to conform the pleadings after they deny class certification motions.  *See
Narwick v. Wexler*, 912 F. Supp. 342, 344 (N.D. Ill. 1995) (class allegations stricken after denial
of certification motion); *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 603 (S.D.N.Y. 1992)

(same); *In re Arthur Treacher's Franchisee Litig.*, 93 F.R.D. 590, 598 (E.D. Pa. 1982) (same).

Rule 23(d) should not be used to circumvent a class certification motion. *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108, 2007 U.S. Dist. LEXIS 65979, at *8 n.2 (N.D. Cal. Aug. 29, 2007) (class certification determination is "procedurally inseparable" from a Rule 23(d)(4) determination requiring an amendment to the pleadings); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-715 SC, 2006 U.S. Dist. LEXIS 88988, at *10 (N.D. Cal. Nov. 28, 2006) (same). Courts regularly reject efforts, like this one, to use Rule 23(d) to strike wage and hour class allegations before discovery and a class certification motion. *See Baas*, 2007 U.S. Dist. LEXIS 65979 at *8 (rejecting early Rule 23(d) motion to strike class allegation); *Beauperthuy*, 2006 U.S. Dist. LEXIS 88988, at **10-11 (same); *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 762-63 (E.D. Pa. 2007) (same).

The only authority Defendants cite for their Rule 23(d) argument, *Glewwe v. Eastman Kodak Co.*, No. 05-CV-6462, 2006 U.S. Dist. LEXIS 33449 (W.D.N.Y. May 25, 2006) is inapposite. There, the Court dismissed the plaintiffs' class allegations for lack of commonality and adequacy because the plaintiffs, who only worked in one state, purported to bring claims under 35 different state wage and hour laws. They had also executed release agreements in which they promised not to assist any other person or entity in bringing a lawsuit against the defendant. *Id.* at **8-9. Here, Plaintiff Hughes, the putative NYLL class representative, brings his wage claims only under the law of the state in which he worked, New York, and Defendants do not claim that he signed a release.

## II.    The FAC Meets the Federal Rules' Liberal Pleading Standards.

Plaintiffs' class and collective allegations easily defeat Defendants' Rule 12(c) motion. When deciding a motion under Fed. R. Civ. P. 12(c), the Court must take all of Plaintiffs

allegations as true and draw all reasonable inferences in Plaintiffs' favor. *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir. 1987). The Court should only "assess the legal feasibility of the complaint," not weigh the evidence. *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003). Plaintiffs must only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Factual allegations must simply exceed "the speculative level," *Id.* at 1964-65 (citations omitted).

Defendants' repeated characterization of Plaintiffs' allegations as "vague" or "speculative" do not support dismissal. When responding to a Rule 12(c) motion before discovery, a plaintiff need not "concretely prove all of the specifics relating to the policies and practices they have alleged." *Brickey v. Dolencorp, Inc.*, 244 F.R.D. at 178. As Plaintiffs demonstrate below, the allegations in the FAC meet every requirement of Rule 23 and 29 U.S.C. § 216(b), and therefore satisfy Plaintiffs' pleading burden.[5]

In *Brickey v. Dolencorp, Inc.*, the court rejected a Rule 12(c) challenge to a class and collective action wage and hour complaint similar to Plaintiffs' FAC. 224 F.R.D. at 178. The court held that the allegations in the *Brickey* complaint were sufficient to "identify and describe a common nucleus of fact which goes well beyond a 'formulaic recitation' of the elements of

---

[5]     The FAC also clearly states a cause of action for unpaid overtime. To state a claim for unpaid overtime under the FLSA and the NYLL, plaintiffs must simply allege that they and other similarly situated employees worked more than 40 hours in a workweek and were not paid an overtime premium. *See Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 258 (S.D.N.Y. 1997) ("[L]ooking at Plaintiff's complaint, it is evident that plaintiffs have stated a claim for relief. Quite simply, plaintiffs contend they and other restaurant managers worked overtime and were not paid for it"). Here, Plaintiffs allege, among other things, that Defendants misclassified plaintiffs and other similarly situated employees as exempt (FAC at ¶ 37(c)), scheduled or expected plaintiffs to work in excess of 40 hours per week (FAC at ¶¶ 4, 42, 50) and failed to pay plaintiffs and other similarly situated employees overtime wages for hours that they worked in excess of 40 hours per week (FAC at ¶ 37(d)).

plaintiffs' FLSA and state law claims," and therefore satisfied the *Twombly* standard. *Id.*

Defendants cite *Cannon v. Douglas Elliman, LLC*, No. 06-Civ-7092, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007), and *Copley v. Florida Physicians Ins. Co.*, No. 8:07-cv-2100-T-30, 2008 U.S. Dist. LEXIS 14296 (M.D. Fla. Feb. 26, 2008), apparently for the unremarkable proposition that *Bell Atlantic Corp. v. Twombly* applies in FLSA cases. These two cases are otherwise inapposite. In *Cannon*, the Court dismissed the plaintiffs' joint employment liability theory because their complaint did not plead facts supporting any of the factors of the operative test. 2007 U.S. Dist. LEXIS 91139, at *10. In *Copley*, the court dismissed the plaintiffs' complaint because they did not plead facts to establish that they were covered by the FLSA. 2008 U.S. Dist. LEXIS 14296, at *5.[6]

Defendants do not cite a single case that supports their claim that Plaintiffs' class and collective allegations are insufficient.

### A.    The FAC Satisfies Rule 23.

The FAC meets each prong of Rule 23(a) and at least one subpart of Rule 23(b), and their proposed class definition is adequate, at least at this stage of the litigation.

### 1.    The FAC Satisfies Rule 23(a)

The FAC satisfies Rule 23(a) by alleging that Plaintiffs meet each of its elements, numerosity, commonality, typicality, and adequacy of representation, and supports these allegations with additional factual allegations. FAC at ¶¶ 24-39. For example, Plaintiff Hughes

---

[6]    *Copley* is also wrongly decided. The administrative exemption to the FLSA is an affirmative defense. *See, e.g., Wright v. Aargo Sec. Servs., Inc.*, No. 99 Civ. 9115, 2001 U.S. Dist. LEXIS 882 (S.D.N.Y. Feb. 1, 2001), at *6 (S.D.N.Y. Feb. 1, 2001). Plaintiffs need not rebut affirmative defenses in their pleadings. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980); *Harris v. City of New York*, 186 F.3d 243, 251 (2d Cir. 1999) ("the statute of limitations is an affirmative defense…that [plaintiff's] pleading need not have anticipated"); *U.S. v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("complaints need not anticipate and plead around defenses").

alleges his claims are typical of the class' claims. He supports this allegation with the factual

assertion that he and the potential class members "work or have worked for Defendant and have

not been paid overtime wages for the hours they have worked in excess of 40 hours per week."

Further, Hughes alleges "Defendant has acted and refused to act on grounds generally applicable

to the Rule 23 Class." FAC at ¶ 30.

### 2.    The FAC Satisfies Rule 23(b)(3)

The FAC satisfies Rule 23(b)(3)[7] by alleging superiority and predominance.

### a.    Plaintiffs Adequately Plead Superiority; their Waiver of Liquidated Damages Has No Impact on Superiority.

The superiority element of Rule 23(b)(3) requires plaintiffs to show that "a class action is

superior to other available methods for the fair and efficient resolution of the controversy."

Plaintiffs allege superiority and facts supporting it. FAC at ¶ 33.

Defendants are wrong that Plaintiffs' waiver of liquidated damages, as required by N.Y.

CPLR §901(b) ("§ 901(b)"), defeats superiority. Def. Br. at 15. It is true that an individual

worker could theoretically bringing her own law suit seeking liquidated damages, but a class

action does not preclude this. If a class is certified, all workers will receive notice and have an

opportunity to opt-out and bring their own cases. *Mascol v. E & L Transport, Inc.*, No. Cv-03-

3343, 2005 U.S. Dist. LEXIS 32634, at **26-27 (E.D.N.Y. June 29, 2005) (directing the

plaintiffs to "provide a clear and concise description explaining the nature of liquidated damages

and the consequences of a waiver in the notice as well"); *Smellie v. Mount Sinai Hosp.*, No. 03-

0805, 2004 U.S. Dist. LEXIS 24006, at *16 (S.D.N.Y. Nov. 29, 2004) (requiring "that the notice

to class members make clear the limitation on the relief sought for the class in this action and the

---

[7] Defendants' arguments regarding Rule 23(b)(2) (Def. Br. at 8-12) are moot because Plaintiffs do not plan to move for class certification under that subsection.

availability of these alternative courses of action"); *See* Fed. R. Civ. P. 23(c)(2)(B).

Moreover, Rule 23(b)(3) requires a relative comparison examining whether "the class action device [is] superior to other methods *available* for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968) (emphasis added). Leaving wage and hour enforcement to individual workers is not a feasible method, let alone a superior one. Even employees with legitimate claims for back wages are not likely to pursue their remedies individually.[8]

Class actions also provide a method of obtaining redress for claims, like most wage and hour claims, that are too small to warrant individual actions. *See West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1090 (2d Cir. 1971); *Torres v. Gristede's Operating Corp*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *53 (S.D.N.Y. Sept. 29, 2006) ("[b]ecause litigation costs would likely exceed any gains from overtime wage recovery, class members would be unlikely to litigate individually."). Without class-action enforcement, many workers would be left with no practical remedy.

A class action is certainly superior to the only real alternative – allowing Getronics' unlawful practices to continue unchecked.

The only case that Defendants cite in support of their argument, *Myers v. Hertz*

---

[8]     *See*, *e.g*, *Horn v. Associated Wholesale Grocers Inc.*,  555 F.2d 270, 275 (10th Cir. 1977) (Class actions ensure representation for those who cannot be expected to protect themselves.); *Guzman*, 2008 U.S. Dist. LEXIS 15821, at **25–26 ("the opt-out nature of a class action is a valuable feature lacking in an FLSA collective action" because many employees are reluctant to affirmatively sue); *McLaughlin v. Liberty Mut. Ins. Co*., 224 F.R.D. 304, 309 (D. Mass. 2004) ("Many courts have suggested that the employer-employee relationship is of such a nature that an employee may feel inhibited to sue . . . .") (internal citations omitted); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 268 (D. Conn. 2002) ("[C]lass members may fear reprisal and would not be inclined to pursue individual claims . . . ."); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832, at *14 (N.D. Ill. Dec. 1, 2000) ("[T]he nature of the economic dependency involved in the employment relationship is inherently inhibiting.").

*Corp.*, does not even decide the issue.  In *Myers*, the Court denied a motion for class certification because the plaintiffs failed to show commonality and typicality. No. 02-CV-3425, 2007 U.S. Dist. LEXIS 53572, at *20 (E.D.N.Y. July 24, 2007).  The court merely stated, in dicta, that "it is unclear if a class action would be superior," given 901(b).  *Id.* at *21.

Courts in this circuit have consistently found class actions superior to individual litigation, even where plaintiffs have waived liquidated damages.  *See*, *e.g.*, *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821, at **25–26 (E.D.N.Y. Mar. 2, 2008); *Iglesias-Mendoza*, 239 F.R.D. at 373; *Torres*, 2006 U.S. Dist. LEXIS 74039 at *53-55; *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 88-89 (S.D.N.Y. 2001); *Mascol*, 2005 U.S. Dist. LEXIS 32634 at *24-26; *Smellie,* 2004 U.S. Dist. LEXIS 24006, at *19-22; *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 346 (S.D.N.Y. 2004).

  **b.**    **Plaintiffs Adequately Plead Predominance; the Potential for "Individual Inquiries" Does Not Defeat Predominance.**

The predominance element of Rule 23 requires that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof."  *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001).  The essential inquiry is whether "liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.* at 139.  A defense that "may arise and [ ] affect different class members differently does not compel a finding that individual issues predominate over common ones."  *Noble*, 224 F.R.D at 339.  Where plaintiffs are "unified by a common legal theory" and common facts, the predominance requirement is satisfied.  *McBean v. The City of New Yor*k, 228 F.R.D. 487, 502

11

(S.D.N.Y. 2005).

On its face, the FAC meets this standard.  Plaintiffs specifically allege that common questions of law and fact predominate, and list several examples.  FAC at ¶ 29.  Further supporting predominance, Plaintiffs allege that Defendants uniform conduct and policies gave rise to their NYLL violations.  *See, e.g.*, FAC at ¶¶ 2, 3, 35, 36, 37, 77.  These allegations are more then enough to "raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1964-65.

The potential for "individualized inquiries" is not a ground for dismissing Plaintiffs' class allegations.  Def. Br. at 13.  Defendants' argument is premature and substantively wrong.

It is premature because Plaintiffs are awaiting discovery that will bear on certification and liability, and help them establish that common legal and factual questions predominate. Miazad Decl. ¶¶5-10.  Plaintiffs dispute Defendants' claim that they had "vastly different jobs" from one another and from every other Getronics' employee. Def. Br. at 3.  Plaintiffs are entitled to discovery that would allow them to challenge these claims.  *See Parker*, 331 F.3d at 22.[9]

Moreover, "the mere existence of individualized factual questions," such as different job titles, different customers, and different locations, does not bar class Rule 23(b)(3) class certification.  *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990); *In re Frontier Ins. Group, Inc. Sec. Litig.,* 172 F.R.D. 31, 41 (E.D.N.Y. 1997) ("The rule barring certification of plaintiffs subject to unique defenses is not

---

[9]     The Court should exclude the two affidavits Defendants submit in support of their motion, or, if it considers them, treat the motion as one for summary judgment under Fed. R. Civ. P. 56, *Sheppard v. Beerman*, 94 F.3d 823, 828 (2d Cir. 1996), and grant Plaintiffs' time to take adequate discovery to rebut them. Fed. R. Civ. P. 12(c).  Pre-discovery summary judgment should be granted only in rare cases.  *Miller v. Wolpoff & Abramson L.L.P.*, 321 F.3d 292, 303–04 (2d Cir. 2003).  "[S]ummary judgment should not be granted while the party opposing judgment timely seeks discovery of potentially favorable information."  *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983).

rigidly applied in this Circuit[.]" (citation omitted).)  Courts regularly certify classes featuring factual and legal variance among class members.  *See Marisol A. ex rel. Forbes v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (affirming the district court's conclusion that the "unique circumstances" of the plaintiffs were not a bar to class certification because the evidence showed that defendants' conduct "form[ed] a pattern of behavior that commonly affect[ed] all of the proposed class members"); *EEOC v. Local 638*, 71 Civ. 2877, 2004 U.S. Dist. LEXIS 21682, at **19-20 (S.D.N.Y. Oct. 28, 2004) ("Courts within the Second Circuit have repeatedly certified classes . . . despite differing factual circumstances of the class members' claims"); *Wright v. Stern*, 01 Civ. 4437, 02 Civ. 4699, 2003 U.S. Dist. LEXIS 11589, at **15-17 (S.D.N.Y. July 9, 2003) (rejecting defendants' argument that the plaintiffs failed to meet Rule 23's commonality requirement because the class "members' employment var[ied] widely according to civil service classification, location, and collective bargaining agreement.")

Here, Plaintiffs allege that all members of the class are unified by common facts – they all provided computer user support for Getronics' customers, FAC at ¶¶ 2, 24, 26, and Getronics classifies them all as exempt from state and federal overtime protections, FAC at ¶¶ 3, 35.  They are also unified by a common legal theory – that Getronics' exempt classification of these positions violates the NYLL.  FAC at ¶¶ 35-37.  These allegations, if supported by evidence, establish predominance.  *See Iglesias-Mendoza*, 239 F.R.D. at 373 (whether employees were supposed to be paid overtime was "about the most perfect question[] for class treatment"); *Torres,* 2006 U.S. Dist. LEXIS 74039, at *52 (finding that question as to whether plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay" predominates); *Jankowski v. Castaldi*, No. 01-CV-0164, 2006 U.S. Dist. LEXIS 4237, at *13 (E.D.N.Y. Jan. 13, 2006) ("The common question of Defendants' alleged failure to

pay overtime wages predominates, and this requirement is therefore satisfied.")

### 3.    Plaintiffs' Proposed Class Definitions are Sufficient.

The Court should reject Defendants' claim that the class definitions in the FAC are not sufficiently "precise" or "presently ascertainable." Def. Br. at 14-15. "[The] court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly." *Poddar v. State Bank of India* 235 F.R.D. 592, 595 (S.D.N.Y. 2006) (citing *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir.1993)). Plaintiffs are entitled to take discovery to support their proposed class definition or to refine or clarify it. *See Hudson v. Delta Air Lines*, 90 F.3d 451, 459 n.16 (11th Cir. 1996) ("Although the issue of class certification should be resolved in the early stages of a case if possible, prior discovery is often necessary to sufficiently define the proper scope of an alleged class or subclass").[10] Plaintiffs have served such discovery and await Defendants' responses. *See* Miazad Decl. ¶ 5-6. After discovery, Plaintiffs may seek to certify a class narrower or more precisely defined than the one in pled the FAC. *See In re New York City Mun. Sec. Litig.*, 87 F.R.D. 572, 580 (S.D.N.Y. 1980) ("Prior to a decision on the merits, leave to amend the complaint to redefine the class should be freely given except when some prejudice results to either the defendants or to those persons dropped from the class.")

### B.    The FAC Satisfies 29 U.S.C. § 216(b).

The standard for certification of an FLSA collective is lower than for certification of a Rule 23 class action. *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y.

---

[10]    *See also*, *Burns v. U. S. R. Retirement Bd.*, 226 U.S. App. D.C. 178, 191-92 (D.C. Cir. 1983) (the "precise delineation of a class may require discovery or other preliminary procedures. . . . [and] may require alteration or amendment as the case unfolds"); *Pittman v. E. I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977) ("Of course, a certain amount of discovery is essential in order to determine the . . . proper scope of a class action. The plaintiff is entitled to some leeway in attempting to define the proper parameters of his proposed class.").

2007) ("Unlike Rule 23, section 216(b) of the FLSA requires no showing of numerosity, typicality, commonality, or representativeness"); *Myers*, 2007 U.S. Dist. LEXIS 53572, at *12 ("the FLSA 'similarly situated' test is 'significantly less strict' than the test under Rule 23.") (citations omitted).   Under § 216(b) a plaintiff need only establish that they are "similarly situated" to other employees who could benefit from the lawsuit – the defendant subjected other employees to the same policies or practices.  *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 320-21 (S.D.N.Y. 2007); *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 U.S. Dist. LEXIS 75817, at *8 (E.D.N.Y. Oct. 11, 2007); *Iglesias-Mendoza*, 239 F.R.D. at 367.

On its face, the FAC easily meets this standard.  In addition to the allegations cited in section II A., *supra*, Plaintiffs allege that "[u]pon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA,"  FAC at ¶ 25, that they bring this case "to remedy violations of the wage-and-hour provisions of the FLSA by Defendant, that have deprived Plaintiffs and others similarly situated of their lawful overtime wages," FAC at ¶ 8, and that  Defendants "failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA."  FAC at ¶ 69.

## III.    Plaintiffs' NYLL Class Allegations Should Not Be "Stricken."

### A.    Defendants Cite No Procedural Mechanism That Allows The Court To "Strike" Plaintiff's Class Claims.

The Court should reject Defendants' effort to "strike" Plaintiffs' class allegations (Def. Br. at 16-20) because these arguments are not tethered to any procedural mechanism.  This is not just bad form, it is a substantive failing.  *See Martens v. Thomann*, 273 F.3d 159, 172 (2d Cir. 2001) (failure to identify procedural mechanism is not merely a "procedural formality," but can "severely burden[]" review and disposition of a motion).  It leaves Plaintiffs and the Court with

the impossible task of divining which provision Defendants attempt to employ and requires them to guess which standards to apply. *Id.* (each procedural mechanism "carries its own procedures, its own standards for granting relief by the district court, and its own standards of review . . . , thus making identification of the precise nature of the motion an essential . . ."). The Court should deny Defendants' motion for this reason alone. *See Martens v. Smith Barney, Inc.*, No. 96 Civ. 3779, 2003 U.S. Dist. LEXIS 11587, at **13–14 (S.D.N.Y. July 9, 2003) (denying motion, after remand, for failure to identify procedural mechanism).

## B.      Defendants Do Not Establish Any of the Elements of a Rule 12(f) Motion.

If Defendants seek to "strike" Plaintiffs' class allegations under Fed. R. Civ. P. 12(f) ("Rule 12(f)"), they fail because they do not even attempt to demonstrate that they meet any of its requirements. Rule 12(f) allows a court to order stricken "from any pleading . . . any redundant, immaterial, impertinent, or scandalous material" in any pleading. Because striking a portion of a pleading is a drastic remedy and because it is often sought as a dilatory or harassing tactic, Rule 12(f) motions are viewed with disfavor and seldom granted. C. Wright & A. Miller, 5A Federal Practice and Procedure ("Wright & Miller"), § 1380 (2d ed. 1990); *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (motions to strike disfavored, because they "potentially serve only to delay"); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.")

Defendants here fail to address the 12(f) standard or identify which material is "redundant, immaterial, impertinent, or scandalous." They do not cite a single case that arose under a pre-discovery motion to strike.

## C.      Plaintiffs' NYLL Class Action Does Not Violate The Rules Enabling Act.

16

Wage and hour defendants frequently raise, without success, the Rules Enabling Act ("REA") argument that Defendants raise in their motion.  It has failed five consecutive times in district courts in the Second Circuit.  *See Diaz v. Scores Holding Co.*, No. 07-CV-8718, 2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008); *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 U.S. Dist. LEXIS 15821, at *8 (E.D.N.Y. Oct. 11, 2007); *Klein v. Ryan Beck Holdings*, No. 06 Civ. 3460, 2007 U.S. Dist. Lexis 51465 (S.D.N.Y. Jul. 13, 2007); *Westerfield v. Wash. Mut. Bank*, No. 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. Jul. 26, 2007); *Neary v. Metro. Prop. & Cas. Ins. Co.*, 472 F. Supp. 2d 247, 250-51 (D. Conn. 2007).  District courts elsewhere "have uniformly and squarely rejected it," as well.  *Osby v. Citigroup*, 07-cv-06085, 2008 U.S. Dist. LEXIS 39041, at *12-14 (W.D. Mo. May 14, 2008) (rejecting REA argument); *see also, Sjoblom v. Charter Commc'ns, LLC*, No. 07-CV-0451, 2007 U.S. Dist. LEXIS 93879 (W.D. Wis. Dec. 19, 2007) (same); *Freeman v. Hoffman-Laroche, Inc.*, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 18, 2007) (same); *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d. 726, 732-33 (M.D. Pa. 2007) (same); *Farhy v. Janney Montgomery Scott, LLC*, Nos. 06-3202, 06-3969, 2007 U.S. Dist. LEXIS 39112 (E.D. Pa. Apr. 26, 2007) (same).

It should also fail here.  The REA grants federal courts the authority to establish their own procedural rules but does not allow these rules to "abridge, enlarge, or modify []substantive right[s]."  28 U.S.C. § 2072(b).  With regard to REA challenges, the Supreme Court has stated:

> [A]ny Rules Enabling Act challenge . . . has a large hurdle to get over. The Federal Rules of Civil Procedure are not enacted by Congress, but Congress participates in the rulemaking process. . . . Additionally, the Rules do not go into effect until Congress has had at least seven months to look them over. . . . A challenge . . . can therefore succeed only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule . . . This Court's decision in *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987), presents another hurdle. There, the Court considered the [REA]'s proscription against interference with substantive rights and held, in a unanimous decision, that Rules which *incidentally* affect litigants'

> substantive rights do not violate this provision if reasonably necessary to maintain the
> integrity of that system of rules.

*Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 552, 111 S. Ct. 922, 112

L. Ed. 2d 1140 (1991) (internal quotation marks omitted; citations omitted; emphasis in original).

Defendants argue that allowing a NYLL class action would diminish absent class

members' "substantive right" to bring their own overtime claims under 29 U.S.C. § 216(b) of the

FLSA, and Defendants' "substantive right" not to defend an opt-out wage and hour action.

Plaintiffs' class claims, however, do not affect any substantive rights.  The FLSA's "opt-in"

procedure is just that – a procedure, not a substantive right.  *See Lindsay v. Gov. Employees Ins.*

*Co.*, 448 F.3d 416, 424 (D.C. 2006) (the difference between Rule 23 and 29 U.S.C. §216(b) is a

"mere procedural difference . . . ."); *Sjoblom*, 2007 U.S. Dist. LEXIS 93879 at **15-17 ( finding

that the opt-in provisions of § 216(b) do not provide a substantive right within the meaning of the

REA.); *Klein*, 2007 U.S. Dist. Lexis 51465, at *19 (same); *Westerfield*, 2007 U.S. Dist. LEXIS

54830, **4-10 (same); *see O'Connell v. Hove*, 22 F.3d 463, 468 (2d Cir. 1994) (the FLSA's

substantive right is to overtime protection, regardless of prescribed procedural mechanisms).

The REA does not protect procedural rights.

Moreover, Plaintiffs' proposed NYLL class does not violate any rights at all – substantive

or otherwise.  "Even if the right to opt-in is a substantive right, the right is not modified or

abridged in any way by permitting a state law opt-out class to proceed alongside the FLSA opt-in

class in the same case." *Westerfield*, 2007 U.S. Dist. LEXIS 54830, at *5; *Sjoblom*, 2007 U.S.

Dist. LEXIS 93879, at *17; *Osby*, 2008 U.S. Dist. LEXIS 39041, at *4.  Plaintiffs do not seek to

"invoke the procedures of Rule 23" to pursue their FLSA claims.  *Westerfield*, 2007 U.S. Dist.

LEXIS 54830, at *5.  Rather, they seek to prosecute FLSA claims and NYLL claims "under their

respective procedures."  *Ellison v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 70187, at **4-5 (N.D.

Cal. Sep. 13, 2007); *see Osby*, 2008 U.S. Dist. LEXIS 39041, at *8 ("Plaintiffs do not contend

that they are entitled to a Rule 23 class for . . . claims brought under the FLSA and, indeed, are

proceeding with a 216(b) class on those claims.")  Defendants do not cite a single case accepting

its REA argument.[11]

     **D.**     **An FLSA Collective Action is Not "Incompatible" with a NYLL Class Action.**

Instead of citing the only case accepting its discredited REA argument, *see supra*

footnote 11, Defendants cite a few out-of-Circuit cases that find FLSA collective actions and

state law class actions to be "inherently incompatible," or finding that the FLSA's procedures

preempt state law class actions.  These cases are wrongly decided and inconsistent with better-

reasoned decisions in this Circuit.

The only cases in this district to address the "inherent incompatibility" argument, *Diaz,*

2008 U.S. Dist. LEXIS 38248, at **16-19; *Guzman,* 2008 U.S. Dist. LEXIS 15821, at **30-31;

*Klein*, 2007 U.S. Dist. LEXIS 51465, at **19-20, have rejected it.[12]  Defendants not only fail to

acknowledge these decisions, but also ignore the holding of another court in this Circuit that the

"inherently incompatible" argument is an "imaginary legal doctrine."  *Westerfield*, 2007 U.S.

Dist. LEXIS 54830, at *7 (E.D.N.Y. July 26, 2007) ("There is no legal doctrine, of which the

Court is aware, that permits the Court to dismiss a cause of action solely on the grounds that it is

'inherently incompatible' with another action before it.")

---

[11]     Such an opinion does exist.  *See Ellis v. Edward D. Jones & Co.*, 527 F. Supp. 2d 439 (W.D. Pa. 2007).

[12]     *See also*, *e.g.*, *Lindsay*, 448 F.3d at 424 (no conflict between an opt-out NYLL action and an opt-in FLSA action); *Freeman*, 2007 U.S. Dist. LEXIS 92589, at *7-9 (rejecting "inherent incompatibility" argument); *Ellison*, 2007 U.S. Dist. LEXIS 70187, at *6 ("FLSA collective and Rule 23 class actions are not incompatible"); *Greene v. Robert Hall Int'l, Inc.*, 2006 U.S. Dist. LEXIS 97050, at **12-13 (N.D. Cal. Mar. 28, 2006)  ("claims based on opt-in procedures are not irreconcilable with pendent state claims based on Federal Rule 23 opt-out procedures.").

Decisions rejecting the "inherently incompatible" argument are correct because a NYLL class action does not "circumvent" the FLSA's opt-in requirement at all. As explained above, Plaintiffs bring their FLSA claims under the proper procedural mechanism – 29 U.S.C. § 216(b) and their NYLL claims under their proper procedural mechanism – Fed. R. Civ. P. 23. *See Westerfield*, 2007 U.S. Dist. LEXIS 54830, at *5; *Sjoblom*, 2007 U.S. Dist. LEXIS 93879, at *3.; *Osby*, 2008 U.S. Dist. LEXIS 39041, at **12-14; *Ellison*, 2007 U.S. Dist. LEXIS 70187, at **4-5.

Under Defendants' logic, no state law wage claim could ever be brought as a class action. Congress, however, never intended to limit workers' rights under state laws. To the contrary, the FLSA "establish[es] a floor under which wage protections cannot drop. . . .," *Pac. Merch. Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1425 (9th Cir. 1990), and does not preempt state overtime wage laws. *Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991). States are free to provide greater wage protections to their workers, subject to broader-reaching procedures. *See* 29 U.S.C. § 218(a). "Since 1947, Congress has done nothing to add language to the FLSA to expressly prohibit the exercise of supplemental jurisdiction over claims based on state wage and hour laws . . . Congress has refrained from enacting a law which provides for FLSA preemption of this state counterpart." *Salazar v. AgriProcessors, Inc.*, 527 F. Supp. 2d 873, 885 (N.D. Iowa 2007).

**E.    The Court Has Jurisdiction Over Plaintiffs' NYLL Claims.**

**1.    The Court Has Original Jurisdiction Over Plaintiffs' NYLL Claims.**

Defendants argue that the Court "may" lack supplemental jurisdiction over Plaintiffs' NYLL claims. Def. Br. at n. 12. The Court should deem this argument waived because Defendants only raise it in a footnote and do not develop it. *In re Crude Oil Commodity Litig.*,

No. 06 Civ. 6677, 2007 U.S. Dist. LEXIS 66208, at *9 (S.D.N.Y. Sept. 7, 2007) ("Arguments

which appear in footnotes are generally deemed to have been waived.")

Defendants' supplemental jurisdiction argument is also moot because Plaintiffs

adequately pled <u>original jurisdiction</u> under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

§1332(d).  *See* FAC ¶ 10.  CAFA provides an independent basis for federal jurisdiction.  *See*

*Osby*, 2008 U.S. Dist. LEXIS 39041 at * *10-14 (recognizing CAFA jurisdiction over state law

wage and hour claims); *Westerfield,* 2007 U.S. Dist. LEXIS 54830 at *3 n.1 (defendants

abandoned supplemental jurisdiction argument in light of CAFA); *Sjoblom*, 2007 U.S. Dist.

LEXIS 93879 at **17-22 (recognizing that CAFA jurisdiction in wage case); *Ellison*, 2007 U.S.

Dist. LEXIS 70187, at **5-6 (same); *Baas*, 2007 U.S. Dist. LEXIS 65979, at **8-10 (same).[13]

### 2.    The Court Has Supplemental Jurisdiction Over Plaintiffs' Claims

Even if the Court did not have CAFA jurisdiction over Plaintiffs' NYLL claims, it would

have supplemental jurisdiction under 28 U.S.C. § 1367(a).  In arguing to the contrary,

Defendants ignore the "overwhelming authority of district court cases from this circuit,"

*Gonzalez v. Nicholas Zito Racing Stable, Inc*., 2008 U.S. Dist. LEXIS 27598, at *26  (E.D.N.Y.

Mar. 31, 2008)[14], including *Ansoumana v. Gristede's Operating Corp.*, the seminal New York

---

[13]    Although Defendants do not cite a procedural mechanism for their jurisdictional argument, Plaintiffs assume they intend to move under Rule 12(b)(1), under which the Court must accept Plaintiffs' CAFA allegations as true, and draw all reasonable inferences in Plaintiffs favor.  *See Hunt v. Pritchard Indus., Inc.*, No. 07 Civ. 0747, 2007 U.S. Dist. LEXIS 47749, at **9–10 (S.D.N.Y. July 3, 2007).

[14]    *See, e.g., Guzman,* 2008 U.S. Dist. LEXIS 15821; *Iglesias-Mendoza v. LaBelle Farm, Inc.,* 239 F.R.D. 363, 374 (S.D.N.Y. 2007); *Brickey v. Dolencorp, Inc.*, 244 F.R.D. 176 (W.D.N.Y. 2007); *Westerfield v. Wash. Mut. Bank*, No. 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007); *Klein v. Ryan Beck Holdings*, No. 06 Civ. 3460, 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13 2007); *Trinidad v. Breakaway Courier Sys., Inc.*, No. 05 Civ. 4116 , 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007); *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006); *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347

decision on supplemental jurisdiction, where Judge Hellerstein wrote:

> the federal FLSA claims and the [NYLL] claims arise from the same nucleus of
> operative facts, are substantially related to each other, and naturally would be
> treated as one case and controversy. Indeed, it would be difficult to try them
> separately, for the findings in one case would tend to be preclusive as to the other
> or, if not preclusive, could expose the parties to inconsistent results. . . . The test
> of relatedness under Section 1367 is satisfied, and the federal FLSA claim confers
> supplemental jurisdiction over the [NYLL] claim.

201 F.R.D. at 93.  Defendants also ignore the only circuit court opinion to address the issue

squarely.[15]  *Lindsay*, 448 F.3d at 421 ("it is clear that section 1367(a) authorizes a district court

to exercise its supplemental jurisdiction [over NYLL claims] in mandatory language.")

Plaintiffs' NYLL claims are part of the same case or controversy as their FLSA claims

because they "derive from a common nucleus of operative fact."  *United Mine Workers v. Gibbs*,

383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  A federal court's exercise of

---

(W.D.N.Y. 2006); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006); *Jankowski v. Castaldi*, No. 01-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 13, 2006); *Wraga v. Marble Lite, Inc.*, No. 05-5038, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005); *Ouedraogo v. Durso Assocs.*, No. 03 CV 1851, 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005); *Mascol v. E & L Transp., Inc.*, No. CV-03-3343, 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005); *Smellie v. Mount Sinai Hosp.*, No. 03-0805, 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. Nov. 29, 2004); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004); *Chan v. Triple 8 Palace*, No. 03-6048, 2004 U.S. Dist. LEXIS 9359 (S.D.N.Y. May 24, 2004); *Scott v. Aetna Servs., Inc.,* 210 F.R.D. 261, 264–68 (D. Conn. 2002); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001); *Brzychnalski v. UNESCO, Inc.,* 35 F. Supp. 2d 351 (S.D.N.Y. 1999).  *But see Neary v. Metro. Prop. & Cas. Ins. Co.*, 472 F. Supp. 2d 247 (D. Conn. 2007).

[15]    While the Third Circuit rejected a hybrid action in one wage case, it did so only after finding that supplemental jurisdiction existed, but was improperly exercised by the district court. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312 (3d Cir. 2003) (district court improperly accepted supplemental jurisdiction over novel issue of state law claims where Plaintiffs waited 17 months, until after discovery had closed, to move for Rule 23 class certification of state law claim allegations that Plaintiffs' had not asserted previously); *see K.P. v. Corsey*, 77 Fed. Appx. 611, 614 (3d Cir. 2003) (Rendell, C. J. dissenting) (noting the "unique circumstances" in *De Asencio* and to "voic[ing] confidence in, and support for, the proposition that under our current statutory scheme, the district courts may exercise supplemental jurisdiction to decide issues of state law pursuant to 28 U.S.C. § 1367.").

supplemental jurisdiction over state law claims, "while not automatic, is a favored and normal

course of action." *Promisel v. First American Artificial Flowers, Inc.* 943 F.2d 251, 254 (2d Cir.

1991).  Supplemental jurisdiction is proper here because the very same acts that violate the

FLSA, denial of overtime pay, also form the basis for Plaintiffs' NYLL claims.

### F.    Plaintiffs May Waive Liquidated Damages.

Defendants incorrectly argue that § 901(b) precludes Plaintiffs' NYLL class

claims.  Although § 901(b) prohibits plaintiffs from seeking liquidated damages in class

actions, *Ballard v. Community Home Care Referral Serv.*, 264 A.D.2d 747, 695 N.Y.S.2d

130, 132 (App. Div. 1999) ("The fact that the plaintiff's complaint contains a claim for

liquidated damages precludes class action relief."), it does not preclude plaintiffs from

pursuing their claims on a class basis, because Plaintiffs expressly waive the right to

NYLL liquidated damages on behalf of the class.  FAC at 14.  New York law allows

Plaintiffs to do so and maintain a class action for actual damages as long as absent class

members have an opportunity to opt-out and pursue statutory damages.  *See e.g.*, *Jacobs

v. Macy's East, Inc.*, 17 A.D.3d 318, 792 N.Y.S.2d 574, 576 (App. Div. 2d Dep't 2005)

("CPLR article 9 authorizes class action suits, and sets forth the criteria to be considered

in granting class action certification, which are to be liberally construed").  *Pesantez v.

Boyle Envtl. Servs., Inc.*, 251 A.D.2d 11, 673 N.Y.S.2d 659, 660 (App. Div. 1st Dep't

1998) ("To the extent certain individuals may wish to pursue punitive claims pursuant to

Labor Law § 198 (1-a), which cannot be maintained in a class action (CPLR 901 [b]),

they may opt out of the class action"); *Ridge Meadows Homeowners' Ass'n, Inc., v. Tara

Dev. Co., Inc.*, 242 A.D.2d 947, 665 N.Y. S.2d 361, 361 (App. Div. 4th Dep't 1997)

("any class member wishing to pursue statutory minimum and treble damages under the

sixth cause of action may opt out of the class and bring an individual action.")

Notably, Defendants fail to acknowledge (much less distinuguish) the many cases in this Circuit rejecting their § 901(b) argument. *Guzman*, 2007 U.S. Dist. LEXIS 75817 at *18; *Iglesias-Mendoza*, 239 F.R.D. at 374 (the court found "no problem with plaintiffs waiving their liquidated damages" provided that notice was given to the Rule 23 instructing individuals how to pursue their claims for liquidated damages); *Torres*, 2006 U.S. Dist. LEXIS 74039, at *56 (same); *Mascol*, 2005 U.S. Dist. LEXIS 32634, at **26-27 ("New York law does, however, allow for the waiver of liquidated damages claims for class action claims for overtime wages as long as putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims."); *Smellie*, U.S. Dist. LEXIS 24006, at **15-16 ("It is well within the range of permissible practical and strategic choices for a plaintiff to choose to join a class action seeking actual damages only, rather than undertake the efforts and transaction costs of seeking to pursue an individual action for actual and liquidated damages, or pressing her individual complaint with the Industrial Commissioner, who is empowered to seek actual and liquidated damages on wage claims."); *Noble*, 224 F.R.D. at 341 (S.D.N.Y. May 3, 2004) ("Because the right to liquidated damages has been waived, Section 901 does not preclude certification"); *Ansoumana*, 201 F.R.D. at 95 (New York law authorizes procedure where plaintiffs "waive any right to recover liquidated damages as a condition of being certified as a class"); *Brzychnalski*, 35 F. Supp. 2d at 353 ("even if plaintiffs cannot seek liquidated damages on a class basis, they may waive that right and still proceed on a class basis with respect to their remaining claims")

The cases Defendants cite for the proposition that Plaintiffs may not waive

liquidated damages are not on point. They do not address waiver of liquidated damages under the NYLL – they are both Donnelly Act cases. In rejecting the argument Defendants make here, Federal courts routinely distinguish Donnelly Act cases from NYLL cases on the ground that the Donnelly Act imposes a mandatory penalty while NYLL merely <u>allows</u> liquidated damages. *Klein*, 2004 U.S. Dist. LEXIS 24006, at **12-13 ("We note, as did the *Smellie* court, that [§ 340(5)], the provision at issue in *Asher,* differs from N.Y. LAB. LAW § 198(1-a) in that it imposes a *mandatory* penalty, whereas § 198 merely *allows* the recovery of liquidated damages."); *see also, Westerfield*, 2007 U.S. Dist. LEXIS 54830, at **10-11 (finding defendants' argument unpersuasive because "defendant relies on cases….which hold that mandatory penalties cannot be waived but which were decided under a different statute, the Donnelly Act"); *Smellie*, 2004 U.S. Dist. LEXIS 24006, at *16 (there are no indications "that a plaintiff cannot chose [*sic*] to forego the opportunity to prove willfulness and thus, in effect, waive the penalty provision.").

Defendants have not cited a single case arising under the NYLL where a court has held that Plaintiffs cannot waive liquidated damages in order to maintain a class.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion in its entirety.

Dated: May 27, 2008.

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: ___/s/ Justin M. Swartz_____
        Justin M. Swartz (JS 7989)

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (TX 24001807)
*Pro Hac Vice Motion Forthcoming*
Michael K. Burke (TX 24012359)
*Pro Hac Vice Motion Forthcoming*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone:  713-877-8788

Attorneys for Plaintiff and the Putative Classes