UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

KEVIN HUGHES and CRYSTIE KILGER,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

    -against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

        Defendants.

---------------------------------------------------------X

Civil Action No.:07 CV 10356 (LAK)

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(C) AND 23(D) AND 29 U.S.C. § 216(B)

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS
GETRONICS WANG LLC, GETRONICS USA,
INC.; and GETRONICS FLEXIBLE
SOLUTIONS, LLC*
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Attorneys of Record:
    Felice B. Ekelman (FE-5692)
    David S. Greenhaus (DG-0466)

## **TABLE OF CONTENTS**


Page(s)

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    POINT I

    DEFENDANT'S MOTION IS NOT PREMATURE AND SHOULD BE
    GRANTED; PLAINTIFFS' CLASS AND COLLECTIVE ACTION
    ALLEGATIONS SHOULD BE STRICKEN AND/OR DISMISSED ............................... 2

        A.    Brickey v. Dolencorp. Supports Defendant's Argument That
             Plaintiffs' Class And Collective Allegations Should Be Stricken
             Or Dismissed .......................................................................................................... 2

             1.    The Dolencorp FAC Contains Detailed Factual Allegations
                     Not Found In Plaintiffs' First Amended Complaint Herein. ............. 3

             2.    The Class Sought in Dolencorp Was Far More Defined
                     Than Plaintiffs' Proposed Class of "Computer User Support
                     Positions" ........................................................................................... 4

        B.    The Allegations In Plaintiffs' First Amended Complaint Are Conclusory
             And Speculative. .................................................................................................... 5

        C.    Plaintiffs Cannot Use The Complaint As A "Fishing Expedition" ............. 6

    POINT II

    EVEN IF THE COURT DOES NOT STRIKE PLAINTIFFS'
    COLLECTIVE ACTION ALLEGATIONS, IT SHOULD STILL
    DISMISS PLAINTIFFS' CLASS ACTION ALLEGATIONS .................................... 10

        A.    The Court Can Strike Plaintiffs' Class Allegations Pursuant To Fed. R.
             Civ. P. 23 ................................................................................................................ 8

        B.    Plaintiffs' Class Claims Should Be Stricken Because The Hundreds Of
             "Mini-Trials" That Will Result Defeats The Purpose Of A Class Action .. 9

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

Page(s)

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007) .................................................................................. 1, 3, 5, 6, 7

Brickey v. Dolencorp. Inc.,
244 F.R.D. 176 (W.D.N.Y. 2007) .................................................................. 2, 3, 5

Burkhart-Deal v. Citifinancial, Inc., 2008 U.S. Dist. LEXIS 44469 (W.D. Pa. June 5,
2008) ..................................................................................................................... 9

Cannon v. Douglas Elliman, LLC,
No. 06 Civ. 7092 (NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ............ 6

Chowdhury v. Duane Reade, Inc.,
No. 06 Civ. 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007) ............ 9,10

Damassia v. Duane Reade, Inc.,
No. 04 Civ. 8819 (GEL), 2008 WL 2201469 (S.D.N.Y. May 27, 2008) ........ 5, 9,10

De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) ................................ 9

DM Research, Inc. v College of Am. Pathologists,
170 F.3d 53 (1st Cir. 1999) .................................................................................. 6

Gardner v. Assocs. Commer. Corp., 2000 U.S. Dist. LEXIS 22804 (S.D. Tex. Dec. 19,
2000) ..................................................................................................................... 7

Genco Importing, Inc. v. City of New York,
No. 07 Civ. 3560 (LAK), 2008 WL 857533 (S.D.N.Y. Mar. 31, 2008) .............. 6

Initial Public Offering Secuirities Litigation,
No. 21 MC 92 (SAS), 2008 WL 2050781 (S.D.N.Y. May 13, 2008) ................. 8

Jones v. Casey's Gen. Stores,
538 F. Supp. 2d 1094 (S.D. Iowa 2008) .......................................................... 5,6

Thomas v. Cendant Mortgage,
No. 03-1672, 2005 WL 579903 (E.D. Pa. Mar. 11, 2005) .................................. 6

Wal-Mart Stores, Inc. v. Visa USA, Inc.,
280 F.3d 124 (2d Cir. 2001) ................................................................................ 9

Wheeler v. Pension Value Plan, No. 06-CV-500-DRH, 2007 WL 2608875 (S.D. Ill. Sept. 6, 2007) ..................................................................................................................7

Woodard v. Fedex Freight E., Inc., No. 3:CV-06-1968, 2008 WL 471552 (M.D. Pa. Feb. 19, 2008)..........................................................................................................................9

Zhong v. August August Corp.,
498 F. Supp. 2d 625 (S.D.N.Y. 2007)..................................................................................5

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to Defendant's Motion to Dismiss and/or Strike Plaintiffs' Class and Collective Allegations ("Defendant's Motion"), ignores the underlying basis for the Motion. Defendant's Motion is not an "unnecessary make work exercise". Rather, it is a legitimate request that this Court distinguish between those class and collective action complaints that, on their face, contain substantive factual allegations, and those class and collective action complaints, like the instant one, which are bare, conclusory, and allege the elements of a cause of action only. Complaints such as the First Amended Complaint filed by Plaintiffs herein do not meet the heightened pleading standard necessary to survive a motion to dismiss, as set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).

Plaintiffs mistakenly contend that merely alleging that two former employees[1] -- who worked in different positions, at different locations, in different states for different clients -- were wrongfully deemed exempt from overtime compensation purportedly in violation of the Fair Labor Standards Act (the "FLSA"), is a sufficient and legitimate basis for subjecting Defendant to class-wide discovery. However, <u>Twombly</u> no longer allows conclusory pleadings devoid of substantive facts. Further, it is well-settled that, whether in the context of a class action or otherwise, a plaintiff cannot use the filing of a complaint as a fishing expedition. The First Amended Complaint contains no reference to – let alone factual allegations regarding – how Defendant operates, or the kind of work the named Plaintiffs (to say nothing of purported

---

[1] On June 10, 2008, Plaintiffs' counsel advised us that Chrystie Kilger no longer wishes to serve as a named Plaintiff, and that Plaintiffs would take the necessary steps to remove her from the caption. Defendant believes she will participate going forward as an opt-in plaintiff only, although it remains Defendant's position that Kilger and Hughes are not similarly situated.

class members) performed while they were employed by Defendant. As will be discussed, <u>infra</u>, a wholly conclusory statement of claim with nothing more is insufficient to subject a defendant to the inevitably costly and protracted discovery phase of class action litigation.

For these reasons, <u>both</u> Plaintiffs' class and collective allegations should be stricken, and this case should proceed as the two-plaintiff case it is.[2]

## ARGUMENT

### POINT I

### DEFENDANT'S MOTION IS NOT PREMATURE, AND PLAINTIFFS' CLASS AND COLLECTIVE ACTION ALLEGATIONS SHOULD BE STRICKEN AND/OR DISMISSED

Plaintiffs' primary argument is that Defendant's Motion is premature, and that the Court should defer a decision regarding the sufficiency of Plaintiffs' pleading until after class-related discovery and briefing, "so as to permit the Court to make a decision based on an adequate record with the fullest possible factual background." <u>See</u> Plaintiffs' Memorandum of Law at p. 4. Plaintiffs are incorrect. FRCP 12(c) is an appropriate mechanism to attack a deficient class and collective action complaint. FED. R. CIV. P. 12(c).

A. <u>Brickey v. Dolencorp. Supports Defendant's Argument That Plaintiffs' Class And Collective Allegations Should Be Stricken Or Dismissed.</u>

Plaintiffs' reliance on <u>Brickey v. Dolencorp. Inc.</u>, 244 F.R.D. 176 (W.D.N.Y. 2007), actually advances Defendant's arguments. In <u>Dolencorp</u>, the Court began by noting:

> That the traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the

---

[2]  As noted in Defendants' moving Memorandum of Law, former employee Terrence McDonald has attempted to opt into this lawsuit. Mr. McDonald, however, was classified as non-exempt at all times by Defendant and he received overtime compensation accordingly. Defendants repeatedly have sought clarification from Plaintiffs' counsel regarding their position with respect to Mr. McDonald. On June 10, 2008, Plaintiffs' counsel advised us that Defendant's position appeared accurate, and that Mr. McDonald is likely not an appropriate opt in plaintiff in this lawsuit.

2

> plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has recently been changed by the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, which conclusively retired the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."

Id. at 178 (quoting Twombly, 127 S. Ct. at 1964-65).[3]

    **1.    The Dolencorp FAC Contains Detailed Factual Allegations Not Found In Plaintiffs' First Amended Complaint Herein.**

The "Facts" as set forth in the Dolencorp FAC are <u>far more specific</u> and detailed than those proffered by Plaintiffs in this case. For example, the Dolencorp FAC includes the following allegations:

> 51. Upon information and belief, Defendants operate over 200 stores in New York and over 7,900 stores throughout the United States.

As a review of the First Amended Complaint in this lawsuit will reveal, this allegation, in and of itself, is more fact-specific than anything asserted by Plaintiffs herein.

The Dolencorp FAC further alleges:

> 52. Upon information and belief, in each of its stores, Defendants employ at least one assistant store manager (or assistant manager or floating store manager or floating manager or floater) and several other hourly employees, usually including at least one key holder.
>
> 54. According to Defendants' policies and practices, all employees are required to record their time worked in Defendants' computer time system located at each cash register at the beginning and end of each shift and before and after breaks. Specifically, pursuant to policy and practice, each employee is instructed to record when s/he

---

[3] For the Court's convenience, the First Amended Complaint filed in Dolencorp (the "Dolencorp FAC") is attached as **Exhibit A** to the accompanying Affirmation of David S. Greenhaus ("Greenhaus Aff.").

3

reports to work and to record the time at which s/he stops working each day. The record of each employee's time is known as a "time card."

The Dolencorp FAC goes on, for 108 paragraphs over 40 pages, to allege numerous facts particular to the claims alleged in that lawsuit. In contrast, here, aside from generalized facts about who the Plaintiffs are and where they are employed (¶¶ 13-20), Plaintiffs allege no facts particular to their claims. They fail to allege the number of Defendant's facilities; the number of Defendant's employees; how Defendant's facilities are staffed; how their time is recorded; or even what job functions they performed for Defendant. The level of specificity offered by Plaintiffs is that Plaintiff Hughes was "an employee of Defendant in New York State" and that Plaintiff Kilger was "an employee of Getronics in Texas." They include no discussion of their job duties, nor the job duties of any other employee.

### 2. The Class Sought in Dolencorp Was Far More Defined than Plaintiffs' Proposed Class of "Computer User Support Positions".

The class of employees sought in Dolencorp (which encompassed individuals employed at "Dollar General" stores throughout the country), purported to include "assistant store managers, assistant managers, floating store managers, floating managers, floaters, key holders and similarly situated employees." See Dolencorp FAC at ¶ 2. Here, Plaintiffs did not identify any specific job title they seek to include in this action, but rather chose to seek to represent a purported class of employees in "computer user support positions." As explained in detail previously, this class definition is amorphous and meaningless to Defendant, whose primary business service is end-user computer support, such that a significant number of

4

Defendant's employees could be considered engaged in "computer user support".[4]/ It is unlikely that, had the plaintiffs in Dolencorp sought a class as indecipherable as "employees engaged in sales support positions" in connection with an employer whose business was sales, the complaint would have survived.

### B. The Allegations In Plaintiffs' First Amended Complaint Are Conclusory And Speculative.

As noted at page 7 of Defendant's moving Memorandum of Law, the crux of Plaintiffs' class-wide factual allegations are located at page 8 of the First Amended Complaint at paragraphs 34-39 (under the heading "Classwide Factual Allegations"). These allegations, as detailed previously by Defendant, are overly generalized and do not adhere to the proposition that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.

Plaintiffs concede that the Twombly standard applies in FLSA cases. Plaintiffs, however, ignore the central point: that the Twombly standard applies in this FLSA case, and that their pleading is insufficient under that standard. Plaintiffs' insinuation that there is a dearth of post-Twombly case law to support the Court's authority to dismiss insufficient class and collective allegations is disingenuous given that Twombly was decided little more than a year ago. In any event, at least one court in the Southern District of New York has dismissed legally insufficient collective action allegations since the Twombly decision. See Zhong v. August August Corp., 498 F.Supp.2d 625 (S.D.N.Y. 2007); see also Jones v. Casey's Gen. Stores, 538

---

[4]/ In correspondence dated May 29, 2008, Plaintiffs submitted Judge Lynch's decision in Damassia v. Duane Reade, Inc., No. 04 Civ. 8819 (GEL), 2008 WL 2201469 (S.D.N.Y. May 27, 2008), in further support of its opposition to Defendant's motion. The class sought in Damassia was a reasonably well-defined class of "assistant managers." Like Dolencorp, Damassia therefore does not support Plaintiffs' position that the class and collective allegations contained in their First Amended Complaint should not be dismissed. Damassia does not concern the sufficiency of a pleading; it is a certification decision arrived at following discovery.

F.Supp.2d 1094, 1103 (S.D. Iowa 2008)("Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA...there is not, on the face of the Amended Complaint, a single *factual* allegation that would permit an inference that even one member of Plaintiffs' collective has 'a right to relief above the speculative level.')(emphasis in original)(citing Twombly, 127 S. Ct. at 1965). Like Casey, there is not a single factual allegation in the First Amended Complaint that would permit an inference that this lawsuit is appropriate for class or collective treatment.[5] The relevant point is that post-Twombly, a plaintiff must do more than recite the elements of a cause of action in a complaint, and this Court has already so held. See Genco Importing, Inc. v. City of New York, No. 07 Civ. 3560 (LAK), 2008 WL 857533 (S.D.N.Y. Mar. 31, 2008)(citing Twombly and dismissing causes of action for failure to plead facts sufficient for Court to "reasonably" infer unconstitutional application of City noise provisions). Plaintiffs have not done so here.

### C. Plaintiffs Cannot Use The Complaint As A "Fishing Expedition".

It is well-established that "discovery is not intended as a fishing expedition, permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." Thomas v. Cendant Mortgage, No. 03-1672, 2005 WL 579903, at *3 (E.D. Pa. Mar. 11, 2005). "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." DM Research, Inc. v College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999). Moreover, as noted by another court since Twombly was decided, "as the Supreme Court of the United States

---

[5] Plaintiffs also attempt to minimize the impact of Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092 (NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007). Cannon, however, is analogous to the extent the Court held that the plaintiffs there had not pled sufficient facts to meet the FLSA's economic realities test for finding a joint employer relationship. Here, Plaintiffs have not pled sufficient facts to demonstrate that this case is appropriate for class or collective action treatment (nor, in the many months since the filing of the Original Complaint, have they submitted affidavits to elaborate upon their allegations).

recognized recently, these concerns apply especially cogently where, as here, a plaintiff seeks on the basis of a "wholly conclusory statement of a claim" to subject a defendant to the "inevitably costly and protracted discovery phase of a class action." Wheeler v. Pension Value Plan, No. 06-CV-500-DRH, 2007 WL 2608875, at *2 (S.D. Ill. Sept. 6, 2007)(granting the defendants' motion to dismiss ERISA class action allegations because the complaint merely recited the language of the statute, and further noting that "[t]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome.")(emphasis in original)(quoting Twombly, 127 S. Ct. at 1966); compare Gardner v. Assocs. Commer. Corp., 2000 U.S. Dist. LEXIS 22804 at *9 (S.D. Tex. Dec. 19, 2000)(Plaintiff limiting request for expedited discovery and FLSA notice to approximately 30 individuals with same job title as Plaintiff demonstrated she was not "seeking a fishing expedition").[6]

Here, by not pleading any facts, Plaintiffs have demonstrated that both the Complaint and the First Amended Complaint were filed with little or no factual investigation. Plaintiffs have not alleged with specificity the location(s) where they and the other individuals they seek to join in this action work, the client(s) or account(s) to which they were assigned, the type of work they performed, the names, number or titles of employees with whom they worked, the common work tasks performed, the skills they utilized, or the "common policies" that might apply to employees in "computer user support positions". Instead, Plaintiffs have asserted class and collective action claims on behalf of some undefined company-wide group of employees, based solely on a claim for unpaid overtime on behalf of the two named Plaintiffs, who themselves held different positions in different locations assigned to different accounts.

---

[6] Copies of unreported cases cited herein not available on WESTLAW are attached to the Greenhaus Aff.

7

Plaintiffs are not entitled to proceed with the class and collective action allegations in the First Amended Complaint because they have not articulated any facts upon which they can credibly assert those allegations to be anything more than a fishing expedition.

## POINT II

### EVEN IF THE COURT DOES NOT STRIKE PLAINTIFFS' COLLECTIVE ACTION ALLEGATIONS, IT SHOULD STILL STRIKE PLAINTIFFS' CLASS ACTION ALLEGATIONS.

A.   **The Court Can Strike Plaintiffs' Class Allegations Pursuant To Fed. R. Civ. P. 23.**

Plaintiffs' assertion that the Court does not possess the procedural mechanism to strike their class allegations is incorrect. Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure (formerly Rule 23(d)(4)) provides that a court "may require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." FED. R. CIV. P. 23(d)(1)(D).

Courts routinely allow a motion to strike class allegations prior to a motion for class certification if the inquiry would not mirror the class certification and if resolution of the motion is clear. See, e.g., Initial Public Offering Securities Litigation, No. 21 MC 92 (SAS), 2008 WL 2050781 (S.D.N.Y. May 13, 2008). Here, the instant motion does not mirror the motion for class certification, should there be one. The instant motion tests the sufficiency of the First Amended Complaint, a wholly-distinct analysis from that which is typically performed in a class certification motion. Even if the Court finds the First Amended Complaint sufficient for pleading purposes, it can (and should) still strike Plaintiffs' proposed Rule 23 allegations as unmanageable pursuant to Rule 23(d)(1)(D). Id. at *2.[7]

---

[7] Plaintiffs assert that the argument urged by Defendant in Part III of its Motion – that Plaintiffs' proposed Rule 23 opt-out class of New York Labor Law claims is incompatible with the FLSA's opt-in mechanism – is not viable.

8

### B. Plaintiffs' Class Claims Should Be Stricken Because The Hundreds Of "Mini-Trials" That Will Result Defeats The Purpose Of A Class Action.

In order to meet the predominance requirement of Rule 23(b)(3), "a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." Wal-Mart Stores, Inc. v. Visa USA, Inc., 280 F.3d 124, 136 (2d Cir. 2001).

That individualized proof will be necessary, defeating the predominance requirement, can again be gleaned by review of Plaintiffs' Complaint. There, before Plaintiff Kilger was added as a named Plaintiff, Plaintiff Hughes sought a class of individuals described as "Desktop Support Specialists." Plaintiffs' original Complaint is attached to the Greenhaus Aff. at **Exhibit B**. On its face, the term "Desktop Support Specialists" is a far more detailed and precise purported class than the class of "computer user support positions" sought in the First Amended Complaint. With the filing of the First Amended Complaint and the addition of Kilger as a named Plaintiff, Plaintiffs no longer sought "Desktop Support Specialists" as the proposed class, but broadened the proposed class with a vague description of those employees in "computer user support positions." Implicitly, by broadening the definition so as to include both named Plaintiffs, Plaintiffs have acknowledged that they themselves are not similarly situated.

Plaintiffs' reliance on Damassia, supra, note 2, is a "red herring" which cannot save their class and collective allegations. There, Judge Lynch found that the plaintiffs had

---

Defendants note that the Second Circuit has not yet ruled on this issue and that courts within the Third Circuit – relying on guidance from the Court of Appeals for the Third Circuit – have recently upheld Defendant's position. See Woodard v. Fedex Freight E., Inc., No. 3:CV-06-1968, 2008 WL 471552 (M.D. Pa. Feb. 19, 2008); Burkhart-Deal v. Citifinancial, Inc., No. 07-CV-1747, 2008 WL _____, 2008 U.S. Dist. LEXIS 44469 (W.D. Pa. June 5, 2008)(viewing recent case law through the "lens" of De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) and dismissing pendent Rule 23 class claims).

satisfied the predominance prong of Rule 23(b)(3) because "Duane Reade has conceded that the business practices at issue in this case are uniform among its stores that the duties and responsibilities of assistant managers are centrally derived." Damassia, 2008 WL 2201469, at *7 (citing companion case Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. Oct 2, 2007)). There is no such concession by Defendant here. Judge Lynch also found that "Duane Reade sets forth the duties of all assistant managers in a single job description document." Damassia, 2008 WL 2201469, at *7. There is no such document here. Judge Lynch further cited to the deposition testimony of a Duane Reade witness who said that Duane Reade applies "one consistent policy through the entire chain; so that each store has the same exact policy as every other store." Id. There is no such policy here and, in fact, the affidavits of Stephanie Fields and Rick Kremer attest exactly the opposite.[8]

Plaintiffs have not articulated a factual predicate for the purported class and collective nature of this lawsuit. This exemplifies the deficiencies in the First Amended Complaint, and supports Defendant's motion to strike the class and collective allegations.

## CONCLUSION

Therefore, pursuant to Fed. R. Civ. P. Rule 23 and Fed. R. Civ. P. 12(c), Getronics asks that this Court strike Plaintiffs' class and collective action allegations and allow this action to proceed solely as a two-plaintiff action. In the alternative, Getronics asks that this Court order Plaintiffs to re-plead their First Amended Complaint to describe with more precision the class and collective action groups they are seeking to represent.

---

[8] Plaintiffs will no doubt argue that they lack information and documents similar to that which were analyzed by Judge Lynch in Damassia because discovery has not yet begun in earnest. Plaintiffs, however, would miss the point: the vague, speculative and conclusory nature of the First Amended Complaint on its face forecloses the possibility of similar information and document exchange, and does not provide an adequate predicate for engaging in that process.

Dated: New York, New York
       June 12, 2008

                          Respectfully submitted,

                          JACKSON LEWIS LLP
                          *ATTORNEYS FOR DEFENDANTS*
                          59 Maiden Lane
                          New York, New York 10038
                          (212) 545-4000

By: _____
                          FELICE B. EKELMAN (FE-5692)
                          DAVID S. GREENHAUS (DG-0466)


I:\Clients\G\72762\117952\Pleadings\MOL in further support of Defts' Motion.doc

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, the **MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR DETERMINATION THAT THIS ACTION IS NOT APPROPRIATE FOR CERTIFICATION AS A CLASS OR COLLECTIVE ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(C) AND 23(D) AND 29 U.S.C. § 216(B)** and accompanying Exhibits were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

JUSTIN M. SWARTZ, ESQ.
OUTTEN & GOLDEN, LLP
*ATTORNEYS FOR PLAINTIFFS*
3 Park Avenue, 29th Floor
New York, New York 10016

RICHARD J. (REX) BURCH, ESQ.
BRUCKNER BURCH PLLC
ATTORNEYS FOR PLAINTIFFS
1415 Louisiana, Suite 2125
Houston, Texas 77002

_____
DAVID S. GREENHAUS (DG-0466)

I:\Clients\G\72762\117952\Pleadings\MOL - CERTIFICATE OF SERVICE.doc