UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEVIN HUGHES, et ano.,

                Plaintiffs,

    -against-                                            07 Civ. 10356 (LAK)

GETRONICS WANG LLC, et al.,

                Defendants.
------------------------------------------------------------x

                            ORDER

LEWIS A. KAPLAN, *District Judge.*

          This is a hybrid wage and hour action seeking to recover unpaid overtime compensation under the Fair Labor Standards Act and the New York Labor Law. The FLSA claims are brought as an opt-in collective action under 29 U.S.C. § 216(b). The NYLL claims are brought as a class action. Defendants move for orders determining that the case is not suitable for class or collective action certification and dismissing as legally insufficient the class and collective allegations contained the in the first amended complaint.

          The motion to dismiss the class and collective allegations (but not the claims of the named plaintiffs) seems to rest on the proposition that lawsuits are germs and that *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007), is penicillin. Just as penicillin does not kill all germs, *Twombly* does not kill all lawsuits, let alone require dismissal of class and collective action allegations in an otherwise legally sufficient complaint. Assuming, as defendants' do, that the named plaintiffs have stated legally sufficient claims, the substance of defendants position is that this nevertheless is not a proper case for allowing them to proceed on behalf of a class or to permit a collective action. Those contentions properly are considered in the context of a class or collective action determination – they do not go to the legal sufficiency of the complaint.

          There well may be significant issues as to whether this action should proceed collectively or on behalf of a class. But defendants' preemptive strike is ill-timed. Those issues more properly are considered after the completion of class-related discovery on a properly briefed and supported motion.

          The motions [DI 14, 17] are denied. Defendants' counsel is directed to ensure that the motion for a determination that this action is not appropriate for certification as a class or collective action, which has been docketed but not electronically filed, is filed electronically, albeit without by doing so generating another unresolved motion.

          SO ORDERED.

Dated:    July 8, 2008

                                                                       Lewis A. Kaplan
                                                              United States District Judge

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/08