**MEMO ENDORSED**



**jackson | lewis**
Attorneys at Law

Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

ATLANTA, GA · LONG ISLAND, NY · PORTLAND, OR
BIRMINGHAM, AL · LOS ANGELES, CA · PROVIDENCE, RI
BOSTON, MA · MIAMI, FL · RALEIGH-DURHAM, NC
CHICAGO, IL · MINNEAPOLIS, MN · RICHMOND, VA
CLEVELAND, OH · MORRISTOWN, NJ · SACRAMENTO, CA
DALLAS, TX · NEW YORK, NY · SAN FRANCISCO, CA
DENVER, CO · ORANGE COUNTY, CA · SEATTLE, WA
GREENVILLE, SC · ORLANDO, FL · STAMFORD, CT
HARTFORD, CT · PHILADELPHIA, PA · WASHINGTON, DC REGION
HOUSTON, TX · PITTSBURGH, PA · WHITE PLAINS, NY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08

My Direct Dial is: (631) 247-4658
My Email Address is: GREENHAUSD@JACKSONLEWIS.COM

August 18, 2008

RECEIVED
AUG 1 9 2008
CHAMBERS OF
THEODORE H. KATZ
US MAGISTRATE JUDGE

**VIA HAND DELIVERY**

Magistrate Judge Theodore H. Katz
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: Hughes, et al v. Getronics Wang LLC, et al
07-CV-10356 (LAK)

Dear Magistrate Judge Katz:

   As counsel for the Defendants (or "Getronics"), we write to request that the Court reconsider its direction that Getronics produce a list of putative class members, along with home addresses and phone numbers. It is Defendants' position that the class list, which includes approximately 750 names, should not be produced prior to the Court's ruling on a motion for class certification.

   Although this case was filed nine months ago, Plaintiff has not filed a motion for conditional certification and not a single Getronics employee meeting Plaintiff's proposed class definition, current or former, has elected to join this case, despite Plaintiff's efforts at publicizing the lawsuit and soliciting involvement.[1]/ Plaintiff has demonstrated virtually no interest by other class members in participating in litigation and he has presented no evidence to the Court supporting class certification. Despite this, Plaintiff has asked the Court to require Defendants to produce a list of all potential class members, approximately 750 individuals. By directing the production of contact information, the Court is, essentially, directing Getronics to do for Plaintiff what he has been unable to do himself.

   The identification and contact information should only be provided if Plaintiff successfully certifies the case. It is, in fact, one of the principal reasons for certifying a case. Requiring a defendant to produce a list of potential class members prior to producing any evidence regarding certification is putting the cart before the horse. It would permit an employee

---

[1]/  Plaintiff Kevin Hughes produced emails prior to his deposition which demonstrated he has attempted to solicit the involvement of other current and former Getronics employees in this lawsuit, apparently to no avail. Thus far, the only employee to "opt in" to the FLSA lawsuit has been a California-based employee who, unlike Hughes, was classified as non-exempt and received overtime pay.


Attorneys at Law

Magistrate Judge Theodore H. Katz
August 18, 2008
Page 2

(and their counsel) to obtain a list of employees simply by filing a complaint. Rule 26(c) does not permit this. See Searson v. Concord Mortg. Corp., 2008 U.S. Dist. LEXIS 28667 at * 3 (E.D.N.Y. Apr. 8, 2008)("the discovery sought by the plaintiffs is improper because the class has not been conditionally certified"); Barfield v. New York City Health and Hosp., 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005) (denying a request for names and addresses because Plaintiff failed to prove she was similarly situated to those she sought to represent); Stephens v. Erosion Containment Mgmt., 2008 U.S. Dist. LEXIS 40986 (M.D. Fla. May 21, 2008) (denying request for names and addresses prior to certification finding such discovery "premature"); Crawford v. Bothan, City Board of Education, 214 FRD 6 at 94 (M.D. Ala. 2003) (denying discovery prior to conditional certification).

Counsel stated it was his (or his client's) intention to contact members of the putative class in an effort to gather information for declarations in support of the motion for certification. But he has not identified what specific information he is seeking and why he would need the contact information of about 750 individuals to obtain such information. Plaintiff has not indicated why for the past nine months he has been unable to obtain evidence to support a certification motion, and why his rights will be prejudiced absent receipt of a list of putative class members. Most importantly, requiring Defendants to produce the class list prior to certification circumvents the two-step process applicable to FLSA cases, undermines the Court's role in managing communications with the class, and can lead to improper solicitation of claims. See Strong v. Weichert Realtors, 2006 U.S. Dist. Lexis 31351 (D.N.J. May 19, 2006) ("Class actions serve important goals but also present opportunities for abuse, requiring a plaintiff to make a modest factual showing that others have suffered the same injury in order to prevent class action fishing expeditions"). Defendants submit that providing Plaintiff with unfettered access to putative class members will create confusion and a breeding ground for miscommunication; see also Rubery v. Buth-Na-Bodhaige, Inc., 514 F.Supp.2d 431, 434-435 (W.D.N.Y. 2007)(plaintiff's counsel's pre-certification *ex parte* notice to putative class members "troubling" and potentially misleading, leading Court to propose corrective notice in the event of certification and the striking of consents to sue of individuals "not to be properly included of the class.").

Moreover, providing a list will result in Plaintiff cherry picking information and submitting declarations from hand picked employees in support of his summary judgment or certification motion. During our most recent teleconference, Plaintiff's counsel indicated that the certification motion likely will not be filed until the close of discovery. As a result, Getronics will not have an opportunity to obtain discovery from those hand picked individuals necessary to challenge their declarations, so as to provide the Court with the evidence it needs to fairly evaluate the motion. This process will not supply the Court with meaningful information to decide the motions, but rather will result in increased costs, fees and mismanagement of class discovery and will likely prejudice Getronics irreparably.



This due process and fairness concern has been addressed by courts in recent months. While the issues faced by these courts arose at another procedural juncture, it appears to be precisely where Plaintiff's strategy in this case will inevitably lead. For example, in Johnson v. Big Lots Stores, Inc., 2008 U.S. Dist. Lexis 47990 (E.D. La, June 20, 2008), the Court revisited its denial of the defendant's decertification motion after trial, and reversed its earlier determination. After reviewing deposition testimony submitted by the plaintiffs at trial, the Court determined that the individualized nature of the inquiry rendered the action inappropriate for collective treatment. The Court noted:

> Big Lots' alternative is to pick the class apart, plaintiff by plaintiff, going into the day to day job duties of each of the plaintiffs to prove that these [plaintiffs] are properly classified as exempt. That exercise is tantamount to conducting multiple individual trials on the merits and is the antithesis of a collective action....Because Big Lots could not call the managers and co-workers of the hundreds of plaintiffs to refute the individual plaintiffs' deposition or survey answers, opt-in plaintiffs could characterize their experiences without a realistic fear of direct reprisal.

In Big Lots, the defendant was at least able to participate in depositions of the purported class representatives. Here, Getronics will be afforded no such luxury and, in fact, will not even be made aware of the declarants' identities until Plaintiff files his motion. Plaintiff's gathering of declarations will be unilateral, unfettered and without fear of rebuttal, and Getronics will be limited as to how it defends against them. There will be no way for the Court to determine whether the declarations that Plaintiff will no doubt submit in support of his motion for class certification will be representative of the class or collective generally, especially given the only named Plaintiff's testimony that he is unaware of what functions are performed by TSSs at workplaces other than his own, and that he was unaware of their duties and positions. As was Big Lots, Getronics will be prejudiced, and its due process rights infringed upon, in its ability to defend against them.

Plaintiff's failure to move for class certification and court-supervised notice earlier in discovery, coupled with the virtual absence of opt in plaintiffs after the passage of nearly a year, leaves a distinct possibility that, should Plaintiff be given the opportunity to engage in unsupervised communication with current and former TSSs, such communications will be confusing. The Supreme Court has made clear that the district court should oversee supervision of communications with class members. See Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)(once a class action is filed "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is

**jackson lewis**
Attorneys at Law

Magistrate Judge Theodore H. Katz
August 18, 2008
Page 4

accomplished in an efficient and proper way.").[2/]  Getronics therefore respectfully requests that the Court reconsider its direction to disclose the contact information of TSS II-IV employees. In the alternative, we ask that the Court engage in more active supervision of any communications that will be issued to current and former employees.

Should the Court nonetheless determine that Plaintiff is entitled to contact information for current and former TSSs, we ask that the Court consider that Defendants provide Plaintiff with a representative sampling of names from which he can obtain discovery rather than a complete list. See, e.g., Roussell v. Brinker International, Inc., 2008 U.S. Dist. Lexis 52568 (S.D. Tex., July 9, 2008).

Thank you for your attention to this matter.

Very truly yours,

JACKSON LEWIS LLP

David S. Greenhaus

DSG/laf
cc: Ossai Miazad, Esq. (via email)
    Justin Swarz, Esq. (via email)
    Rex Burch, Esq. (via email)

*The Court sees no sound basis to reconsider its determination that contact information for potential opt-ins and class members be produced. This information, as well as the other documents Defendants were directed to produce at the July 21 and August 12 conferences, shall be produced by no later than September 5, 2008.*

---

[2/]  As of this date, there are two opt in plaintiffs: one who was employed in an entirely different job classification than Plaintiff (former named plaintiff Chrystie Kilger), and one to whom Getronics paid overtime. Ms. Kilger, who was a named plaintiff, is now an opt in plaintiff only. Plaintiff has represented that he would be amending the caption to remove Ms. Kilger, but as of yet he has not done so. Therefore, there have been no proper opt in plaintiffs since the inception of this lawsuit last November.

**SO ORDERED**

8/26/08

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE