UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| |
|---|
| KEVIN HUGHES, DIANE GOSIER, and DAVID MANNING, on behalf of themselves and all others similarly situated, |
| Plaintiffs, |
| -against- |
| GETRONICS WANG LLC; GETRONICS, USA, INC.; and GETRONICS FLEXIBLE SOLUTIONS, LLC; |
| Defendants. |

07-CV-10356 (LAK)(THK)

**[AS MODIFIED]**

[~~PROPOSED~~] ORDER ~~GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,~~ PROVISIONALLY CERTIFYING THE SETTLEMENT CLASS, APPOINTING PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVING ~~OF~~ PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT, **AMONG OTHER RELIEF**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisionally Certifying the Settlement Class, Appointing Plaintiffs' Counsel as Class Counsel, and Approving of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval") (Docket Item **51**), which is granted to the extent hereinafter set forth and otherwise denied.

~~I. Preliminary Approval of Settlement~~

~~1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Declaration as Exhibit D.~~

~~2.~~ The approval of a proposed class action settlement is a matter of discretion for the

trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

5. The Court concludes that the proposed Settlement Agreement (including the allocation formula in the settlement agreement ("Allocation Formula")) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

6. The Court finds that the Settlement Agreement is the result of extensive, arms length negotiations by counsel well-versed in the prosecution of wage and hour class and

2

~~collective actions.~~

~~7.      A well-known employment mediator, Ruth D. Raisfeld, assisted the parties with the settlement negotiations and presided over a two-day mediation. This reinforces the non-collusive nature of the settlement. *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009).~~

## II.   Conditional Certification of the Proposed Rule 23 Settlement Class

~~8.      Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re GMC*, 55 F.3d at 784; *Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817, No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 54553 (E.D.N.Y. Jun. 26, 2009) (conditionally certifying multi-state wage and hour settlement class and granting preliminary approval to nationwide wage and hour settlement).~~

9.      The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> all individuals in the TSS II, III, and IV job classifications employed in New York from November 21, 2001 to December 31, 2008, and employed in California from February 28, 2005 to December 31, 2008.

10.     Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 748 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants violated wage and hour laws by failing to pay overtime premium pay for hours worked over 40 in a workweek, and failing to keep accurate records of time worked. *See Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *10-11 (S.D.N.Y. Mar. 31, 2009); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008).

13. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia*, 250 F.R.D. at 158.

15. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Buddha-Bar*

*NYC*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12; *Damassia*, 250 F.R.D. at 161, 164.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

16. The Court appoints Outten & Golden LLP and Bruckner Burch PLLC ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure. 23(g). *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

17. Plaintiffs' Counsel conducted substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

18. Outten & Golden LLP and Bruckner Burch PLLC are skilled and experienced employment class action lawyers. Both firms conducted extensive experience prosecuting and settling nationwide wage and hour class and collective actions. *See, e.g., Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *10-11; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *14-16.; *Damassia*, 250 F.R.D. at 165 (appointing Outten & Golden as class counsel on the basis of its "experience[] in handing wage and hour class actions and . . . knowledge of the applicable law"). Courts have found Outten & Golden LLP[1] and Bruckner Burch PLLC[2] to be adequate class

---

[1] *See, e.g., Westerfield v. Wash. Mut. Bank*, No. 06 Civ. 2817, 2009 U.S. Dist. LEXIS 54553, at *9-10 (S.D.N.Y. June 26, 2009); *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *10-11; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *14-16.; *Damassia*, 250 F.R.D. at 165 (appointing Outten & Golden as class counsel on the basis of its "experience[] in handling wage and hour class actions and . . . knowledge of the applicable law"); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, at *8 (W.D.N.Y. June 28, 2008) (Outten & Golden "are experienced in prosecuting and settling employment-based class and collective actions, including wage and hour matters," "possess the experience and ability to represent effectively

5

counsel in employment law class actions. [Plaintiffs assert that] The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

---

the class's interests," and "[have] adequately represented the class in this action.") (internal brackets and citation omitted); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *6 (S.D.N.Y. Mar. 24, 2008) ("[Outten & Golden] ha[s] substantial experience prosecuting class action cases involving wage and hour claims"); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *49 ("[Outten & Golden] is qualified, experienced, and generally able to conduct the [class wage and hour] litigation.") (internal quotations omitted); *Rosenburg v. I.B.M.*, No. CV 06-00430, 2007 U.S. Dist. LEXIS 53138, at *5-6 (N.D. Cal. July 12, 2007) (appointing Outten & Golden as class counsel in wage-and-hour class action); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001) (Outten & Golden is "experienced and well-qualified in the fields of labor law and class litigation and, in particular, wage-and-hour class litigation").

[2] *See, e.g., Bricker v. Planet Hollywood New York, L.P.*, 2009 WL 2603149, at *3 (S.D.N.Y. Aug. 13, 2009) (noting Bruckner Burch PLLC provided "high quality representation" as class counsel); *Rosenburg v. International Business Machines Corp.*, 2007 WL 2043855, at *2 (N.D.Cal. July 12, 2007); *Hoenemier v. Sun Microsystems, Inc.*, Case No. 1:06-CV-71531 (Superior Court, Santa Clara County, CA - April 4, 2008).

### IV. Class Notice

19. The Court approves the Notice of Pendency of Class Action and Proposed Settlement ("Proposed Notice"), ~~which is~~ in the form ~~by this Order~~ attached as Exhibit 1 to ~~Plaintiffs' Notice of Motion for Preliminary Approval of Class Settlement~~ and directs its distribution to the Class.

20. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

21. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

22. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

## V. Class Action Settlement Procedure

23. The Court hereby adopts the following settlement approval process ~~which safeguards class members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements,~~ See Fed. R. Civ. P. 23(e); ~~Newberg §§ 11.22 et seq.; Damassia, 2009 U.S. Dist. LEXIS 77489 (granting final approval of class action settlement after preliminary approval, notice and fairness hearing); Mohney, 2009 U.S. Dist. LEXIS 27899 (same)~~:

a. Defendants shall provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, and telephone numbers of all class members (the "Class List") within 15 days after the Court ~~grants Plaintiffs' Motion for Preliminary Approval of the Settlement.~~ date of this order.

b. The Claims Administrator shall mail the Notice to class members within 15 days after receiving the Class List from Defendants.

c. Class members have 45 days after the date the Notice is mailed to submit a Claim Form and Release, opt out of the settlement, and/or object to the settlement.

d. The Court will hold a final fairness hearing on Feb. 16, 2010 at 2 pm at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 17D.

e. Plaintiffs shall file a Motion for Final Approval of the Settlement at least 15 days before the final fairness hearing.

f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters the Final Order and Judgment. If a party appeals the Court's Final Order and Judgment, the "Effective Date" of Settlement shall be the day after all appeals are finally resolved.

g. The Claims Administrator shall issue settlement checks ~~from the funds~~ Defendants deposited ($3.7 million) ~~into the interest-bearing escrow account~~ according to the Allocation Formula.

8

~~h.~~ The Claims Administrator ~~will~~ *shall* distribute these checks to class members, to Class Counsel's for attorneys' fees and expenses, and to the Named Plaintiffs for Service Awards, within 5 days of the Effective Date.

It is so ORDERED this 2/5 day of Oct, 2009.

_____
~~Honorable Theodore H. Katz~~
~~United States Magistrate Judge~~
US District Judge

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEVIN HUGHES, DIANE GOSIER and
DAVID MANNING on behalf of themselves
and all others similarly situated,

                Plaintiffs,

-against-

GETRONICS WANG LLC;
GETRONICS USA, INC.; and
GETRONICS FLEXIBLE SOLUTIONS,
LLC,

                Defendants.

------------------------------------------------------------X

Civil Action No.:07 CV 10356
(LAK)(THK)

**NOTICE OF PENDENCY OF
CLASS ACTION AND PROPOSED
SETTLEMENT**

TO:       **ALL INDIVIDUALS IN THE POSITION OF TSS II, III OR IV WHO HAVE WORKED FOR GETRONICS IN NEW YORK FROM NOVEMBER 15, 2001 TO DECEMBER 31, 2008, IN CALIFORNIA FROM FEBRUARY 28, 2005 TO DECEMBER 31, 2008 AND ELSEWHERE THROUGHOUT THE COUNTRY FROM FEBRUARY 27, 2006 TO DECEMBER 31, 2008**

DATED:     _____, 2009

**PLEASE READ THIS NOTICE CAREFULLY**

*A federal court authorized this notice.* ~~This is not a solicitation from a lawyer.~~

Former employees of Getronics, Kevin Hughes, Diane Gosier and David Manning, have sued Getronics Wang LLC; Getronics USA, Inc.; and Getronics Flexible Solutions, LLC ("Defendants") claiming that they violated the federal Fair Labor Standards Act, the New York Labor Law, the California Labor Code and the California Labor & Business Professions Code. Mr. Hughes, Ms. Gosier and Mr. Manning sought recovery of, among other things, unpaid overtime wages.

*[handwritten: entered into an agreement to settle this action subject to the approval of the Court.]*

- The employees who filed the suit and Defendants have ~~settled~~. Defendants have agreed to deposit $3,700,000.00 into a fund that will be used to pay current and former employees who qualify. Defendants deny any wrongdoing, but have decided to settle the case. *[handwritten: and the Court the settlement is approved.]*
- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now.

| | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive payment based on the formula described in response to question 7 below. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. If you wish to exclude yourself from the lawsuit you must follow the directions outlined in response to question 12 below. |
| **OBJECT** | If you worked for Getronics in the State of New York or California, write to the Court about why you don't like the settlement. If you worked for Getronics in any State other than New York or California and do not like the settlement, simply do nothing. You will not be bound by the settlement unless you negotiate the check you receive from the Claims Administrator. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and ~~after~~ all appeals are resolved. Please be patient.

*[handwritten: in favor of such approval.]*

2

# BASIC INFORMATION

███████████████████████████████████████

You have received this notice because Defendants' records show that you previously worked for Defendants as a TSS II, III or IV during the relevant time period. There is a proposed class action settlement that covers workers in these positions.

You have the right to know about the proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement described in the Notice, and after objections and appeals are ~~allowed~~, an administrator will make the payments that the settlement allows. *(resolved with favor)*

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who is eligible for them.

The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Kevin Hughes, Diane Gosier and David Manning v. Getronics Wang LLC; Getronics USA, Inc.; and Getronics Flexible Solutions, LLC*, Case No. 07 CV 10356 (LAK). The individuals who filed the lawsuit are called the Plaintiffs, and Getronics Wang LLC; Getronics USA, Inc.; and Getronics Flexible Solutions, LLC, are the Defendants.

███████████████████████████████████████

Plaintiffs alleged, among other things, that Defendants failed to pay them and others similarly situated for all of the hours that they worked and failed to pay a full overtime premium for the hours worked over 40 in a workweek.

Defendants deny they did anything wrong.

███████████████████████████████████████

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as a Class or Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. ~~Magistrate~~ Judge ~~Theodore H. Katz~~ *Lewis H. Kaplan*, United States District Judge for the United States District Court for the Southern District of New York, is ~~overseeing the settlement process of this~~ class action. *presiding over this*

███████████████████████████████████████

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way they avoid the cost of a trial, and the Class Members will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

3

## WHO IS IN THE SETTLEMENT

Defendants' records indicate you are a Class Member. The parties agreed that there are three "classes" in this lawsuit: "New York Class Members" are individuals in the TSS II, III and IV job classifications, who worked in New York from November 15, 2001 to December 31, 2008. "California Class Members" are individuals who worked in the TSS II, III and IV job classifications in California from February 28, 2005 to December 31, 2008. "FLSA Class Members" are defined as individuals in the TSS II, III and IV job classifications nationwide who worked in these positions from February 27, 2006 to December 31, 2008. "Class Members" or "Settlement Class" are, collectively, New York Class Members, California Class Members and FLSA Class Members.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

Defendants have agreed to create a $3,700,000.00 fund, a portion of which will be divided among Class Members based on the number of weeks they worked for Defendants, and the position in which they worked.

The formula is as follows: For each full (not partial) workweek worked by a Class Member as a TSS II, three points will be awarded. For each full (not partial) workweek worked by a Class Member as a TSS III, three points will be awarded. For each full (not partial) workweek worked by a Class Member as a TSS IV, two points will be awarded. There will be a "Claims Administrator" who then will divide the total number of points for all Class Members into what is known as the Net Settlement Amount, which is $3,700,000.00 less (i) attorneys' fees and litigation expenses; (ii) a service payment to Plaintiffs; (iii) actual claims administration costs incurred by the Claims Administrator up to $30,000.00; (iv) the employers' customary shares of payroll taxes; (v) the California Class Settlement, as defined below; and (vi) the Alternative Minimum Payments described in subparagraph below This will yield the amount to be paid to the Class Members for each point. Each Class Member's share of the Net Settlement Amount then will be calculated by multiplying the amount per point by the number of points awarded to that Class Member during the Class Period, based on Defendants' records. Class Members will be paid Settlement Payments based on the number of points earned as calculated by the Claims Administrator. Any Class Member who has earned three or fewer points shall receive an Alternative Minimum Payment of $150.

If you worked in California, there is a separate California Class payment of $175,000 that comes from the $3,700,000 settlement fund that shall be divided among the California Class Members as follows (and in addition to the payment described above): The number of full (not partial) workweeks worked by California Class Members shall be divided by the total California Class Settlement ($175,000) to determine the weekly California Class Settlement payment. Each California Class Member shall be entitled to an amount equal to the weekly California Class

4

Settlement payment multiplied by the number of weeks worked by each California Class Member.

## HOW YOU GET A PAYMENT

You do not need to do anything to receive the payment identified in paragraph 7. However, if you choose and act to exclude yourself, then you will not receive a payment.

The Court will hold a hearing on Feb. 16, 2010, at 2 pm, ~~2009,~~ to decide whether to approve the settlement. If Magistrate Judge Katz approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

Unless you exclude yourself, you are staying in the Class, and will receive a settlement check. The settlement check will have a statement on the back explaining: "By endorsing this check, I consent to join the FLSA collective action against Defendants, styled *Hughes, Gosier and Manning v. Getronics Wang LLC, Getronics USA, Inc. and Getronics Flexible Solutions, LLC,* 07 Civ. 10356 (LAK)(THK) and release Defendants from all wage and hour claims under the Fair Labor Standards Act, the California Labor Code, the California Business and Professions Code and the New York Labor Law brought in the Litigation, including but not limited to unpaid overtime wages, waiting penalties and meal and rest break penalties." This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants about the legal issues in this case or which were brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

[handwritten margin note: "If this settlement to be approved."]

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as opting out of the settlement Class.

If you worked for Defendants in either the State of New York or California, to exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Kevin Hughes, Diane Gosier and David Manning v. Getronics Wang LLC; Getronics USA, Inc.; and Getronics Flexible Solutions, LLC*, Case No. 07 CV 10356 (LAK)(THK). Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be

5

postmarked no later than _____, 2009 and it must be mailed to:

Claims Administrator<br>
Post Office Box 10370<br>
Tallahassee, FL 32302-2370

If you worked for Getronics in any State other than New York or California, you are not bound by the settlement unless you negotiate the check you receive from the Claims Administrator.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

No. Unless you exclude yourself, you give up any rights to sue Defendants for the claims brought in this case or which could have been brought in this case. **If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.** Remember, the exclusion deadline is _____, 2009.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

The law firm of Outten & Golden LLP and Bruckner Burch PLLC represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Class Counsel will ask the Court to approve payment of up to $1,233,333 (33 1/3% of the settlement fund established by Defendants) to them for attorneys' fees plus litigation expenses of no more than $40,000. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, Class Counsel will ask the Court to approve payment to Class Representative Kevin Hughes for his service to the Class in the amount of $7,500.00 and payment to class representatives Diane Gosier and David Manning for their service to the Class in the amount of $3,000 each. The Court may award less than these requested amounts. Defendants have agreed not to oppose these fees or service payments.

*(the settlement)* [handwritten annotation circling title]

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

███████████████████████████████████████████████████████████████████

If you worked for Getronics in the State of New York or California, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Kevin Hughes, Diane Gosier and David Manning v. Getronics Wang LLC; Getronics USA, Inc.; and Getronics Flexible Solutions, LLC*, Case No. 07 CV 10356 (LAK)(THK). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the settlement claims administrator at the address below, postmarked no later than _____, 2009.

Claims Administrator<br>
Post Office Box 10370<br>
Tallahassee, FL  32302-2370

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

███████████████████████████████████████████████████████████████████

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling that Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. You may not speak unless you object in writing as described below in the explanation to the question number 20.

███████████████████████████████████████████████████████████████████

The Court will hold a Fairness Hearing at _____ a.m. on _____, 2009, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom ~~____~~ 12D.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. ~~Magistrate~~ Judge ~~Katz~~ will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class

7

*Kaplan* [signature]

Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

No. Class Counsel will answer questions ~~Magistrate~~ *Kaplan* Judge ~~Katz~~ may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must ~~send~~ *file* a letter saying that it is your "Notice of Intention to Appear in *Kevin Hughes, Diane Gosier and David Manning v. Getronics Wang LLC; Getronics USA, Inc.; and Getronics Flexible Solutions, LLC*, Case No. 07 CV 10356 (LAK)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be ~~postmarked~~ *filed* no later than _____, 2009 ~~and be sent to _____ at the address in paragraph 16.~~ You cannot speak at the hearing if you exclude yourself from the settlement *or fail to timely file a Notice of Intention to Appear*.

## GETTING MORE INFORMATION *filed with the Clerk of the Court*

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Justin Swartz, Esq., at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016.

8

# Exhibit 2