**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (admitted *pro hac vice*)
Michael K. Burke (admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: 713-877-8788

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KEVIN HUGHES, DIANE GOSIER, and DAVID MANNING,** on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　　-against-<br><br>**GETRONICS WANG LLC; GETRONICS USA, INC.; and GETRONICS FLEXIBLE SOLUTIONS, LLC;**<br><br>　　　　　　　　　　　　Defendants. | **07-CV-10356 (LAK) (THK)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR CLASS REPRESENTATIVE SERVICE AWARDS**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

II. FACTUAL BACKROUND .............................................................................................1

III. ARGUMENT .....................................................................................................................3

    A. The Class Representatives Expended Considerable Time and Effort ..............................4

    B. The Ultimate Recovery Supports Payment of Service Awards ........................................5

    C. The Class Representatives Faced a Risk of Retaliation....................................................7

    D. The Class Representatives are Providing a Broader Release of Claims...........................8

IV. CONCLUSION .................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bowens v. Atl. Maint. Corp.*,
   546 F. Supp. 2d 55 (E.D.N.Y. 2008) ................................................................................3

*Damassia v. Duane Reade, Inc.*,
   No. 04 Civ. 08819 (GEL), 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) ...............3

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005)..............................................................................4, 6, 7

*Glass v. UBS Fin. Servs.*,
   No. Civ. C-06-4068 (MMC), 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007).............6

*Khait v. Whirlpool Corp.*,
   No. 06 Civ. 6831 (ALC), 2010 U.S. Dist. LEXIS 4067 (E.D.N.Y. Jan. 20, 2010) ...................5

*Mohney v. Shelly's Prime Steak*,
   No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899 (S.D.N.Y. Mar. 31, 2009) ................6

*Reyes v. Buddha Bar-NYC*,
   No. 08 Civ. 02494 (DF), 2009 U.S. Dist. LEXIS 45277 (S.D.N.Y. May 28, 2009) .................6

*Roberts v. Texaco, Inc.*,
   979 F. Supp. 185 (S.D.N.Y. 1997)...................................................................................3, 4

*Silberblatt v. Morgan Stanley*,
   524 F. Supp. 2d 425 (S.D.N.Y. 2007).................................................................................7, 8

*Velez v. Majik Cleaning Serv.*,
   No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223 (S.D.N.Y. June 22, 2007) .................3, 7, 8

*West v. Circle K Stores Inc.*,
   No. Civ. S-04-0438 (WBS), 2006 U.S. Dist. LEXIS 76558 (E.D. Cal. Oct. 20, 2006) ........6, 8

*Westerfield v. Washington Mut. Bank*,
   No. 06-CV-2817 (JMA), No. 08 Civ. 00287, 2009 U.S. Dist. LEXIS 94544 (S.D.N.Y.
   Oct. 8, 2009) ........................................................................................................................5

*Wright v. Stern*,
   553 F. Supp. 2d 337 (S.D.N.Y. 2008)..................................................................................6

**OTHER AUTHORITIES**

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) .............................................................................................3

## I. INTRODUCTION

In connection with their Motion for Certification of the Settlement Class and Final Approval of the Class Action Settlement in the above-captioned action,[1] Plaintiffs respectfully move this Court to approve service awards for Class Representatives Kevin Hughes in the amount of $7,500, and payment to Class Representatives Diane Gosier and David Manning in the amount of $3,000 each, in recognition of the services that they rendered on behalf of the class. The service awards are reasonable in light of the relevant precedent, the time and effort the Class Representatives spent in furtherance of this litigation, the result they helped obtain, the risks of retaliation they faced, and the broader range of claims they are releasing.

## II. FACTUAL BACKGROUND

The Class Representatives made important contributions to the prosecution and fair resolution of this action on behalf of the Class Members. Prior to the filing of the Complaint, Class Representative Hughes assisted Class Counsel's investigation of the Fair Labor Standards Act and the New York Labor Law claims by providing detailed factual information regarding the unpaid overtime work performed by Technical Support Specialists ("TSS Workers") as employees of Defendants, explaining Defendants' policies of exempting class members from overtime work, informing other putative class members of the potential lawsuit, and setting up meetings between Class Counsel and putative plaintiffs. (Declaration of Justin M. Swartz in Support of Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Reimbursement of Expenses and Unopposed Motion for Service Awards ("Swartz Decl.") ¶ 42.)

---

[1] For a detailed account of the factual and procedural background of this case, including settlement negotiations and administration, Class Counsel refers the Court to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, filed on February 1, 2010.

Although not formally added to the Complaint as Named Plaintiffs on behalf of putative class members in California until May 6, 2009, Class Representatives Gosier and Manning regularly communicated with Class Counsel during the litigation, providing important first-hand knowledge of the overtime work that Defendants required of them and putative class members in order to fulfill their work duties. (*Id*. ¶ 44.) All three Class Representatives provided information regarding the uniformity of Defendants' policies among and across the states they represented. (*Id*. ¶ 46.) In addition, the Class Representatives informed other putative plaintiffs in their respective states of the lawsuit. (*Id*. ¶ 48.) Class Representative Manning provided valuable, current information about Defendants pay practices despite the risk of retaliation he faced as a current employee of Defendants. (*Id*. ¶ 47.) Additionally, Class Representative Hughes contributed to the prosecution of this class action by preparing for and sitting for a deposition. (*Id*. ¶ 43.)

The Class Representatives also helped Class Counsel prepare for the two-day mediation session that took place in February 2009, and culminated in this settlement. (*Id*. ¶ 49.) They responded to fact-intensive questions regarding their duties, provided estimates of the overtime hours they worked, and supplied Class Counsel with information that debunked Defendants' factual arguments. (*Id*.)

The Court-approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing that was sent to Class Members informed them of the Service Payments that Plaintiffs now ask the Court to approve:

> Class Counsel will ask the Court to approve payment to Class Representative Kevin Hughes for his service to the Class in the amount of $7,500.00 and payment to class representatives Diane Gosier and David Manning for their service to the Class in the amount of $3,000 each.

(Ex. H.) No Class Member has objected to the service awards.[2] (Swartz Decl. ¶ 50.)

**III.    ARGUMENT**

In light of their significant efforts resulting in a substantial settlement on behalf of the Class, the Class Representatives merit the requested service awards. As noted by Judge Gerard E. Lynch in a recent decision, "[s]uch service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 08819 (GEL), 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (citations omitted) (Ex. S[3].) Courts acknowledge that class representatives play a crucial role in bringing justice to those who would otherwise be without a remedy. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. 2008) (citation omitted) (noting role of class representatives in bringing forward small claims).

This is especially true in employment litigation. *See Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at *23 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (quoting *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997) (Ex. O.); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment*

---

[2] The one objection filed in this case regarded a class member who wished to remain in the settlement, but asked the Court to consider partial work weeks in the allocation formula. *See* Swartz Decl. ¶ 50

[3] Unless otherwise indicated, all exhibits are attached to the Declaration of Justin M. Swartz in support of Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Reimbursement of Expenses and Unopposed Motion for Service Awards.

*Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) (discussing the importance of aggregation of claims in the prosecution of civil and wage and hour rights).

Incentive awards, while "not uncommon" in cases like this one, "are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). In examining the reasonableness of service awards, courts consider: (1) the time and effort expended by the class representatives during the litigation or "in bringing to bear added value (e.g. factual expertise)[;]" (2) the ultimate recovery; and (3) any burdens sustained by the class representatives, including personal risk. *See id.*; *Roberts,* 979 F. Supp. at 200.

### A.     The Class Representatives Expended Considerable Time and Effort

The Class Representatives merit service awards based on the significant time and effort they expended during the litigation. Courts recognize the important factual knowledge that class representatives bring to employment class actions, including information about employer policies and practices that affect wages. *See Frank*, 228 F.R.D. at 187–88 (recognizing the important role that class representatives play in providing information, responding to counsel's questions, and reviewing documents). In this case, all Class Members provided Class Counsel with valuable factual information necessary to support the claims and defend against Defendants' affirmative defenses.

In the early stages of the lawsuit, Class Representative Hughes assisted Class Counsel's investigation of the claims and defenses by supplying first-hand factual knowledge of Defendants' overtime policies, the duties class members performed, and Defendants' knowledge of such duties. (Swartz Decl. ¶ 42.) All three Class Representatives helped to expand the case to both New York and California by informing other putative class members of the lawsuit and

providing information to Class Counsel regarding the consistent application of Defendants' policies with all clients. (Swartz Decl. ¶ 45.)

Throughout the two year litigation, Class Representatives communicated regularly with Class Counsel, supplying additional information regarding the mandatory overtime work and Defendants' knowledge of such work, and confirming that Defendants' policies did not vary materially for any client project. (*Id.* ¶¶ 45-46.) The Class Representatives also informed other putative class members of the lawsuit and encouraged them to join it. (*Id.* ¶ 48.)

Additionally, Class Representative Hughes spent considerable time with Class Counsel preparing for his deposition, taken by Defendants' counsel. Class Representative Hughes was deposed in a full-day deposition on July 17, 2008.

All Class Representatives also assisted Class Counsel prepare for the two-day mediation session by responding to factual questions regarding their work duties, providing estimates of the overtime hours they worked, and supplying Class Counsel with information that debunked Defendants' factual arguments. (*Id.* ¶ 49.)

### B. The Ultimate Recovery Supports Payment of Service Awards

The service payments requested by the Class Representatives are reasonable in light of the $3.7 million settlement. Courts often award much higher service awards, both as a percentage of the recovery and in magnitude. *See Khait v. Whirlpool Corp.*, No. 06 Civ. 6831 (ALC), 2010 U.S. Dist. LEXIS 4067, at *26 (E.D.N.Y. Jan. 20, 2010) (awarding service payments of $15,000 to five named plaintiffs and $10,000 to ten named plaintiffs from $9.25 million fund) (Ex. K.); *Westerfield v. Washington Mut. Bank*, No. 06-CV-2817 (JMA), No. 08 Civ. 00287, 2009 U.S. Dist. LEXIS 94544, at *14 (S.D.N.Y. Oct. 8, 2009) (awarding service payments of $10,000 to 15 named plaintiffs from $38 million fund) (Ex. R); *Mohney v. Shelly's*

*Prime Steak*, No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *18–19 (S.D.N.Y. Mar. 31, 2009) (awarding service payments of $6,000 to 14 named plaintiffs from $3.265 million fund) (Ex. M.); *Reyes v. Buddha Bar-NYC*, No. 08 Civ. 02494 (DF), 2009 U.S. Dist. LEXIS 45277, at *13–14 (S.D.N.Y. May 28, 2009) (awarding payments of $7,500 to 3 named plaintiffs from $710,000 fund) (Ex. L.); *West v. Circle K Stores Inc.,* No. Civ. S-04-0438 (WBS), 2006 U.S. Dist. LEXIS 76558, at *26–28 (E.D. Cal. Oct. 20, 2006) (awarding $15,000 each to two class representatives from $5 million fund) (Ex. BB.); *Glass v. UBS Fin. Servs.*, No. Civ. C-06-4068 (MMC), 2007 U.S. Dist. LEXIS 8476, at *50–52 (N.D. Cal. Jan. 26, 2007) (approving $25,000 "enhancement" to each of four named plaintiffs) (Ex. CC.)  Courts have awarded incentive payments in non-wage and hour employment class actions far greater than those contemplated here.  *See, e.g., Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (approving $50,000 awards to each of 11 named plaintiffs in $11.8 million employment discrimination settlement).

In this case, the proposed payments represent roughly one-third of one percent (0.36%) of the total Settlement Fund.  These payments are reasonable in light of the recovery achieved and the payments approved by other courts in wage and hour cases.  *See Buddha-Bar*, 2009 U.S. Dist. LEXIS 45277, at *13–14 (awarding payments that represented approximately 3.2% of the total fund) (Ex. L.); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *18–19 (awarding payments representing approximately 2.6% of the settlement fund) (Ex. M.); *Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement fund for named plaintiff in wage and hour case).

### C. The Class Representatives Faced a Risk of Retaliation

In assessing the reasonableness of service awards, courts consider the risks the named plaintiffs assumed in serving as class representatives. *See Frank*, 228 F.R.D. at 187. In the employment context, where workers are often blacklisted if they are considered trouble makers, class representatives are particularly vulnerable to retaliation. *See id.* ("Incentive awards are 'particularly appropriate in the employment context . . . . the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."); *see also Velez*, 2007 U.S. Dist. LEXIS 46223, at *23–24 (observing that by serving as class representatives, the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers") (Ex. O); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded.")

Even where there is not a record of actual retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Frank*, 228 F.R.D. at 187–88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.")

Here, although two of the Class Representatives, Kevin Hughes and Diane Gosier, were former Technical Support Service employees, they remained in the IT service industry upon leaving Defendants. (Swartz Decl. ¶ 41.) A real risk existed that their new employers would take adverse action against them if they learned that they were Class Representatives in a lawsuit

7

against their former employer. *See Silverblatt*, 524 F. Supp. 2d at 435 ("A class representative . . . whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded."); *Velez*, 2007 U.S. Dist. LEXIS 46223, at *23–24 (awarding service awards to class representatives who were former employees) (Ex. O); *West*, 2006 U.S. Dist. LEXIS 76558, at *26–28 (awarding $15,000 service payment to former employee) (Ex. BB.) David Manning remains a current employee of Defendants and faces an even more tangible risk of retaliation for serving as a Class Representative against his current employer. (Swartz Decl. ¶ 41.)

### D. The Class Representatives are Providing a Broader Release of Claims

Under the terms of the Joint Stipulation of Settlement and Release, the Class Members covered by the settlement will release only those claims arising from the claims contained in the Third Amended Complaint filed in this action. (Ex. G at ¶¶ 13–14). In contrast, the Class Representatives are providing a broader, general release of their claims. Further, in the case of Hughes and Gosier, they are also agreeing to a waiver of re-employment with Defendants for a substantial period. None of the class members is forgoing these rights. Therefore, in addition to having invested more in the prosecution of this case, the Class Representatives are giving up more to bring this case to conclusion. The broader release of claims provided by the Class Representatives therefore also supports the service awards.

## IV. CONCLUSION

For the reasons set forth above, Class Counsel respectfully request that the Court grant service awards for Class Representative Kevin Hughes in the amount of $7,500.00, and payment to Class Representatives Diane Gosier and David Manning in the amount of $3,000 each, in recognition of the services that they rendered on behalf of the class.

Dated: February 1, 2010
New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

  /s/ Justin M. Swartz
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (admitted *pro hac vice*)
Michael K. Burke (admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: 713-877-8788

**Attorneys for Plaintiffs and the Class**