IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN HUGHES, DIANE GOSIER, and DAVID MANNING, on behalf of themselves and all others similarly situated,<br><br>         **Plaintiffs,**<br>  -against-<br><br>GETRONICS WANG LLC; GETRONICS USA, INC.; and GETRONICS FLEXIBLE SOLUTIONS, LLC;<br><br>         **Defendants.** | 07-CV-10356 (LAK) (THK) |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES AND UNOPPOSED MOTION FOR SERVICE
AWARDS**

I, Justin M. Swartz, declare as follows:

  1.  I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiffs' counsel herein, and co-chair of its Class Action Practice Group. O&G is a 30+ attorney firm based in New York City that represents plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations. We, along with co-counsel Bruckner Burch, PLLC, serve as Class Counsel in this matter.

  2.  I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims on behalf of the class against Defendants.

  3.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Time Spent on the Litigation**

  4.  O&G and Bruckner Burch have significant experience prosecuting large scale

wage and hour class and collective actions such as this. Class Counsel's experienced representation in this case was directly responsible for bringing about the positive settlement and weighs in favor of granting the requested fees.

5. As of February 1, 2010, O&G spent more than 2,300 hours litigating and settling this cases, which includes more than 760 attorney hours, 90 law clerk hours, and 1,148 paralegal and administrative hours. Attached as **Exhibit A** is a summary of all of the time spent by each attorney, law clerk, and paralegal.

6. As of July 1, 2009, Bruckner Burch spent more than 390 hours litigating and settling this case, which includes more than 370 attorney and 20 paralegal hours. Attached as **Exhibit B** is a summary of all of the time spent by each attorney and paralegal; *see also* Declaration of Richard J. (Rex) Burch ("Burch Decl.") Exhibit 1.

7. The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Attached as **Exhibit C** are O&G's contemporaneous time records for this case. Attached as **Exhibit 1** to the Burch Decl. are Bruckner Burch's contemporaneous time records for this case.

8. Although O&G is relatively large for a plaintiffs' side employment law firm, a small team of attorneys and staff were utilized at any one time in order to minimize duplication of efforts and maximize billing judgment. We communicated regularly with Bruckner Burch to ensure that there was not unnecessary time incurred, nor duplication of effort. We also made every effort to have work performed by the attorney or paralegal with the lowest hourly rate who was able to effectively perform it.

9. As of February 1, 2010, Class Counsel's total lodestar on the case was $1,073,086.50. Attached as **Exhibit D** is a summary of total fees.

10. Class Counsel's request for $1,233,333 is approximately 1.15 times lodestar, well within the range of what courts have awarded in similar cases. Courts routinely award lawyers 2-3 times lodestar in class action settlements.

11. The requested attorneys' fees are not based solely on time and effort already expended; they are also meant to compensate Class Counsel for time Class Counsel will be required to spend administering the settlement in the future. In our experience, administering class settlements of this nature and size requires a substantial and ongoing commitment. For example, many Class Members have had questions regarding the settlement.

12. Class Counsel will not file a supplemental fee application notwithstanding their commitment to see this settlement through to the end.

13. O&G also incurred $30,370.16 in out-of-pocket costs prosecuting this case, which were incidental and necessary to the representation of the Class, and include costs for depositions, mediations, telephone charges, postage, transportation, photocopies, electronic research, and more. Attached as **Exhibit E** is a summary of all of O&G's costs. Bruckner Burch incurred $3,796.70 in out-of-pocket costs prosecuting this case. (Burch Decl. ¶ 14, Exhibit 2.)

14. Class Counsel requests $34,167 for costs from the Settlement Fund. Attached as **Exhibit F** is a summary of total costs.

**Risks of Litigation**

15. O&G and Bruckner Burch undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Large-scale wage and hour cases of this type are, by their very nature,

complicated and time-consuming. Lawyers undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources. Due also to the contingent nature of the customary fee arrangement, lawyers are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. Class Counsel stood to gain nothing in the event the case was unsuccessful.

16. The standard for contingency fee arrangements between other New York City firms and their clients in employment cases, including wage and hour cases is at least one third of their gross recoveries. *See* Declaration of Mariann Meier Wang ¶¶ 7-8.

17. To date, Class Counsel have worked without compensation of any kind, and the fee has been wholly contingent upon the result achieved.

18. The absence of accurate time records not only contributed to the complexity of this case, but also presented a significant challenge to proving that Plaintiffs and class members worked overtime. In addition, if the case went to trial, Plaintiffs would have to disprove Defendants' arguments that class members were exempt from overtime because they are employees employed in positions that are exempt based on their job duties. To ultimately win liability, Plaintiffs would have to show that class members do not fit the job duties test for potentially four exempted categories, including (1) Administrative; (2) Computer Professional; (3) Executive; and (4) Professional. Such claims can and would be disputed by Defendants' witnesses, giving rise to credibility issues and significant risk at trial.

**History of Discovery and Litigation**

19. Before and during the formal litigation of this action, our team of attorneys and paralegals at O&G and Bruckner Burch conducted a thorough investigation into the merits of the

potential claims and defenses. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they are entitled, and the propriety of class certification.

20. Class Counsel interviewed class members to determine the hours that they worked, the wages they were paid, their work duties, and other information relevant to their claims and obtaining supportive declarations from fifteen class members.

21. Plaintiffs prepared and filed a memorandum of law in opposition to Defendants' motion to dismiss, and prepared a motion for conditional certification and class notification pursuant to 29 U.S.C. § 216(b). The Court denied Defendants' Motion to Dismiss. The parties entered into settlement discussion prior to the filing of Plaintiffs' Rule 216(b) motion.

22. The parties took several depositions. Plaintiffs defended the deposition of Named Plaintiff Kevin Hughes.

23. On June 13, 2008, we deposed Stephanie Fields, a Human Resources manager, regarding Defendants' policies and practices regarding compensating workers, workers' job duties, payroll practices, work schedules, and other issues.

24. We took a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). On November 18, 2008, we deposed Wayne Ogg regarding Defendants' policies and practices regarding compensating workers, workers' job duties, and other topics related to the claims and defenses in this matter.

25. We also engaged in substantial document production and review.

26. We obtained, reviewed, and analyzed hundreds of pages of hard-copy documents and electronically stored data including, but not limited to but not limited to, Defendants' personnel records, employee handbooks, client contracts, training manuals, payroll data, time

records, job descriptions and wage and hour policies.

27. The parties engaged in numerous discovery disputes which required court intervention. While Plaintiffs requested class-wide discovery, Getronics responded with documents only pertaining to Named Plaintiff Kevin Hughes. Accordingly, on ten separate occasions, Plaintiffs were forced to make written requests in the form of written letters for discovery rulings from the Court.

28. In addition to the Named Plaintiffs, 6 individuals joined this case as "opt-in" plaintiffs under the Fair Labor Standards Act ("FLSA").

29. Over the course of the litigation, we amended the Class Action Complaint three times. As a result of the filing of this case, Defendants no longer classify a large segment of the putative class in this case (workers in TSS II and TSS III positions) as exempt and now pay them overtime wages.

**Settlement Negotiations**

30. The parties agreed to attempt to resolve this matter though non-binding private mediation and hired Ruth Raisfeld, an experienced mediator in employment law.

31. The parties attended a two day, twenty-five hour mediation on February 24 and 25, 2009, through which they reached a settlement and signed a Memorandum of Understanding.

32. After several months of continued negotiation, on September 30, 2009, the parties formalized the settlement in a Joint Stipulation of Settlement and Release ("Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit G**.

**Preliminary and Final Approval Motions**

33. On October 13, 2009, Plaintiffs filed their Motion for Preliminary Approval of Settlement in which they requested, among other relief, that the Court grant preliminary approval of the Settlement Agreement.

34. On October 21, 2009, the Court granted Plaintiffs' Motion for Preliminary Approval.

35. Class Counsel filed a Motion for Final Approval of the Settlement on February 1, 2010.

**Settlement Claims Administration**

36. Pursuant to the Settlement Agreement, the parties retained Settlement Services Inc. of Tallahassee, Florida, to serve as the Claims Administrator ("Claims Administrator"). Settlement Services Inc. has significant experience administering class action settlements, including settlements of wage and hour class and collective actions.

**Notice and Class Member Response**

37. There are approximately 567 Class Members.

38. Attached hereto as **Exhibit H** is a true and correct copy of the Official Court Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), and attached hereto as **Exhibit I** is the Declaration of Loree Kovach Re: Settlement Administration, dated Feb. 1, 2010 ("Kovach Decl.").

39. On November 23, 2009, the Claims Administrator mailed the Notice to a list of 567 Class Members provided by Defendants. (Kovach Decl. ¶ 6). After Notice issued, Class Counsel responded to many calls from class members with questions about the set.

40. No Class Member has objected to the attorneys' fee award. The one objection filed in this case regarded a class member who wished to remain in the settlement, but asked the Court to consider partial work weeks in the allocation formula. (Kovach Decl. Ex. B.)

**Work of Class Representatives**

41. Two of the Class Representatives, Kevin Hughes and Diane Gosier, are former Technical Support Specialists ("TSS Workers") who remained in the IT industry after leaving the employ of Defendants. Class Representative David Manning is a current employee of Defendants who provided invaluable real-time information about Defendants pay practices.

42. Prior to the filing of the Complaint, Class Representative Kevin Hughes assisted Class Counsel's investigation of the claims by providing detailed factual information regarding the overtime work class members performed as employees of Defendants, explaining Defendants' policies, informing other putative class members of the potential lawsuit, and setting up meetings between Class Counsel and putative plaintiffs.

43. Class Representative Hughes also contributed to the prosecution of this class action by preparing and being deposed by Defendants' counsel.

44. Although not formally added to the Complaint as Named Plaintiffs on behalf of putative class members in California until May 6, 2009, Class Representatives Gosier and Manning regularly communicated with Class Counsel during the litigation, providing important first-hand knowledge of the overtime work that Defendants required of them and putative class members in order to fulfill their work duties.

45. All Class Representatives regularly communicated with Class Counsel during the Litigation, providing important first-hand knowledge of the overtime work that Defendants required of them and putative class members in order to fulfill their work duties.

46. The Class Representatives also provided information regarding the uniformity of Defendants' policies.

47. Class Representative Manning provided valuable, current information about Defendants pay practices despite the risk of retaliation he faced as a current employee of Defendants.

48. In addition, the Class Representatives informed other putative plaintiffs in their respective states of the lawsuit and encouraged them to join it.

49. The Class Representatives also assisted Class Counsel prepare for the two-day mediation session that took place in February 2009, and culminated in this settlement. They responded to fact-intensive questions regarding their work duties, provided estimates of the overtime hours they worked, and supplied Class Counsel with information that debunked Defendants' factual arguments.

50. No Class Member has objected to the service awards. The one objection filed in this case regarded a class member who wished to remain in the settlement, but asked the Court to consider partial work weeks in the allocation formula. (Kovach Decl. Ex. B.)

**Unreported Cases Not Available on WESTLAW**

1. Attached hereto are true and correct copies of the following unreported cases which are not available on WESTLAW:

    a. *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811**,** 2010 U.S. Dist. LEXIS 1445, at \*17 (S.D.N.Y. Jan. 4, 2010) **as Exhibit J.**

    b. *Khait v. Whirlpool Corp.*, No. 06 Civ. 6831, 2010 U.S. Dist. LEXIS 4067, at \*22 (E.D.N.Y. Jan. 20, 2010) as **Exhibit K**.

    c. *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at \*11-12 (S.D.N.Y. May 28, 2009) as **Exhibit L**.

d. *Mohney v. Shelly's Prime Steak*, 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *16-17 (S.D.N.Y. Mar. 31, 2009) as **Exhibit M**.

e. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 Civ. 5575, 2006 U.S. Dist. LEXIS 78101, at *24 (S.D.N.Y. Sept. 28, 2006) as **Exhibit N**.

f. *Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at *24 (S.D.N.Y. June 22, 2007) as **Exhibit O.**

g. *Banyai v. Mazur*, No. 00 Civ. 9806, 2007 U.S. Dist. LEXIS 25272, at *11 (S.D.N.Y. Mar. 30, 2007) as **Exhibit P.**

h. *Clark v. Ecolab,* No. 07 Civ. 8623, 2009 U.S. Dist. LEXIS 108736, at *20 (S.D.N.Y. Nov. 17, 2009) as **Exhibit Q**.

i. *Westerfield v. Washington Mut. Bank,* No. 06 Civ. 2817, No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 94544, at * 12-13 (E.D.N.Y. Oct. 2, 2009) as **Exhibit R**.

j. *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, No. 04 Civ. 2295, 2009 U.S. Dist. LEXIS 77489, at *8 (S.D.N.Y. July 24, 2009) as **Exhibit S**.

k. *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *49 (S.D.N.Y. Sept. 29, 2006) as **Exhibit T**.

l. *Bricker v. Planet Hollywood New York, L.P.*, No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613, at *3 (S.D.N.Y. Aug. 13, 2009) as **Exhibit U**.

m. *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689, 2003 U.S. Dist. LEXIS 17090, at *20 (S.D.N.Y. Sept. 26, 2003) as **Exhibit V**.

n. *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *15 (S.D.N.Y. Mar. 24, 2008) as **Exhibit W**.

o. *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 U.S. Dist. LEXIS 85955, at *8-9 (S.D.N.Y. Sept. 10, 2009) as **Exhibit X**.

p. *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, at *9 (W.D.N.Y. June 28, 2008) as **Exhibit Y**.

q. *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262, 2002 U.S Dist. LEXIS 22663, at *78-81 (S.D.N.Y. Nov. 26, 2002) as **Exhibit Z**.

r. *In re RJR Nabisco, Inc. Sec. Litig.*, No. 88 Civ. 7905, 1992 U.S. Dist. LEXIS 12702, at *19-22 (S.D.N.Y. Aug. 24, 1992) as **Exhibit AA**.

s. *West v. Circle K Stores Inc.,* No. Civ. S-04-0438 (WBS GGH), 2006 U.S. Dist. LEXIS 76558, at *26–28 (E.D. Cal. Oct. 20, 2006) as **Exhibit BB**.

t. *Glass v. UBS Fin. Servs.*, No. Civ. C-06-4068 (MMC), 2007 U.S. Dist. LEXIS 8476, at *50–52 (N.D. Cal. Jan. 26, 2007) as **Exhibit CC**.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 1st day of February, 2010.
New York, New York

/s/ Justin M. Swartz
Justin M. Swartz (JS 7989)

**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000